**CLARICK GUERON REISBAUM**

**Ellen Blain**
eblain@cgr-law.com
Direct: 212.633.4310

**VIA ECF**                                                                 December 1, 2025

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Maurene Comey v. United States Department of Justice, et al.,* 25-cv-7625 (JMF)

Dear Judge Furman:

      We write jointly and respectfully pursuant to the Court's orders directing the Parties to submit a joint letter ahead of the initial pretrial conference on December 4, 2025. (Dkts. 20, 27.)

    **1. Statement Indicating Whether Parties Can Do Without a Conference**

      The Parties agree that the initial pretrial conference is needed to (1) set a briefing schedule on Defendants' anticipated motion to dismiss, and (2) address Defendants' request for a stay of discovery pending resolution of Defendants' anticipated motion to dismiss.

    **2. Brief Statement of the Nature of the Action and Defenses Thereto**

      <u>Plaintiff's Statement</u>: Maurene Comey, who served for a decade as an exemplary Assistant United States Attorney for the Southern District of New York, was abruptly and wrongfully terminated on July 16, 2025. The Director of the Executive Office for United States Attorneys effectuated her termination by email, in a memorandum stating that Ms. Comey was fired "Pursuant to Article II of the United States Constitution and the laws of the United States." Dkt. 1-1. A subsequent Notification of Personnel Action described the legal authority for her termination as "Art II Constitution." Dkt. 1-2. The government provided no explanation for her termination, and did not reveal who made the decision. The termination was unlawful: Ms. Comey was fired solely or substantially because her father is former FBI Director James B. Comey, or because of her perceived political affiliation and beliefs, or both. Therefore, her termination from the civil service—without cause, advance notice, or any opportunity to contest it—violated the Administrative Procedure Act, the Declaratory Judgment Act, the First and Fifth Amendments to the United States Constitution, and the Civil Service Reform Act. It also violated the Constitution's fundamental Separation of Powers and bedrock principles of our democracy and justice system. The Executive cannot use Article II to dismiss civil servants for their perceived disloyalty or political affiliation in violation of laws passed by Congress pursuant to Article I to protect civil servants from patronage dismissals, nor can the Executive use Article II to override the protections of the Bill of Rights. Perceived disloyalty to the President is not a lawful basis for dismissal of a line-level Assistant United States Attorney—this unprecedented Executive overreach has no support in the history or laws of the United States. Moreover, the

Honorable Jesse M. Furman
December 1, 2025
Page 2 of 6

President has purposefully and improperly destroyed the independence of the MSPB, as discussed below. Therefore, the MSPB has neither the expertise nor the requisite independence from the President to adjudicate this case as Congress intended.

Defendants' Statement: Plaintiff's contention that her termination was unlawful is not properly before this Court. A non-probationary Federal employees such as Ms. Comey who alleges a prohibited personnel practice must first bring her claim to the Merit Systems Protection Board (MSPB). Ms. Comey already invoked that process here: on August 14, 2025, she filed a 31-page Notice of Appeal with the MSPB that is substantially identical to the complaint she later filed in this Court. The MSPB is neither unavailable to Ms. Comey nor is it futile, as her complaint alleges. A quorum has been restored to the MSPB since the filing of Ms. Comey's complaint (and the absence of a quorum does not excuse the statutory exhaustion requirement or confer jurisdiction on this Court).[1] The MSPB is the appropriate forum to determine whether, as Ms. Comey claims, her removal was a prohibited personnel action or an arbitrary and capricious agency action. To the extent the circumstances of her removal may raise constitutional questions, that does not confer the right to proceed directly to district court; rather, the MSPB may certify constitutional questions to the United States Court of Appeals for the Federal Circuit.

### 3. Brief Statement of Why Jurisdiction and Venue Lie in this Court

Plaintiff's Statement: The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the Constitution and laws of the United States. Venue is also appropriate in this judicial district under 28 U.S.C. § 1391(b)(2) and 5 U.S.C. § 703. Defendants' arguments to the contrary are unavailing for several reasons, including but not limited to the following, as Plaintiff will elaborate in her opposition brief.

*First*, the MSPB lacks expertise to adjudicate this novel dispute: whether, as the government will likely argue, Article II of the Constitution overrides a federal employee's rights under the Civil Service Reform Act ("CSRA") and the Bill of Rights. *See, e.g., Jackler v. DOJ*, MSPB DA-0752-25-0330-I-1, DOJ submission, *available at*: https://washingtonlitigationgroup.org/wp-content/uploads/2025/09/Jackler-Motion.pdf. Because this case raises foundational constitutional questions with respect to the separation of powers, the MSPB is not the appropriate forum for this dispute. *See Axon Enterprise Inc. v. Federal Trade Commission*, 598 U.S. 175, 195-96 (2023) (district court retains jurisdiction over "collateral" claims "outside the [agency's] sphere of expertise"); *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 212, 214-215 (1994) (claims not of type Congress intended to be reviewed within statutory structure if "wholly collateral" to statute's review provisions and "agency expertise" not "brought to bear on the statutory questions presented") (cleaned up). Indeed, the MSPB itself has repeatedly concluded that it lacks authority to adjudicate such sweeping constitutional questions, *see Malone v. DOJ*, 14 M.S.P.R. 403, 406 (1983), and until two months ago, so did the government, as discussed below, *see* Dkt. 1 ¶ 84.

---

[1] In light of the restoration of a quorum, the government proposed that Plaintiff voluntarily dismiss this action without prejudice while she pursues her MSPB appeal, but Plaintiff rejected that proposal.

Honorable Jesse M. Furman
December 1, 2025
Page 3 of 6

*Second*, the Supreme Court decisions that outline the MSPB's jurisdiction presumed an MSPB that functioned independently of the President, which is no longer true. The "CSRA's adjudicatory scheme was predicated on the existence of a functioning and independent MSPB," *See Nat'l Ass'n of Immigr. Judges v. Owen*, 139 F.4th 293, 304 (4th Cir. 2025) (rejecting channeling to MSPB because "Congress enacted the CSRA on the bedrock principle that the members of the MSPB and the Special Counsel would be protected from removal on political grounds, providing them independence from the President"). However, the President has pronounced that independent agencies must follow his interpretation of the law. *See* Exec. Order 14215 (Feb. 18, 2025) §§ 1, 2(b), 5, 7 (directing that the President and the Attorney General "shall provide authoritative interpretations of law for the executive branch," and their "opinions on questions of law are controlling on all employees"—including on "so-called independent agencies"; "No employee of the executive branch... may advance an interpretation of the law... that contravenes the President or the Attorney General's opinion on a matter of law").[2] Further, the President terminated the sole Democratic member of the MSPB Board and insists he has the unlimited right to do so, and the Department of Justice recently and suddenly reversed its position and now insists that the MSPB *must* review constitutional issues, *compare* Department of Justice, Office of Legal Counsel, Slip Opinion, 49 Op. O.L.C. __ (Sept. 26, 2025), to*, e.g.,* Dkt. 1 ¶ 84 (alleging that the government argued, before September 15, 2025, that MSPB has no jurisdiction over a challenge to an Article II removal). The OLC's reversal came immediately after an MSPB administrative judge declined to rule on the constitutionality of Article II removals; that issue is now on appeal to the very Board that the President has ordered must adhere to his interpretation of law. This is a thorough evisceration of the MSPB's independence. As a matter of due process and constitutional principle, the President's decision to remove a career civil servant without cause, in violation of Congress's explicit prohibition, cannot fairly be adjudicated by an agency that is subservient to that same President.

*Third*, any MSPB proceeding would be futile. On November 25, 2025, an MSPB administrative judge notified Ms. Comey that the MSPB intends to dismiss her appeal without prejudice, while awaiting a ruling from the Board (now beholden to the President) about whether the President's Article II power overrides the CSRA. Today, the government consented to that dismissal. To the best of our knowledge, Ms. Comey is not alone. Since November 17, 2025, MSPB administrative judges have dismissed without prejudice multiple MSPB appeals of "Article II" firings, and the government has acquiesced in each case. *See, e.g.,* Law360, "Ex-US Trustee Director's Firing Appeal Tossed, For Now," November 21, 2025 (citing *Tara Twomey v. DOJ,* MSPB DC-0752-25-1950-I-1). This procedure is Kafkaesque: the Executive Branch maintains it can fire Ms. Comey without the due process afforded by the CSRA, yet insists that she submit adjudication of that question to the body *created* by the CSRA, all while advocating for the premature termination of the CSRA process. Meanwhile, the Executive Branch contends it can dictate the outcome of her appeal (should it eventually proceed) by controlling the "authoritative interpretations of the law" and removing any decisionmaker who dares to disagree. This scheme has been transformed into a dead end that provides no due process. *See Carr v.*

---

[2] The Court "may take judicial notice of 'documents retrieved from official government websites'" or "other 'relevant matters of public record.'" *Office Solution Group, LLC v. National Fire Insurance Company of Hartford*, 544 F. Supp. 3d 405, 412 (S.D.N.Y. 2021) (citations omitted).

*Saul*, 593 U.S. 83, 93 (2021) ("It makes little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested."). It is not what Congress intended. *See Axon Enterprise*, 598 U.S. at 191 (plaintiffs need not submit to administrative process where they would face "an illegitmate proceeding, led by an illegitmate decisionmaker," because "being subjected to such an illegitmate proceeding causes legal injury" that "cannot be undone"); *Thunder Basin*, 510 U.S. at 212 (Congress did not intend to preclude district court jurisdiction where statutory scheme "forecloses all meaningful judicial review").

<u>Defendants' Statement</u>: Defendant maintains that this Court lacks subject matter jurisdiction for all the reasons set forth in parapraph 2, above. The government will fully address the above arguments raised by Plaintiff above (which were first shared with counsel for the government at 4:08p.m. this afternoon) in its motion, which is due on December 15, 2025. In brief, however, whether Congress has stripped district courts of jurisdiction is a *legal* question, not a factual one. None of the factual developments that Plaintiffs recite can imbue district courts with jurisdictional authority that, as a matter of law, they do not have. And again, the government does not contend that Plaintiff will never have a remedy before an Article III court, but rather that this Court is not the appropriate court to hear those claims. If the MSPB does not afford Plaintiff the relief that she seeks, she (and other similarly situated former federal employees) may appeal to the Federal Circuit.

4. **Brief Statement of any Existing Deadlines, Due Dates, and Pending Motions**

<u>Joint Statement</u>: The only current deadline is that Defendants must file their answer or motion to dismiss by December 15, 2025. Defendants are seeking a stay of discovery pending resolution of their anticipated motion to dismiss. The Parties' respective positions with respect to that request are below. In light of their jurisdictional arguments and request for a stay of discovery, Defendants are not amenable to agreeing to any proposed case management plan at this time. Therefore, Plaintiff unilaterally submits the attached proposed case management plan, which Plaintiff proposes should be adopted in the event that the Court denies Defendants' request for a stay.

<u>Defendants' Statement Regarding their Request for a Stay</u>: Defendant challenges the subject matter jurisdiction of this Court for all the reasons set forth in paragraph 2, above. It woud be inappriate for discovery to proceed if this Court lacks jurisdiction. The Court should stay all discovery until the jurisdictional issues have been fully briefed and determined. Moreover, Ms. Comey is entitled to the same discovery in her pending MSPB appeal that she would have in this Court.

<u>Plaintiff's Statement Regarding Defendants' Request for a Stay</u>: Plaintiff opposes a stay because Defendants cannot show good cause. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (discovery should not be routinely stayed; courts should consider breadth of discovery sought, burden of responding to it, prejudice to party opposing stay, and strength of pending motion). Here, all factors weigh in favor of proceeding with targeted discovery. *First*, initial discovery can be narrowly tailored, if necessary, to critical questions relating to the circumstances of Ms. Comey's termination, including who made the

decision and on what basis. *Second*, delay prejudices Plaintiff because (a) it further defers remedying the harms she has suffered, including to her professional reputation; and (b) she requires discovery to fully rebut the government's motion to dismiss for lack of subject matter jurisdiction. For example, if the President terminated Ms. Comey, then the question before the Court is whether the President's Article II powers supersede Congress's Article I powers and the Bill of Rights. On the other hand, if, as the White House claims (Dkt. 1 ¶ 51), someone within the Department of Justice terminated Ms. Comey, then the Court must decide the additional question of the extent to which the President can delegate his alleged Article II power to supersede Article I. Neither inquiry belongs before the MSPB (as explained above), but discovery is necessary to rebut the Government's motion under the appropriate legal theory. Conversely, proceeding with discovery does not prejudice the government, since—as the government acknowledges—"Ms. Comey is entitled to the same discovery" before the MSPB. *See, e.g., Keller v. About, Inc.*, 21 Civ. 228 (JMF) (Dkt. Nos. 20, 21) (denying request to stay discovery because defendant "is seeking to delay disclosures that will occur no matter the forum in which this matter proceeds"). *Finally*, Defendants' motion to dismiss is not yet even briefed, nor could it be strong enough to justify a stay. *See, e.g., Morgan Art Foundation Limited v. McKenzie,* 2020 WL 6135113, at *3 (S.D.N.Y. Oct. 18, 2020) (denying stay where novel issues were raised in motion to dismiss and motion was not yet fully briefed).

## 5. Brief Description of Status of Discovery and Whether Necessary for Settlement

The Parties have not engaged in discovery. The Parties do not believe that discovery would help them engage in meaningful settlement negotiations at this stage of the case.

## 6. Statement Confirming that Parties Have Discussed Use of ADR Mechanisms

The Parties have discussed the use of alternative dispute resolution mechanisms and do not believe that any such mechanisms would be useful at this time.

## 7. Other Information that Would Assist the Court, Including, But Not Limited to, A Description of Any Dispositive Issue or Novel Issue Raised by the Case

Plaintiff's Position: This case presents novel and dispositive issues. Ms. Comey was terminated without cause, by an unnamed Executive branch decision-maker, under purported "Article II" authority. This is an unprecedented assertion of Executive authority. While there are cases that discuss a President's authority under Article II to remove Principal Officers and Inferior Officers, we are unaware of any decision that discusses (let alone approves of) a President's use of Article II authority to remove without cause a non-officer civil service employee such as a line-level Assistant United States Attorney, in direct violation of the CSRA and the Bill of Rights. Relatedly, we are unaware of any case that addresses whether and to what extent the President may delegate any such purported Article II authority to his subordinates within the Executive branch. Plaintiff's termination presents fundamental separation of powers and constitutional questions. Finally, the government's (brand new) argument below that "constitutional questions about the scope of Article II authority [] must be determined by the []

Honorable Jesse M. Furman
December 1, 2025
Page 6 of 6

Federal Circuit," undermines Defendants' claim that such a fundamental separation of powers question belongs in the MSPB.

<u>Defendants' Position</u>:  A federal employee's claims that removal from federal service was arbitrary and capricious or conducted in a manner that did not provide the process to which they contend they were due is not not a novel issue.  Claims of this nature are routinely determined by the MSBP.  To the extent Ms. Comey's claims raise constitutional questions about the scope of Article II authority, those questions must be determined by the Court of Appeals for the Federal Circuit, after she has exhausted her appeal to the MSPB.

We thank the Court for its attention to these matters.

Respectfully submitted,

/s/      <u>Ellen Blain</u>
Nicole Gueron
Ellen Blain
Deepa Vanamali

Margaret Donovan

*Counsel for Plaintiff Maurene Comey*


JOHN A. SARCONE III
Acting United States Attorney
Northern District of New York

By:        /s/  <u>Karen Folster Lesperance</u>
             Karen Folster Lesperance
             Chief, Civil Division

             *Counsel for Defendants*
             *Acting Under Authority Conferred by 28*
             *U.S.C. § 515*