UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURENE COMEY,

Plaintiff,

-v-

UNITED STATES DEPARTMENT OF JUSTICE, et al.,

Defendants.

25-CV-7625 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

In a conference held on the record yesterday, the Court tentatively ruled that discovery would be stayed pending a ruling on Defendants' anticipated motion to dismiss for lack of subject-matter jurisdiction. The Court, however, agreed to review the cases cited by Plaintiff during argument on the issue. Upon review of those cases, the Court adheres to its ruling.

It is axiomatic that "federal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky,* 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). It follows that the "first and fundamental question" a federal court must answer is whether it has subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks omitted); *see id.* (reiterating that "jurisdiction [must] be established as a threshold matter"). Indeed, the Supreme Court has long stressed that, "'[w]ithout jurisdiction the court *cannot proceed at all* in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* (emphasis added) (quoting *Ex parte McCardle,* 7 Wall. 506, 514 (1868)); *see also, e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010)

("Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." (cleaned up)).

In light of that, the Court concludes that it would be inappropriate to authorize discovery — let alone adjudicate the thorny disputes (over matters such as executive privilege) that would likely arise in the event that discovery is authorized — until the Court confirms that it has subject-matter jurisdiction, except if such discovery is relevant to the jurisdictional question itself. *See, e.g.*, *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery."); *cf. In re United States*, 583 U.S. 29, 31-32 (2017) (holding that the district court should have stayed an order directing the Government to complete the administrative record in a case under the Administrative Procedure Act and first resolved "the Government's threshold argument[]" that an act of Congress "deprive[d] the District Court of jurisdiction").

Far from undermining this conclusion, the cases cited by Plaintiff support it. In three of these cases, the Court denied a motion to stay because the discovery at issue was relevant either to the jurisdictional question itself, *see Mercer v. Jericho Hotels, LLC*, No. 19-CV-5604 (VSB), 2019 WL 6117317, at *3 (S.D.N.Y. Nov. 18, 2019); *Lithgow v. Edelmann*, 247 F.R.D. 61, 63 (D. Conn. 2007), or to other claims over which the court indisputably had jurisdiction, *see Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (AT) (BCM), 2020 WL 6135113, at *2 (S.D.N.Y. Oct. 18, 2020). In the fourth, the Second Circuit affirmed the district court's denial of further discovery on jurisdiction and explicitly encouraged district courts confronted with motions to dismiss that might turn on factual issues to use one of the procedures that the Court here proposed yesterday: Allowing a plaintiff who opposes a motion to dismiss for lack of jurisdiction to file a declaration akin to a Rule 56(d) affidavit "describing: (1) what facts are sought and how

they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004); *see* Fed. R. Civ. P. 56(d) ("If a [summary judgment] nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.")..[1]

Accordingly, unless and until the Court orders otherwise, discovery is stayed pending a ruling on Defendants' anticipated motion to dismiss (which is to be filed by **December 15, 2025**, with opposition due by **January 15, 2026**, and reply due by **January 23, 2026**). If, upon review of Defendants' motion, Plaintiff concludes that she needs discovery to respond to the motion, she may either (1) file a letter-motion not to exceed five pages identifying the discovery she needs with specificity and explaining why she needs it, in which case Defendants shall respond, by letter not to exceed five pages, within one week; or (2) file with her opposition an affidavit akin to a Rule 56(d) declaration describing (a) what facts are sought and how they are to be obtained; (b) how these facts are reasonably expected to raise a genuine issue of material fact; (c) what efforts she has made to obtain them; and (d) why the affiant's efforts were unsuccessful, in which case Defendants should respond in their reply. *See Gualandi*, 385 F.3d at 244 (observing that "courts generally require plaintiffs be given an opportunity to conduct discovery" on disputed facts that are needed to prove jurisdiction, "at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party").

---

[1] *Gualandi* cites Rule 56(f) because "[t]he subsection now known as Rule 56(d) was numbered as Rule 56(f) until the 2010 Amendments" to Rule 56. *Elliott v. Cartagena*, 84 F.4th 481, 488 n.7 (2d Cir. 2023) (citing Fed. R. Civ. P. 56(d) 2010 advisory committee's note).

Before closing, two points warrant emphasis. *First*, the Court reserves judgment on the question of whether it has subject-matter jurisdiction. For present purposes, it suffices to say only that Defendants raise a substantial argument that this Court lacks subject-matter jurisdiction, a proposition that Plaintiff does not really dispute. In the parties' joint letter, *see* ECF No. 29, at 2-4, and at the conference held yesterday, Plaintiff previewed substantial arguments for why this Court does have subject-matter jurisdiction. Those arguments may or may not have merit, but they are issues for another day. *Second*, Plaintiff raises serious claims and is entitled to her day in federal court. Indeed, Defendants wisely do not suggest otherwise. The threshold question is merely whether this Court is the proper forum or whether Plaintiff is required by acts of Congress to pursue relief first in the Merit Systems Protection Board followed by judicial review in the Court of Appeals for the Federal Circuit.

SO ORDERED.

Dated: December 5, 2025
New York, New York

JESSE M. FURMAN
United States District Judge