# Exhibit 1

OMB No. 3124-0017, Exp. 09/30/2026



## MERIT SYSTEMS PROTECTION BOARD
## APPEAL FORM (MSPB FORM 185)

## INSTRUCTIONS FOR COMPLETING YOUR APPEAL

### MSPB's Authority to Review Employment Related Actions or Decisions

The legal authority (jurisdiction) of the U.S. Merit Systems Protection Board (MSPB or the Board) to review employment-related actions or decisions is limited to those matters specifically entrusted to it by law, rule, or regulation. A listing of matters over which MSPB has jurisdiction can be found in MSPB's regulations at 5 C.F.R. § 1201.3. The administrative judge assigned to your case will determine whether MSPB has jurisdiction over the particular circumstances of your appeal.

More information about the adjudication of appeals before MSPB, including its regulations, may be found at MSPB's website: www.mspb.gov. MSPB's regulations are also published in the Code of Federal Regulations, 5 C.F.R. part 1200 et seq., available in many libraries.

### Time Limits for Filing an Appeal

Please review MSPB's regulations and other relevant authority for the time limits applicable to the type of appeal you are filing. Generally, you must file your appeal within 30 calendar days of the effective date, if any, of the action or decision you are appealing, or the date you received the agency's decision, whichever is later. (Please note that Individual Right of Action (IRA), Uniformed Services Employment and Reemployment Rights Act (USERRA), and Veterans Employment Opportunities Act (VEOA) appeals **have different time limits**, as described in Appendix A.) In limited circumstances, the 30-day filing time limit may be extended if you and the agency mutually agree in writing to try to resolve your dispute through an alternative dispute resolution process before you file an appeal. *See* 5 C.F.R. § 1201.22(b)-(c). The 30-day time limit may also be extended if you have previously filed a formal equal employment opportunity (EEO) complaint regarding the same matter, as described in Appendix A. The date of filing is the date your appeal is postmarked, the date of the facsimile (fax) transmission, the date it is delivered to a commercial overnight delivery service, the date of receipt in the regional or field office if you personally deliver it, or the date of submission if you file your appeal electronically. Do not delay filing your appeal merely because you do not currently have the documents requested in this form.

### Attachments

Please submit only the attachments requested in this form when filing your appeal. The filing of an appeal is just the beginning of the adjudication process, and you will have additional opportunities to submit evidence and argument before a decision is issued. Further, the agency will submit all the documents contained in its record of the action. 5 C.F.R. § 1201.25(c).

### Where to File an Appeal

You must file your appeal of the agency's action or decision with MSPB's regional or field office responsible for your actual or potential duty station. If you are appealing a retirement or suitability decision by the Office of Personnel Management, you must file your appeal with MSPB's regional or field office responsible for where you live. *See* 5 C.F.R. § 1201.4(d) and 1201.22(a). For a list of regional and field offices, and the geographic areas for which they are responsible, see Appendix B.

**Please visit MSPB's e-Appeal system — e-appeal.mspb.gov — to file your appeal electronically.** E-Appeal enables you to file pleadings electronically and provides electronic access to all case related documents filed by the agency and issued by MSPB.

OMB No. 3124-0017, Exp. 09/30/2026

## Privacy Act Statement

**AUTHORITY:** MSPB may hear appeals of Federal agency actions only when it has been authorized to do so by law, rule, or regulation.  5 U.S.C. § 7701(a); 5 U.S.C. § 1204.

**PRINCIPAL PURPOSE(S):** This information is being collected for the primary purposes of adjudicating the appeals and matters described above, rendering MSPB decisions in these matters, and enabling case parties to have access to MSPB's electronic filing system.  Additionally, some information about the appeal or case is used in depersonalized form for statistical purposes.

**ROUTINE USE(S):** The information on this form may be shared outside of MSPB as generally permitted under 5 U.S.C. § 552a(b) of the Privacy Act of 1974, as amended.  This includes sharing the information as necessary and authorized by routine uses published in MSPB/GOVT – 1 Appeals and Case Records, 77 Fed. Reg. 65206 (Oct. 25, 2012), and upon written request, by agreement, or as required by law.  MSPB decisions are available to the public under the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and are posted to MSPB's public website.  Other documents from individual appeal and case files may also be made available as required by FOIA.

**DISCLOSURE:** The disclosure of information on this form is voluntary; however, failure to provide the information requested may delay or prevent the proper docketing of a matter and/or, the adjudication of a matter, which could result in the dismissal or delay of your appeal or matter, and/or prevent access to MSPB's e-Appeal system.

## Paperwork Burden Disclosure Notice

Public reporting burden for this data collection is estimated to vary from 60 and 120 minutes, with an average of 90 minutes per response.  The burden estimate includes the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and submitting this form.  You are not required to respond to this collection of information unless a valid Office of Management and Budget (OMB) control number is displayed on this form.  Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to Office of the Clerk of the Board, Merit Systems Protection Board, 1615 M Street, NW, Washington, DC 20419; by fax to 202-653-7130; or by email to mspb@mspb.gov.

OMB No. 3124-0017, Exp. 09/30/2026

## PART 1 - Appellant and Agency Information

### Everyone must complete Part 1.

*Please type or print legibly.*

**1. Name** *(last, first, middle initial)*

Last: Comey    First: Maurene    M. Initial: R

Please list your first name as it appears in your official personnel records. For example, if your first name is "William" on your official personnel records, please list it that way on the appeal form, not "Bill" or "Willy."

**2. Present address** *(number and street, city, state, and ZIP code)*

**You must promptly notify the Board in writing of any change in your mailing address while your appeal is pending.**

Address:
C/O Clarick Gueron Reisbaum LLP
41 Madison Ave, Floor 23
New York, NY 10010
Counsel for Appellant

City: New York    State: New York    ZIP Code: 10010

**3. Telephone numbers** *(include area code)* and email address

**You must promptly notify the Board in writing of any change in your telephone number(s) or email address while your appeal is pending.**

Cell:            Home:            Work: 2126334310    Fax: 6464789484

Email Address: eblain@cgr-law.com

**4. Name and address of the agency that took the action or made the decision you are appealing** *(include bureau or division, street address, city, state and ZIP code)*

Agency Name: U.S. Department of Justice

Bureau: U.S. Attorney's Office for the Southern District of New York

Address: 950 Pennsylvania Avenue, NW    Phone Number:

City: Washington    State: D.C.    ZIP Code: 20530

**5. Your Federal employment status at the time of the action or decision you are appealing:**

[✓] Permanent   [ ] Temporary   [ ] Term
[ ] Seasonal    [ ] Applicant    [ ] Retired
[ ] None

**6. Type of appointment (if applicable):**

[ ] Competitive   [✓] Excepted
[ ] Postal Service  [ ] SES
[ ] Other *(describe)*:

**7. Your position, title, grade, and duty station at the time of the action or decision you are appealing (if applicable):**

Occupational Series or Cluster: AD    Position Title: Assistant U.S. Attorney

Grade or Pay Band: 0905    Duty Station: Southern District of New York

**8. Are you entitled to veteran's preference?** *See 5 U.S.C. § 2108.*

[ ] Yes   [✓] No

**9. Length of Federal service (if applicable):**

9 Years    8 Months

**10. Were you serving a probationary, trial, or initial service period at the time of the action or decision you are appealing?**

[ ] Yes   [✓] No

**11. HEARING:** You may have a right to a hearing before an administrative judge. If you elect not to have a hearing, the administrative judge will make a decision on the basis of the submissions of the parties.   Do you want a hearing?

[✓] Yes   [ ] No

OMB No. 3124-0017, Exp. 09/30/2026

## PART 2 - Agency Personnel Action or Decision (non-retirement)

**Complete this part if you are appealing a Federal agency personnel action or decision other than a decision directly addressing your retirement rights or benefits**. This includes certain actions that might not otherwise be appealable to the Board: individual right of action (IRA) appeals under the Whistleblower Protection Act (WPA); appeals under the Uniformed Services Employment and Reemployment Rights Act (USERRA); or appeals under the Veterans Employment Opportunities Act (VEOA). An explanation of these three types of appeals is provided in **Appendix A**.

12. Check the box that best describes the agency **personnel action or decision** you are appealing. (If you are appealing more than one action or decision, check each box that applies.)

☑ Removal (termination after completion of probationary or initial service period)

☐ Termination during probationary or initial service period

☐ Reduction in grade, pay, or band

☐ Suspension for more than 14 days

☐ Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement

☐ Negative suitability determination

☐ Involuntary resignation

☐ Involuntary retirement

☐ Denial of within-grade increase

☐ Furlough of 30 days or less

☐ Separation, demotion or furlough for more than 30 days by reduction in force (RIF)

☐ Other action (describe):

13. Date you received the agency's final decision letter (if any) *(MM/DD/YYYY)*:

07/16/2025

14. Effective date (if any) of the agency action or decision *(MM/DD/YYYY)*:

07/16/2025

15. Prior to filing this appeal, did you and the agency mutually agree in writing to try to resolve the matter through an alternative dispute resolution (ADR) process?

☐ Yes *(attach a copy of the agreement)*     ☑ No

16. Explain <u>briefly</u> why you think the agency was wrong in taking this action, including whether you believe the agency engaged in harmful procedural error, committed a prohibited personnel practice, or engaged in one of the other claims listed in **Appendix A**. **Attach the agency's proposal letter, decision letter, and SF-50, if available**. Attach additional sheets if necessary (bearing in mind that there will be later opportunities to supplement your filings).

Appellant Maurene Comey was unlawfully terminated without advance notice or cause in violation of her statutory and constitutional rights, including because the termination was without due process under the Civil Service Reform Act and other federal laws, and amounted to a prohibited personnel practice under the Civil Service Reform Act and a violation under the First and Fifth Amendments to the Constitution. Ms. Comey was not terminated because of her performance or to increase the efficiency of the agency; she was terminated because she is the daughter of James Comey, or because of her perceived political affiliation and beliefs, or both. Please see the attached Notice of Appeal for a more detailed description of Appellant's factual allegations, claims and affirmative defenses, and requested relief.

OMB No. 3124-0017, Exp. 09/30/2026

---

### PART 2 - Agency Personnel Action or Decision (non-retirement, continued)

---

17. With respect to the agency personnel action or decision you are appealing, have you, or has anyone on your behalf, filed a grievance under a negotiated grievance procedure provided by a collective bargaining agreement?

☐ Yes          ☑ No

If "Yes," **attach a copy of the grievance**, enter the date it was filed, and enter the place where it was filed if different from your answer to question 4 in Part 1.

Agency Name: [                              ]          Date Filed (*MM/DD/YYYY*): [            ]

Bureau: [                              ]

Address: [                              ]

City: [            ]   State: [            ]   ZIP Code: [            ]

If a decision on the grievance has been issued, **attach a copy of the decision** and enter the date it was issued.

Date Issued (*MM/DD/YYYY*): [            ]

---

**Answer Question 18 ONLY if you are filing an IRA appeal.**

---

18. If you filed a whistleblowing complaint with the Office of Special Counsel (OSC), provide the date on which you did so and the date on which OSC made a decision or terminated its investigation, if applicable. **Attach copies of your complaint and OSC's termination of investigation letter** notifying you of your right to seek corrective action from the Board.

Date Filed (*MM/DD/YYYY*): [            ]

Date of OSC decision or termination of investigation (*MM/DD/YYYY*): [            ]

---

**Answer Question 19 ONLY if you are filing a USERRA or VEOA appeal.**

---

19. If you filed a complaint with the Department of Labor (DOL), list the date on which you did so, and **attach a copy of your complaint**. If DOL has made a decision on your complaint, list the date of this decision, and **attach a copy of it**. If DOL has not made a decision on your complaint within 60 days from the date you filed it, state whether you have notified DOL of your intent to file an appeal with the Board, and **attach a copy of such notification**.

Date Filed (*MM/DD/YYYY*): [            ]

Has DOL made a decision on your complaint?

☐ Yes          ☐ No

If "Yes," enter the date it was made.  If "No," state whether you have notified DOL of your intent to file an appeal with the Board, and **attach a copy of such notification**.

Date of DOL decision (*MM/DD/YYYY*): [            ]          ☐ Notified DOL of your intent to file an appeal with the Board?

OMB No. 3124-0017, Exp. 09/30/2026

## PART 3 - OPM or Agency Retirement Decision

**Complete this part if you are appealing a decision of the Office of Personnel Management (OPM) or other Federal agency directly addressing your retirement rights or benefits.**

20. In which retirement system are you enrolled?

☐ CSRS     ☐ CSRS Offset     ☐ FERS

☐ Other, *describe:*

21. Are you a:

☐ Current Employee      ☐ Annuitant

☐ Surviving Spouse

☐ Other, *describe:*

22. If retired, date of retirement, or if unknown, approximate date:

Date Retired (*MM/DD/YYYY*):

23. Describe the retirement decision you are appealing.

24. Have you received a final or reconsideration decision from OPM or another Federal agency?

☐ Yes **(attach a copy)**     ☐ No

If "Yes," on what date did you receive the decision?

Date Received (*MM/DD/YYYY*):

Provide the OPM claim number (CSA or CSF) in your appeal:

OPM Claim Number:

25. Explain briefly why you think OPM or another Federal agency was wrong in making this decision.

## PART 4 - Designation of Representative

26. Has an individual or organization agreed to represent you in this proceeding before the Board? (You may designate a representative at any time. However, it is unlikely that the appeals process will be delayed for reasons related to obtaining or maintaining representation. Moreover, you must promptly notify the Board in writing of any change in representation.)

[✓] Yes *(complete the information below and sign)*          [ ] No

**DESIGNATION:**

"I hereby designate  Clarick Gueron Reisbaum LLP  to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. **I understand that any limitation on this settlement authority must be filed in writing with the Board.**"

**Representative's address** *(number and street, city, state and ZIP code)*

Address: 41 Madison Avenue, Floor 23

City: New York

State: New York    ZIP Code: 10010

**Representative's telephone numbers** *(include area code) and email address*

Office: 2126334310

Fax: 6464789484    Other: 

Email Address: eblain@cgr-law.com

### SIGN BELOW TO MAKE YOUR DESIGNATION OF REPRESENTATIVE EFFECTIVE

*Maurene Comey*
Appellant's Signature

08/14/2025
Date *(MM/DD/YYYY)*

OMB No. 3124-0017, Exp. 09/30/2026

---

### PART 5 - Certification

---

27. **I certify that all of the statements made in this form and any attachments are true, complete, and correct to the best of my knowledge and belief.**

*Maurene Comey*
_____

Signature of Appellant or Representative

08/14/2025
_____

Date *(MM/DD/YYYY)*

---

OMB No. 3124-0017, Exp. 09/30/2026

# APPENDIX A

## Additional Claims Regularly Raised in MSPB Appeals

**Harmful Error**: Error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. The burden is upon the appellant to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his or her rights. 5 C.F.R. § 1201.4(r).

**Prohibited Personnel Practice**: A claim that the agency action or decision you are challenging was the result of one of the personnel practices prohibited by 5 U.S.C. § 2302(b). Among the prohibited personnel practices most likely to be relevant as an affirmative defense in an MSPB proceeding are: unlawful discrimination under subsection (b)(1); retaliation for protected whistleblowing under subsection (b)(8); and retaliation for other protected activity under subsection (b)(9).

- **Unlawful Discrimination**: A claim that the agency action was the result of prohibited discrimination based on race, color, religion, sex, national origin, disability, age, marital status, political affiliation, genetic information, and retaliation for prior equal employment opportunity (EEO) activity. *See* 5 U.S.C. §§ 2302(b)(1), 7702; 5 C.F.R. part 1201, subpart E; 29 C.F.R. part 1630 and Appendix to Part 1630; 42 U.S.C. § 2000ff et seq.; 29 C.F.R. § 1614.302-.308. If you filed a formal discrimination complaint, give the date on which you did so, state whether and when the agency issued a final decision on your discrimination complaint, and provide copies of both.

- **Retaliation for whistleblowing activity under 5 U.S.C. § 2302(b)(8) and (b)(9)(A)(i), (B), (C), or (D)**: A claim that the agency action was taken in retaliation for the disclosure of information the individual reasonably believes demonstrates a violation of law, rule, or regulation; gross mismanagement; gross waste of funds; abuse of authority; or substantial and specific danger to public health or safety; or in retaliation for the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a violation of subsection (b)(8); for testifying or otherwise lawfully assisting any individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation; for cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law; or for refusing to obey an order that would require a violation of law, rule, or regulation. *See* 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (B), (C), and (D).

- **Retaliation for other protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii)**: A claim that the agency action was taken in retaliation for the exercise of any appeal, complaint, or grievance right, other than with regard to remedying a violation of 5 U.S.C. § 2302(b)(8).

**Violation of Rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA)**: A claim that the agency action violated rights and benefits under 38 U.S.C. chapter 43 by denying initial employment, reemployment, retention in employment, promotion, or any benefit of employment on the basis of membership, application for membership, performance of service, application for service, or obligation to perform service in a uniformed service. *See* 5 C.F.R. part 1208, subpart B.

**Violation of a Law or Regulation relating to Veterans' Preference pursuant to the Veterans Employment Opportunities Act (VEOA)**: A claim that the agency action violated rights related to veterans' preference under any statute or regulation. *See* 5 C.F.R. part 1208, subpart C; 5 U.S.C. § 3330(a).

**Not in accordance with law**: A claim that the agency's action was unlawful in its entirety, that is, there is no legal authority for the action.

OMB No. 3124-0017, Exp. 09/30/2026

## IRA, USERRA, and VEOA Appeals

The law provides for three types of appeals in certain situations that might not otherwise be appealable to MSPB (5 C.F.R. § 1201.3(a) provides a listing of matters directly appealable to MSPB, i.e., "otherwise appealable actions"): Individual Right of Action (IRA) appeals under the Whistleblower Protection Act (WPA) and Whistleblower Protection Enhancement Act (WPEA) pursuant to 5 U.S.C. § 1221; appeals under USERRA pursuant to 38 U.S.C. § 4324; and appeals under VEOA pursuant to 5 U.S.C. § 3330a.

**Note**: As described above, allegations of retaliation for whistleblowing, as well as allegations under USERRA and VEOA, may be brought as additional claims in cases that are otherwise appealable to MSPB.

**IRA Appeals under the WPA and WPEA**. Subsection (b)(8) of 5 U.S.C. § 2302 makes it a prohibited personnel practice to threaten, propose, take, or not take a personnel action listed in 5 U.S.C. § 2302(a)(2) because of an individual's disclosure of information that he or she reasonably believes shows a violation of law, rule, or regulation; gross mismanagement; gross waste of funds; abuse of authority; or substantial and specific danger to public health or safety. Subsections (b)(9)(A)(i), (B), (C), and (D) make it a prohibited personnel practice to threaten, propose, take, or not take a personnel action in retaliation for the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a violation of subsection (b)(8); for testifying or otherwise lawfully assisting any individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation; for cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law; or for refusing to obey an order that would require a violation of law, rule, or regulation. If the personnel action allegedly taken in reprisal for making a protected disclosure or engaging in protected activity is not otherwise appealable to MSPB, you must first file a whistleblower complaint with the Office of Special Counsel (OSC) and exhaust the procedures of that office, *see* 5 U.S.C. § 1214(a)(3), before you may file an IRA appeal with MSPB under 5 U.S.C. § 1221.

**USERRA Appeals**. In USERRA appeals, appellants allege that agencies have violated their rights and benefits under 38 U.S.C. chapter 43 by denying initial employment, reemployment, retention in employment, promotion, or any benefit of employment on the basis of their membership, application for membership, performance of service, application for service, or obligation to perform service in a uniformed service. *See* 5 C.F.R. part 1208, subpart B. To pursue redress for a USERRA violation, you may either file a USERRA complaint with the Department of Labor (DOL) or file an appeal with MSPB. However, if you first file a USERRA complaint with DOL, you must exhaust DOL procedures before you may file an appeal with MSPB. *See* 5 C.F.R. § 1208.11.

**VEOA Appeals**. A VEOA appeal is one in which a preference eligible (defined in 5 U.S.C. § 2108) or veteran described in 5 U.S.C. § 3304(f)(1) alleges that a Federal agency violated their rights under any statute or regulation relating to veterans' preference. *See* 5 C.F.R. part 1208, subpart C. Unless you are making a VEOA claim in an otherwise appealable action, you must file a VEOA complaint with DOL and allow DOL at least 60 days to try to resolve the matter before filing an appeal with MSPB.

OMB No. 3124-0017, Exp. 09/30/2026

### Time Limits for Filing IRA, USERRA, and VEOA Appeals, and
### Following the Filing of a Formal EEO Complaint

**IRA Appeals**. If you are filing an IRA appeal, you must file no later than 65 days after the date of the OSC notice advising you that the Special Counsel will not seek corrective action, or within 60 days after the date you received the OSC notice, whichever is later. *See* 5 C.F.R. § 1209.5.

**USERRA Appeals**. If you are filing a USERRA appeal, there is no time limit for filing. *See* 5 C.F.R. § 1208.12. If you file a USERRA complaint with DOL first, you must exhaust the procedures of DOL before you may file an appeal with MSPB.

**VEOA Appeals**. If you are filing a VEOA appeal, you must file it within 15 days after the date you received notice that DOL was unable to resolve the matter. *See* 5 C.F.R. § 1208.22. Note: Before filing with MSPB, you must file a VEOA complaint with DOL, which is allowed at least 60 days to try to resolve the matter.

**Formal EEO Complaints**. If you have previously filed a formal EEO complaint regarding the same matter, you must file your MSPB appeal within 30 days after receiving the agency's resolution or final decision as to that complaint, or you may file at any time after 120 days have elapsed from the filing of the complaint in the absence of such an agency resolution or decision. *See* 5 C.F.R. § 1201.154(b).

OMB No. 3124-0017, Exp. 09/30/2026

# APPENDIX B

## MSPB Regional and Field Offices

**Atlanta Regional Office**: 401 West Peachtree Street, N.W., 10th floor, Atlanta, GA 30308-3519
Telephone: (404) 730-2751; Fax: (404) 730-2767
*Geographic Area*: Alabama; Florida; Georgia; Mississippi; South Carolina; and Tennessee.

**Central Regional Office**: 230 South Dearborn Street, 31st floor, Chicago, IL 60604-1669
Telephone: (312) 353-2923; Fax: (312) 886-4231
*Geographic Area*: Illinois; Indiana; Iowa; Kansas City, Kansas (only Kansas City); Kentucky; Michigan; Minnesota; Missouri; Ohio; and Wisconsin.

**Dallas Regional Office**: 1100 Commerce Street, Room 620, Dallas, TX 75242-9979
Telephone: (214) 767-0555; Fax: (214) 767-0102
*Geographic Area*: Arkansas; Louisiana; Oklahoma; and Texas.

**Denver Field Office**: 165 South Union Blvd., Suite 318, Lakewood, CO 80228-2211
Telephone: (303) 969-5101; Fax: (303) 969-5109
*Geographic Area*: Arizona; Colorado; Kansas (except Kansas City); Montana; Nebraska; New Mexico; North Dakota; South Dakota; Utah; and Wyoming.

**New York Field Office**: 1601 Market Street, Suite 1700, Philadelphia, PA 19103
Telephone: (215) 597-9960; Fax: (215) 597-3456
*Geographic Area*: New Jersey counties of Bergen, Essex, Hudson, and Union; New York; Puerto Rico; and Virgin Islands.

**Northeastern Regional Office**: 1601 Market Street, Suite 1700, Philadelphia, PA 19103
Telephone: (215) 597-9960; Fax: (215) 597-3456
*Geographic Area*: Connecticut; Delaware; Maine; Maryland (except the counties of Montgomery and Prince George's) Massachusetts; New Hampshire; New Jersey (except the counties of Bergen, Essex, Hudson, and Union); Pennsylvania; Rhode Island; Vermont; and West Virginia.

**Washington Regional Office**: 1901 S. Bell Street, Suite 950, Arlington, VA 22202
Telephone: (703) 756-6250; Fax: (703) 756-7112
*Geographic Area*: Maryland counties of Montgomery and Prince George's; North Carolina; Virginia; Washington, DC; and all overseas areas not otherwise covered.

**Western Regional Office**: 1301 Clay Street, Suite 1380N, Oakland, CA 94612-5217
Telephone: (510) 273-7022; Fax: (510) 273-7136
*Geographic Area*: Alaska; California; Hawaii; Idaho; Nevada; Oregon; Washington; and Pacific overseas.

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NEW YORK FIELD OFFICE**

---

MAURENE COMEY,

                             *Appellant,*

      v.

EXECUTIVE OFFICE OF THE PRESIDENT
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

                  and

FRANCEY HAKES
in her official capacity as the Director of the Executive
Office for United States Attorneys
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

                  and

PAMELA J. BONDI
in her official capacity as Attorney General of the
UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

                  and

UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

                  and

EXECUTIVE OFFICE FOR UNITED STATES
ATTORNEYS
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

                  and

OFFICE OF PERSONNEL MANAGEMENT
1900 E Street, NW
Washington, D.C, 20415

Docket No. _____

**Date: August 14, 2025**

|  |
| and |
| THE UNITED STATES OF AMERICA |
| Washington, D.C. 20500, |
| Agency-Appellees. |

## <u>NOTICE OF APPEAL</u>

1.      Appellant Maurene Comey was an exemplary, dedicated, and highly decorated

public servant who spent nearly ten years prosecuting crime and corruption, without fear or

favor, as an Assistant United States Attorney for the Southern District of New York.

2.      During Ms. Comey's tenure, acting in accord with Department of Justice policy

and pursuant to direction from Department of Justice and United States Attorney's Office

leaders, she helped protect the American public by securing hundreds of criminal convictions

and participating in dozens of complex cases, including prosecutions of homicides, racketeering,

and public corruption.  Based on her outstanding record, she was assigned to prosecute high-

profile sexual predators Sean "Diddy" Combs, Robert Hadden, Jeffrey Epstein, and Ghislaine

Maxwell after their decades of criminal wrongdoing.  In recognition of her work, the Department

of Justice repeatedly promoted and honored Ms. Comey.

3.      Despite her exemplary performance, Ms. Comey was abruptly fired on July 16,

2025, the day after the U.S. Attorney's Office had asked her to take the lead on a major public

corruption case and just three months after her latest receipt of an "Outstanding" review.  The

United States, including its agencies, agency components, and officials (collectively "Agency-

Appellees" or "the Government") did not identify any cause or provide Ms. Comey any due

process for her removal.  She simply received an email with an attachment stating that she was

being terminated "[p]ursuant to Article II of the United States Constitution and the laws of the

United States."

2

4.      Ms. Comey's termination—without cause, without advance notice, and without any opportunity to contest it—was unlawful and unconstitutional.  As a member of the civil service, Ms. Comey had constitutional, statutory, and regulatory protections that governed how and why she could be terminated, including specific prohibitions against termination for discriminatory reasons such as political affiliation.  Her termination violated every one of those protections.

5.      The Government has not provided any explanation whatsoever for terminating Ms. Comey.  In truth, there is no legitimate explanation.  Rather, the Government fired Ms. Comey solely or substantially because her father is former FBI Director James B. Comey, or because of her perceived political affiliation and beliefs, or both.

6.      James Comey served as the Director of the Federal Bureau of Investigation from 2013 until President Trump fired him in 2017.  For the past nine years, President Trump has publicly criticized Mr. Comey for his actions while serving as FBI Director, and because after he was fired, Mr. Comey (i) wrote a memoir critical of President Trump, (ii) continued to publicly criticize President Trump and his Administration, [1] and (ii) in May 2025 posted a message on social media which President Trump and others in the Trump Administration claimed to perceive as threatening.[2]

---

[1] According to a website that compiles President Trump's posts on the social media platforms X and Truth Social, President Trump has posted (or reposted) approximately 259 times about Mr. Comey from October 16, 2016, to the date of this filing, including repeatedly calling him the "worst" FBI Director in history.  *See generally*, https://rollcall.com/factbase-twitter/?q=Comey&platform=all&sort=date&sort_order=desc&page=6 ("Roll Call," full Trump social media compilation filtered for the search term "Comey"); *see also id.* at May 24, 2024, May 9, 2019, June 15, 2018, April 18, 2018, April 15, 2018, April 13, 2018, December 3, 2017.

[2] https://www.foxnews.com/media/trump-says-comey-knew-assassination-meaning-behind-deleted-social-media-post?msockid=012137d09fd26ab63f8427e89efb6ba6

7.      Following Mr. Comey's May 2025 social media post and other critical statements, President Trump's supporters called for Ms. Comey's firing.  Notable among those supporters is Laura Loomer, a social media influencer who, on information and belief, has political influence in the Trump Administration, including influence over the termination of federal employees.[3] President Trump has publicly stated: "If you're Loomered you're in deep trouble. That's the end of your career in a sense."[4]

8.      On May 18, 2025, Ms. Loomer called for Mr. Comey's "liberal daughter" and her "Democrat husband" to be "FIRED from the DOJ immediately" "for being a national security risk via their proximity to a criminal [*i.e.*, Mr. Comey] who just committed a felony by threatening to assassinate the President."[5]  Ms. Loomer also declared that, "under [Attorney General Pamela] Blondi [sic], every Deep State Operator is being emboldened," and she "question[ed] the impartiality of Maurene and Lucas [Maurene's husband] in their prosecutorial roles, especially in high-profile cases, due to the undeniable bias and influence stemming from James Comey's public criticism of Trump and the ongoing investigation into his Instagram post."[6]  After Ms. Comey's termination, Ms. Loomer boasted that the decision "c[a]me[] 2

---

[3] *See, e.g.,* https://apnews.com/article/laura-loomer-trump-influence-appointees-fired-83ab8898477427da4dc1824c6ff3b560; https://www.nytimes.com/2025/07/08/us/politics/laura-loomer-trump.html.

[4] https://x.com/WarlordDilley/status/1775672492830462118

[5] https://x.com/LauraLoomer/status/1924195103842984073; *see also* https://www.msn.com/en-za/news/other/laura-loomer-takes-victory-lap-over-firing-of-ex-fbi-chief-comey-s-daughter-after-pressing-pam-blondi/ar-AA1IKfqn?ocid=BingNewsSerp

[6] https://x.com/LauraLoomer/status/1924195103842984073.  Ms. Comey's husband Lucas Issacharoff voluntarily resigned from the Department of Justice several days earlier on May 9, 2025.

months after my pressure campaign on Pam Blondi [sic] to fire Comey's daughter and Comey's

son-in-law from the DOJ."[7]

9.      To challenge her illegal termination and assert her rights under the United States

Constitution and federal law, Ms. Comey brings this appeal against the Executive Office of the

President; U.S. Attorney General Pamela Bondi, in her official capacity; Director of the

Executive Office for United States Attorneys Francey Hakes, in her official capacity; the U.S.

Department of Justice; the Executive Office for United States Attorneys; the Office of Personnel

Management; and the United States of America, for the purposes of seeking relief under the Civil

Service Reform Act, 5 U.S.C. §§ 2301, 2302, 7513, the Administrative Procedure Act, 5 U.S.C.

§ 701 *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, and

the First and Fifth Amendments to the Constitution of the United States.

## THE PARTIES

10.     Appellant Maurene Comey served as an Assistant United States Attorney

("AUSA") in the United States Attorney's Office for the Southern District of New York

("SDNY") from November 16, 2015, until July 16, 2025, when the Government terminated her

employment unlawfully without advance notice or legal cause, and in contravention of statutorily

prohibited personnel practices, the Administrative Procedures Act, and the First and Fifth

Amendments to the United States Constitution.  She is the daughter of James B. Comey.

11.     The Executive Office of the President is headquartered in Washington, D.C. and,

on information and belief, authorized the unlawful and unconstitutional actions taken against Ms.

Comey.

---

[7] https://x.com/LauraLoomer/status/1945613578477711461.

5

12.     Pamela J. Bondi is sued in her official capacity as the Attorney General of the United States.  On information and belief, Attorney General Bondi authorized the unlawful and unconstitutional actions taken against Ms. Comey.

13.     Francey Hakes is sued in her official capacity as the Director of the Executive Office for United States Attorneys.  Ms. Hakes signed the "Memorandum for Maurene R. Comey," dated July 16, 2025, terminating Ms. Comey from federal service and thereby authorizing the unlawful and unconstitutional actions taken against Ms. Comey.

14.     The United States Department of Justice ("DOJ") is headquartered in Washington, D.C. and is an agency of the United States as defined by 5 U.S.C. § 701.  The DOJ controls its components, including the Executive Office for United States Attorneys, and on information and belief, authorized the unlawful and unconstitutional actions taken against Ms. Comey.

15.     The Executive Office for United States Attorneys ("EOUSA") is headquartered in Washington, D.C., a component of DOJ, and an agency of the United States as defined by 5 U.S.C. § 701.  EOUSA carried out, and on information and belief, authorized the unlawful and unconstitutional actions taken against Ms. Comey.

16.     The Office of Personnel Management ("OPM") is headquartered in Washington, D.C. and is an agency of the United States as defined by 5 U.S.C. § 701.  On information and belief, OPM authorized the unlawful and unconstitutional actions taken against Ms. Comey.

17.     The United States of America is responsible for the exercise of state action by the other named Agency-Appellees that Appellant is challenging in this appeal.

## FACTUAL ALLEGATIONS

***Ms. Comey Served as an Exemplary Assistant United States Attorney in the Southern District of New York***

18.     Ms. Comey graduated from the College of William & Mary *summa cum laude* in 2010, and from Harvard Law School, where she served on the *Harvard Law Review*, in 2013.

19.     After graduating from law school, Ms. Comey worked for a year as an associate at Debevoise & Plimpton LLP in New York City.  She moved into the public sector after that, serving as a law clerk to U.S. District Judge Loretta A. Preska, then-Chief Judge of the Southern District of New York.

20.     Ms. Comey completed her clerkship and decided to build a career in public service.  She applied to serve as an Assistant United States Attorney in the Southern District of New York in March 2015, and after a rigorous interview process with Assistant U.S. Attorneys in the Civil and Criminal Divisions of the Office as well as the Executive Staff, she was hired by Preet Bharara, then-United States Attorney for the Southern District of New York.  She began her employment as an AUSA in November 2015.

21.     Ms. Comey's ensuing decade of service was exemplary.  In her tenure at SDNY, she personally handled eleven criminal trials, secured over 200 convictions, briefed and argued multiple appeals before the Court of Appeals for the Second Circuit, and supervised numerous additional federal investigations, trials, and convictions.  Her performance consistently earned her accolades and promotions, as well as "Outstanding" ratings in her annual reviews along with glowing commentary—including, for example:

- Ms. Comey "is highly respected and is a leader in the office. She is a brilliant lawyer and a gifted supervisor," and "is the lawyer the office turns to when legal excellence is a must."

7

- Ms. Comey has "handled the highest profile cases in the office because her judgment, work product, and courtroom advocacy are among the finest in the country."

- Ms. Comey "is a highly accomplished AUSA and manager" and is "an outstanding AUSA in every respect."

- Ms. Comey "routinely demonstrates creativity, perseverance, initiative, and dedication, [and] considers novel legal theories and investigative techniques."

- Ms. Comey "demonstrates the foresight and organizational skills necessary to manage lengthy and difficult trials."

- Ms. Comey's "supervision of the investigations and prosecutions in her unit is superb."

- Ms. Comey "works tirelessly to manage the people and cases under her supervision," and "ensure[s] that cases are prosecuted efficiently and with good results."

- Ms. Comey "works extremely hard, and is available at all hours to discuss issues with the unit and with the executive staff, and she promptly responds to any issues."

- Ms. Comey "invariably demonstrates sound judgment in conducting investigations and making [] decisions," and "represents the Department of Justice and the court of law in a professional manner."

- Ms. Comey "took the lead on two of our most sensitive cases, both involving high-profile targets and numerous victims of sexual abuse, and throughout her work has consistently shown exceptional judgment, diligence, and professionalism."

- Ms. Comey "demonstrates excellent courtroom presence, speaks persuasively and with authority, and upholds government positions."

22.    As further testament to her dedication and exceptional work, SDNY leadership repeatedly asked Ms. Comey to conduct the prosecution of some of the most significant criminal cases in the Office's recent history—which she also won.  Notably, in her almost ten years as an AUSA, Ms. Comey served with distinction through Democratic and Republican administrations,

earning the support and confidence of supervisors, United States Attorneys, and DOJ officials serving under Presidents Obama, Trump, and Biden.

23.     Ms. Comey spent the first eighteen months of her AUSA career in SDNY's White Plains Division, where she pursued violence, narcotics, fraud, and sexual exploitation cases.

24.     During this time, Ms. Comey investigated and began prosecuting Nicholas Tartaglione, a former police officer and the perpetrator of a gruesome quadruple homicide.[8] After many years building the case, and a four-week trial in 2023, Ms. Comey and her team secured a conviction against Tartaglione on all seventeen counts, and he was sentenced to four consecutive life sentences.[9]

25.     In recognition of her excellent work on the *Tartaglione* case, U.S. Attorney Preet Bharara awarded Ms. Comey an award "for Outstanding efforts and exceptionally high quality work" in December 2016.

26.     Ms. Comey moved to the Manhattan office in 2017 and joined the Violent and Organized Crime Unit, where she prosecuted dozens of defendants for violence offenses, including racketeering and murder.

27.     In September 2019, Ms. Comey moved to the Public Corruption Unit, where she prosecuted bribery and other cases involving abuse of public trust.

28.     With her significant experience prosecuting matters involving violence and sexual exploitation, her SDNY supervisors assigned Ms. Comey to work on the investigation of Jeffrey

---

[8] *See* https://www.justice.gov/usao-sdny/pr/former-police-officer-charged-white-plains-federal-court-quadruple-homicide

[9] *See* https://www.justice.gov/usao-sdny/pr/former-police-officer-sentenced-four-consecutive-life-sentences-2016-quadruple-murder

Epstein in the spring of 2019.  She was part of the team that conducted grand jury proceedings

and secured an indictment against Mr. Epstein for sex trafficking and conspiracy; Mr. Epstein

was arrested on July 6, 2019.[10]  Ms. Comey was one of three prosecutors who then represented

the United States in Mr. Epstein's criminal case, successfully defeating his request for bail

pending trial.  Mr. Epstein died in federal jail on August 10, 2019, while awaiting trial; as a

result, the charges against him were ultimately dismissed.  Geoffrey Berman—then-U.S.

Attorney for the Southern District of New York, serving in the first Trump Administration—

supervised Ms. Comey's work on the investigation and prosecution of Mr. Epstein at all times.

29.    At the direction and under the supervision of SDNY leadership, Ms. Comey and

her team continued to investigate Mr. Epstein's criminal operation after Mr. Epstein died.  They

uncovered details that implicated Mr. Epstein's former girlfriend and collaborator, Ghislaine

Maxwell.  On or about July 2, 2020, the SDNY, through Ms. Comey and her team, obtained an

indictment charging Ms. Maxwell with enticing a minor to travel to engage in criminal sexual

activity, transporting a minor with the intent to engage in criminal sexual activity, conspiracy to

commit both of those offenses, and perjury in connection with two sworn depositions.[11]  Ms.

Comey and her team subsequently obtained a superseding indictment additionally charging Ms.

Maxwell with conspiracy to commit sex trafficking of a minor and sex trafficking of a minor.

30.    At the direction and under the supervision of SDNY leadership, Ms. Comey

successfully led the investigation and prosecution of Ms. Maxwell, including serving as one of

the lead trial lawyers in a month-long trial, and secured justice for many victims of Mr. Epstein

and Ms. Maxwell.  On December 29, 2021, a jury convicted Ms. Maxwell on five counts,

---

[10] *See* https://www.justice.gov/usao-sdny/press-release/file/1180481/dl

[11] *See* https://www.justice.gov/usao-sdny/press-release/file/1291491/dl?inline

including sex trafficking of a minor, conspiracy, and transportation of a minor for illegal sexual activity.  Ms. Maxwell was sentenced in June 2022 to 20 years in prison for her role in the sex trafficking scheme.[12]  U.S Attorney Berman and later Acting U.S. Attorney Audrey Strauss—both serving in the first Trump Administration—were deeply involved in supervising the investigation and prosecution of Ms. Maxwell during their tenures.

31.    In addition, also at the direction and under the supervision of SDNY leadership, Ms. Comey handled the investigation and indictment of Dr. Robert Hadden, a gynecologist who criminally sexually abused dozens of patients for decades at Columbia University and New York-Presbyterian Hospital.[13]  Dr. Hadden was sentenced to 20 years in prison for his depraved crimes.[14]

32.    Ms. Comey carried a substantial caseload beyond the high profile matters she handled.  Those other cases featured a large volume of violence and drug-related cases, including the prosecutions of over 40 defendants charged with murder, over 80 additional defendants charged with racketeering conspiracy, and over 80 additional defendants charged with narcotics offenses.  In addition, Ms. Comey handled white collar cases such as the prosecutions of multiple correctional officers for accepting bribes from inmates in exchange for smuggling contraband, a union president and volunteer fire department treasurer for embezzlement, and a senior advisor at the Treasury Department's Financial Crimes Enforcement Network for unlawfully disclosing Suspicious Activity Reports.

_____

[12] *See* https://www.justice.gov/usao-sdny/pr/ghislaine-maxwell-sentenced-20-years-prison-conspiring-jeffrey-epstein-sexually-abuse

[13] *See* https://www.justice.gov/usao-sdny/press-release/file/1314401/dl?inline

[14] *See* https://www.justice.gov/usao-sdny/pr/former-obstetriciangynecologist-robert-hadden-sentenced-20-years-prison-sexually

33.     In February 2021, in recognition of her work and with the approval of the Department of Justice, Ms. Comey was promoted to Deputy Chief of the Violent and Organized Crime Unit.  She was promoted, again, in June 2021, to Co-Chief of the Violent and Organized Crime Unit, and then once again, in January 2023, to Co-Chief of the Public Corruption Unit. All three times, the United States Attorney for the Southern District of New York approved her promotions: Audrey Strauss (the first two) and then Damian Williams (the third).

34.     In addition, in May 2023, the Director of the Executive Office for United States Attorneys awarded Ms. Comey and her team the prestigious Director's Award for "Superior Performance by a Litigative Team" with respect to the *Maxwell* trial.

35.     Ms. Comey's outstanding work continued over the next two years, during which she successfully prosecuted and supervised several more prominent cases.

36.     For example, at the direction and under the supervision of SDNY leadership, Ms. Comey oversaw the team that indicted and tried former New Jersey Senator Robert Menendez (and his wife and three other business associates) on federal bribery charges in September 2023.[15]  Ms. Comey and her Co-Chief closely supervised the nine-week trial after which a jury found Mr. Menendez guilty on all 16 counts, including bribery and conspiracy to act as a foreign agent.  He subsequently resigned from the Senate, and in January 2025, he was sentenced to 11 years in prison.[16]

---

[15] *See* https://www.justice.gov/usao-sdny/pr/us-senator-robert-menendez-his-wife-and-three-new-jersey-businessmen-charged-bribery

[16] *See* https://www.justice.gov/usao-sdny/pr/former-us-senator-robert-menendez-sentenced-11-years-prison-bribery-foreign-agent-and

37.    Further, at the direction and under the supervision of SDNY leadership, in February 2024, Ms. Comey and her Co-Chief oversaw the team that charged 70 current and former employees of the New York City Housing Authority ("NYCHA") with bribery and extortion for accepting cash payments from contractors in exchange for awarding NYCHA contracts—the largest number of federal bribery charges brought on a single day.[17]

38.    After serving as a supervisor for several years, Ms. Comey requested then-U.S. Attorney Damian Williams to permit her to return full time to trial work, which he granted, appointing Ms. Comey as Senior Trial Counsel in the Public Corruption Unit in August 2024.

39.    Most recently, Ms. Comey joined the prosecution team that tried Sean "Diddy" Combs.  Mr. Combs was indicted and arrested in September 2024 and charged with racketeering, sex trafficking, and transportation to engage in prostitution.[18]  Ms. Comey's SDNY supervisors asked her to join the team after Mr. Combs was charged, and she served as a lead prosecutor in the two-month trial against him from May through July 2025.  Mr. Combs was convicted of transportation with intent to commit prostitution and now awaits sentencing; he faces up to 20 years in prison.

***Ms. Comey is Terminated without Advance Notice or Cause on July 16, 2025***

40.    On July 15, 2025, Ms. Comey met with the Co-Chiefs of the SDNY Public Corruption Unit, who asked her to join the trial team for another of the SDNY's major cases.

41.    The next day, July 16, 2025, Ms. Comey agreed to take on the case and went to speak with a colleague about joining the trial team.

---

[17] *See* https://www.justice.gov/usao-sdny/pr/70-current-and-former-nycha-employees-charged-bribery-and-extortion-offenses

[18] *See* https://www.justice.gov/usao-sdny/media/1368556/dl

42.    While in her colleague's office, Ms. Comey received an e-mail at 4:57 p.m. from DOJ's Justice Management Division, Director of Human Resources, with an attachment titled "Memorandum for Maurene R. Comey."  The memorandum, dated July 16, 2025, and signed by Francey Hakes, the Director of the Executive Office for United States Attorneys—the same title of the official who awarded Ms. Comey the prestigious Director's Award for her work on the *Maxwell* trial—stated as follows:

> Subject:        Notice of Removal from Federal Service
>
> This memorandum provides official notice that you are removed from your position of Assistant United States Attorney, AD-0905-29, Criminal Division, Southern District of New York, Offices of the United States Attorneys, and from the federal service, effective immediately.
>
> Pursuant to Article II of the United States Constitution and the laws of the United States, your employment with the Department of Justice is hereby terminated, and you are removed from federal service effective immediately.
>
> If applicable, you may have a right to file an appeal of this removal with the U.S. Merits Systems Protection Board (MSPB) within 30 days of the effective date of this removal action. For more information on how to file an appeal with the MSPB, please visit www.mspb.gov.

(Attached hereto as Exhibit A, the "Termination Memorandum").

43.    Before receiving the Termination Memorandum, Ms. Comey received no notice or reason for the termination decision, and she was provided with no opportunity to respond.

44.    Ms. Comey then walked into the office of one of the Co-Chiefs of the Public Corruption Unit to inform her supervisors that she had been terminated.  Those supervisors were visibly shocked and upset by the news.

45.    Immediately, Jay Clayton, interim United States Attorney for the Southern District of New York, and Sean Buckley, Deputy United States Attorney for the Southern District of New York, came to the Co-Chief's office to speak with Ms. Comey and her

supervisors.  Ms. Comey asked the basis for the termination.  U.S. Attorney Clayton responded,

in sum and substance: "All I can say is it came from Washington.  I can't tell you anything else."

No other explanation was ever provided to Ms. Comey regarding the reason for her termination.

46.    The White House also has not provided a substantive explanation for Ms.

Comey's termination; the White House Press Secretary claimed that the termination "was a

decision that was made by the Department of Justice."[19]

***Ms. Comey's Termination was Illegal Because it was Based on Her Affiliation with James B.
Comey, or Her Perceived Political Affiliation and Beliefs, or Both***

47.    The Government did not assert that Ms. Comey was being terminated for cause or

for any reason related to her performance as an AUSA.  Nor would such an assertion have been

remotely plausible.  Ms. Comey was a highly regarded AUSA who had consistently received

"Outstanding" reviews and glowing feedback from her superiors.  In fact, on April 25, 2025,

fewer than three months before her termination, Ms. Comey received another review of

"Outstanding," which was approved and signed by Jay Clayton, interim U.S. Attorney for the

Southern District of New York.  Also, as of the date of her termination, she was counsel of

record on hundreds of cases and expected to handle sentencing in the *Combs* case, to brief the

appeal in the *Tartaglione* case, and to handle another significant trial slated for February 2026,

which her supervisors had asked her to lead just one day earlier.  Nor could the explanation

plausibly be that she mishandled her high-profile cases; she received accolades related to her

work on some of those high-profile cases, and, on information and belief, among the at least

fourteen AUSAs who participated in the prosecutions of *Epstein*, *Maxwell*, *Hadden*, and *Combs*,

Ms. Comey was the only one who was terminated.

---

[19] https://www.youtube.com/watch?v=qZ9IdCcB1Dk

15

48.     On information and belief, Ms. Comey's termination was designed to retaliate against her based on her familial relation as the daughter of James B. Comey, or because of her perceived political affiliation and beliefs, or both.  No other plausible explanation exists for her termination—and certainly none was provided.

49.     President Trump has publicly criticized Mr. Comey for nearly a decade, beginning with President Trump's disapproval of actions Mr. Comey took when he served as Director of the FBI.  According to a website that compiles President Trump's posts on the social media platforms X and Truth Social, President Trump has thus far posted (or reposted) approximately 259 times about Mr. Comey, including describing him repeatedly as the "worst" FBI Director in history.[20]

50.     During his first presidential campaign, then-Candidate Trump called on the FBI to bring criminal charges against Democratic Presidential Nominee Hillary Clinton.  After Mr. Comey announced that the FBI would not recommend that the Justice Department bring charges, President-Elect Trump reposted that Mr. Comey "stood in the way" of the investigation and claimed that he "was the best thing that ever happened to Hillary Clinton in that he gave her a free pass for many bad deeds."[21]  After he was elected, President Trump's criticism of Mr. Comey continued, including for the FBI's investigation into Russia's role in the 2016 presidential election, which President Trump has repeatedly criticized as a "hoax" and a "witch hunt."[22]

---

[20] *See generally,* Roll Call; *see also, e.g., id.* at May 24, 2024, May 9, 2019, June 15, 2018, April 18, 2018, April 15, 2018, April 13, 2018, December 3, 2017.

[21] *See* Roll Call at October 17, 2016, May 2, 2017.

[22] *See, e.g.,* Roll Call at August 1, 2018.

16

51.    On May 9, 2017, President Trump terminated Mr. Comey.  In the following years, President Trump and Mr. Comey publicly commented about and criticized each other.[23] President Trump has also continued to refer to the Russia and Hillary Clinton investigations as hoaxes, witch hunts, and "rigged" probes,[24] and claimed that Mr. Comey was a "liar"[25] and that he and Hillary Clinton, among others, "should be in jail."[26]  President Trump continues to criticize Mr. Comey to this date, posting about Mr. Comey on Truth Social just yesterday and again this morning.[27]

52.    On information and belief, and as reported by the Press, while in office during his first term, President Trump told his White House Chief of Staff that he wanted a number of his

---

[23] *See, e.g.*, https://www.cnn.com/2017/06/07/politics/james-comey-testimony-released (Mr. Comey testified to Congress about conversations he had with President Trump); Roll Call at December 3, 2017 (President Trump's post stating that this was "another Comey lie"); https://www.npr.org/2018/04/12/602029560/5-insights-from-comeys-memoir-ex-fbi-chief-blasts-trump-as-mob-like (Mr. Comey published a memoir in April 2018 describing President Trump as "unethical[] and untethered to the truth and institutional values"); Roll Call at June 17, 2018, April 18, 2018, April 16, 2018, April 13, 2018 (President Trump's posts stating that Mr. Comey is "slippery," "a proven LEAKER & LIAR," and that he has "committed many crimes"); https://www.youtube.com/watch?v=oKcsEuD3fnw (interview with James Comey in which he stated, "The president of the United States [is] saying that private citizens should be in jail….That's not normal").

[24] *See, e.g.,* Roll Call at July 12, 2025, July 10, 2025, July 25, 2023, December 6, 2022, October 19, 2022, September 10, 2020, July 9, 2020, February 14, 2019, January 12, 2019, December 7, 2018, August 17, 2018, August 1, 2018, June 28, 2018, June 18, 2018, June 17, 2018, June 16, 2018, May 19, 2018, April 19, 2018, September 1, 2017, May 31, 2017.

[25] *See, e.g.,* Roll Call at September 30, 2020, August 11, 2020, September 2, 2029, April 13, 2018.

[26] Roll Call at September 21, 2020.

[27] *See* Roll Call at August 14, 2025, August 13, 2025.

perceived political enemies to be investigated by the IRS.[28]  On information and belief, and also as reported by the Press, in 2019, Mr. Comey was notified that the IRS would audit him.[29]

53.    More recently, in May 2025, Mr. Comey posted on social media an image showing seashells arranged to read "8647."  President Trump and others within the Trump Administration claimed to interpret the "86" as a slang term for "eliminate" and "47" as referencing President Trump as the 47th president, describing it as a call for violence against President Trump.[30]  Mr. Comey described the post as a "political message" that was not associated with "violence," but deleted the post.[31]

54.    On May 16, 2025, President Trump appeared on Fox news and called Mr. Comey a "dirty cop" and accused him of publishing an "assassination message."[32]  The Department of Homeland Security investigated Mr. Comey in connection with his now-deleted post.[33]

55.    Following Mr. Comey's May 2025 social media post and other critical statements, President Trump's supporters, including Laura Loomer, called for the termination of Ms. Comey. Ms. Loomer has met with President Trump in the Oval Office and, upon information and belief,

---

[28] *See* https://www.nytimes.com/2022/11/13/us/politics/trump-irs-investigations.html

[29] *See* https://www.nytimes.com/2022/07/06/us/politics/comey-mccabe-irs-audits.html

[30] *See, e.g.,* https://www.politico.com/news/2025/05/15/james-comey-sparks-republican-outrage-with-trump-social-media-post-00353141*; see also* https://x.com/DonaldJTrumpJr/status/1923118680658862260 (Donald Trump Junior reposting Mr. Comey's post and stating "Just James Comey causally [sic] calling for my dad to be murdered").

[31] *See* https://www.cbsnews.com/news/james-comey-under-investigation-posting-deleting-86-47-instagram-noem-says

[32] https://www.yahoo.com/news/trump-melts-down-over-comey-171103635.html

[33] *See* https://www.cbsnews.com/news/james-comey-under-investigation-posting-deleting-86-47-instagram-noem-says

has political influence in the Trump Administration with respect to the firing of federal employees.[34]  President Trump has publicly stated: "You don't want to be Loomered; If you're Loomered you're in deep trouble. That's the end of your career in a sense."[35]

56.    Specifically, on May 18, 2016, Ms. Loomer, who has over 1.7 million followers on X, called for the firing of Mr. Comey's "liberal daughter" and "Democrat son-in-law," stating as follows:

> Pam Blondi [sic] Is Allowing James Comey's Daughter and his Son In Law to Work at the Trump DOJ
>
> Did you know that Maurene Comey, the daughter of former FBI Director James Comey, serves as an Assistant U.S. Attorney in the Southern District of New York (SDNY), where she heads the Violent and Organized Crime Unit?
>
> She has been with the SDNY since 2015 and has prosecuted high-profile cases, including those involving Jeffrey Epstein, Ghislaine Maxwell, and currently Sean "Diddy" Combs. Her husband is Lucas Issacharoff. He also works at the current Trump DOJ, despite a long history being a Trump hater.
>
> He is the Assistant U.S. Attorney in SDNY, working in the Civil Division since 2019. Their roles involve significant responsibilities in federal prosecutions and civil litigation, respectively, under the Department of Justice (DOJ), which is currently led by the ever incompetent Attorney General Pam Blondi [sic] @AGPamBondi….
>
> Donald Trump campaigned on DRAINING THE SWAMP and taking a bulldozer to the FBI and DOJ, which has been weaponized against him and his supporters. And now, under Pam Blondi [sic], James@Comey is getting away with putting assassination hits on President Trump, and our tax dollars are paying for the salaries of James Comey's liberal daughter and her Democrat husband.

--------------------------------------

[34]  *See, e.g.,* https://www.nytimes.com/2025/04/03/us/politics/trump-meeting-laura-loomer.html ("Trump Fires 6 N.S.C. Officials After Oval Office Meeting With Laura Loomer"); https://apnews.com/article/laura-loomer-trump-influence-appointees-fired-83ab8898477427da4dc1824c6ff3b560 (reporting that "the list of administration officials who have drawn Loomer's ire and swiftly thereafter gotten the axe from Trump has been growing"); *see also* https://www.nytimes.com/2025/07/08/us/politics/laura-loomer-trump.html ("Laura Loomer, Trump's Blunt Instrument").

[35]  https://x.com/WarlordDilley/status/1775672492830462118

If Blondi [sic] was a serious person, she would FIRE them both for being a national security risk via their proximity to a criminal who just committed a felony by threatening to assassinate the President.

Under Blondi [sic], every single Deep State operator is being emboldened. James Comey is under investigation by the Department of Homeland Security and US Secret Service. Maurene Comey and Lucas Issacharoff's continued employment at the DOJ, is unacceptable.[36]

I question the impartiality of Maurene and Lucas in their prosecutorial roles, especially in high-profile cases, due to the undeniable bias and influence stemming from James Comey's public criticism of Trump and the ongoing investigation into his Instagram post.

Both Maurene Comey and Lucas Issacharoff need to be FIRED from the DOJ immediately. ….
Has Pam Blondi [sic] told President Trump that James Comey's daughter still works at the DOJ? Has anyone told Trump? How on Earth does something like that slip through the cracks?[37]

57.    Ms. Loomer also posted on her Facebook account, two days earlier on May 16, as follows:

If Comey doesn't get arrested & Pam Blondi [sic] doesn't fire James@Comey's daughter from the DOJ, then you'll know all of the talk about accountability from the DOJ is nothing more than a Fox News talking point.  If we care about law & order, now is the time for Blondi [sic] to prove it.[38]

58.    And, once more, on May 16, Ms. Loomer posted on X:

_____

[36] Upon information and belief, these comments echo similar comments made on various social media and other internet platforms; according to the Press, the commentators seem to connect Ms. Comey's involvement in the *Jeffrey Epstein* and *Sean Combs* prosecutions to her perceived political affiliation.  *See, e.g.*, https://www.pbs.org/newshour/politics/what-to-know-about-the-maga-faithfuls-anger-over-trump-and-the-epstein-case.

[37] https://x.com/LauraLoomer/status/1924195103842984073.  As of the date of this filing, this post received approximately 892,000 views and 14,000 likes, and was re-shared approximately 8,100 times.

[38]  https://www.facebook.com/groups/267428837831289/posts/1415851112989050/.  As of the date of this filing, this post received approximately 169,000 views.

This is Patrice Comey, the wife of former FBI Director James @Comey who was just interviewed by @SecretService for threatening to assassinate President Trump.

Their daughter is Maurene Comey, who still works at the Trump DOJ because Pam Blondi [sic] won't fire her.

Don't expect anything good to happen at the DOJ if Blondi [sic] can't even bring herself to fire Comey's rat daughter.[39]

59.    Then, on the day Ms. Comey was terminated—July 16, 2025—Ms. Loomer

celebrated Ms. Comey's termination, posting on X:

Today, the DOJ FIRED Maurene Comey from the United States Attorney's office for the Southern District of New York. She is the daughter of former disgraced FBI Director James @Comey.

This comes 2 months after my pressure campaign on Pam Blondi [sic] to fire Comey's daughter and Comey's son in law from the DOJ.

Mauren Comey's husband is Lucas Issacharoff. As I previously reported, he works at the current Trump DOJ, despite a long history being a Trump hater.

He is the Assistant U.S. Attorney in SDNY, working in the Civil Division since 2019.

No word yet on whether or not he was also fired today, but he should be!

+1 for Blondi today![40]

60.    On information and belief, Ms. Loomer has also influenced the recent termination

of another long-time Assistant United States Attorney based in Los Angeles—Adam Schliefer—

who was abruptly fired an hour after Ms. Loomer posted the following about him: "Fire him. He

---

[39] https://x.com/LauraLoomer/status/1923555086837613012. As of the date of this filing, this post received approximately 642,600 views and 11,000 likes, and was re-shared approximately 5,700 times.

[40] https://x.com/LauraLoomer/status/1945613578477711461. Lucas Isaacharoff voluntarily resigned from the Department of Justice on May 9, 2025.

supported the impeachment of President Trump and said he wanted to repeal Trump's tax

plan…We need to purge the US Attorney's office of all leftist Trump haters."[41]

61. The facts and circumstances reflect that Ms. Comey was terminated not because

of her performance or for any cause, but in retaliation for her association with her father James

Comey and his protected speech, or because of her perceived political affiliation and beliefs, or

both. Her termination violates the First and Fifth Amendment and federal law, including the

Civil Service Reform Act.

***Ms. Comey's Termination Violates the Civil Service Reform Act of 1978***

62. Neither the President nor the Department of Justice have unlimited authority to

remove Assistant United States Attorneys. Specifically, the Civil Service Reform Act of 1978,

Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.),

provides crucial guardrails that protect these federal employees from arbitrary or unlawful

termination.

63. Accordingly, the Government may not terminate federal employees like Ms.

Comey unless doing so comports with statutorily defined "merit system principles" and does not

constitute statutorily defined "prohibited personnel practices," and even then, the Government

may terminate federal employees like Ms. Comey only after following established pre- and post-

removal procedures. 5 U.S.C. § 2301, 5 U.S.C. § 2302(b).

64. OPM is explicitly charged with administering the federal civil service, which

encompasses all federal employees. 5 U.S.C.§ 1103(a)(5). OPM's duties include managing the

federal work force consistent with the nine merit system principles, which dictate that all

---

[41] https://www.nbcnews.com/politics/justice-department/white-house-firing-career-prosecutor-pulls-justice-department-ever-clo-rcna198864

employees should receive, *inter alia*, "fair and equitable treatment…without regard to political

affiliation…and with proper regard for their privacy and constitutional rights," and that

personnel actions (including removals) must be based on merit and fitness, and must not be

arbitrary, capricious, or discriminatory. *Id*. § 2301. These principles explicitly require that

"[e]mployees should be protected against arbitrary action, personal favoritism, or coercion for

partisan political purposes." *Id*. § 2301(b)(8)(A). Relatedly, agencies may take a "major adverse

action" against an employee only "for such cause as will promote the efficiency of the service."

*Id.* § 7513(a).

65.     OPM also oversees conduct relating to the prohibited personnel practices as

outlined in 5 U.S.C. § 2302(b). These statutory prohibitions prevent agencies from taking, or

failing to take, personnel actions against members of the civil service for certain reasons. For

example, agencies cannot "take, direct others to take, recommend, or approve any personnel

action" that "discriminate[s] for or against any employee or applicant for employment on the

basis of conduct that does not adversely affect performance" or "on the basis of their… political

affiliation." 5 U.S.C §§ 2302(b)(10) (prohibiting discrimination based on conduct not adversely

affecting performance); 2302(b)(1)(E) (prohibiting discrimination based on protected

characteristics, including political affiliation).

66.     Federal employees against whom an action—including removal—is proposed are

also entitled to "at least 30 days' advance written notice" of the action, to "a reasonable time, but

not less than 7 days, to answer orally and in writing," to "be represented by an attorney or other

representative," and to "a written decision and the specific reasons therefor at the earliest

practicable date." 5 U.S.C § 7513(b).

67.     As an employee covered by 5 U.S.C. § 7511(a)(1), Ms. Comey was entitled to these protections under the CSRA.  Her termination violated multiple provisions of the CSRA. Her termination was not for cause because it was not based on any of her own conduct, let alone conduct that adversely affected her performance.  Her termination violated the merit system principles and amounted to a prohibited personnel practice under the CSRA; it was arbitrary, capricious, discriminatory (based on her connection to her father, or her perceived political affiliation and beliefs, or both), and the result of "personal favoritism" towards her critics. Moreover, she was not provided with any advance notice, opportunity to be heard, or written decision explaining the reason for her termination, in further violation of the due process protections under the CSRA.

## AFFIRMATIVE DEFENSES / CLAIMS

### FIRST AFFIRMATIVE DEFENSE / CLAIM
### Violation of the Civil Service Reform Act of 1978
### 5 U.S.C. §§ 2301, 2302, 7513
### (Against All Agency-Appellees)

68.     Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

69.      The Government, in directing and authorizing Appellant's termination without the statutorily mandated cause or advance notice, and terminating her on a discriminatory basis, because of her association with her father, or her presumed political affiliation and beliefs, or both, and not for reasons related to her performance or in the interests of the efficiency of the Department of Justice, have violated the CSRA and its protections against removals that are arbitrary, capricious, and discriminatory.

70.    Appellant has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities and reputational harm.  As such, she is entitled to reinstatement, an award of backpay, and any other available damages.

### SECOND AFFIRMATIVE DEFENSE / CLAIM
**Violation of the Administrative Procedure Act**
**5 U.S.C. §§ 706(1) and 706(2)**
**(Against All Agency-Appellees)**

71.    Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

72.     The Government, in authorizing and signing Appellant's Termination Memorandum on July 16, 2025, unlawfully withheld the due process owed to Appellant, and implemented a final agency decision that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," "contrary to constitutional right, power, privilege, or immunity," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "without observance of procedure required by law," "unsupported by substantial evidence," and/or "unwarranted by the facts."  5 U.S.C. § 706.

73.    Appellant has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities and reputational harm.  As such, she is entitled to reinstatement, an award of backpay, and any other available damages.

### THIRD AFFIRMATIVE DEFENSE / CLAIM
**Violation of the Administrative Procedure Act**
**(*Ultra Vires* in Violation of Statutory Authority)**
**(Against All Agency-Appellees)**

74.    Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

75.     The Government had no lawful authority to terminate Appellant from federal service without adhering to the statutory protections afforded to her. Her termination was therefore *ultra vires* and without legal force or effect.

76.     Appellant has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities and reputational harm. As such, she is entitled to reinstatement, an award of backpay, and any other available damages.

### FOURTH AFFIRMATIVE DEFENSE / CLAIM
**Violation of the First Amendment (Freedom of Speech and Association)**
**(Against All Agency-Appellees)**

77.     Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

78.     Appellant has a constitutional right to free speech and free association under the First Amendment of the United States Constitution.

79.     The Government violated Appellant's constitutionally protected rights by terminating her because of her association with her father and in retaliation for her father's protected speech, or because of her presumed political affiliation and beliefs, or both.

80.     Appellant has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities and reputational harm. As such, she is entitled to reinstatement, an award of backpay, and any other available damages.

### FIFTH AFFIRMATIVE DEFENSE / CLAIM
**Violation of the Fifth Amendment (Property Interest)**
**(Against All Agency-Appellees)**

81.     Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

82.     Appellant has a protected property interest in her continued employment with the DOJ under the Fifth Amendment of the United States Constitution.

83.     The Government's actions to terminate Appellant without due process unlawfully deprived her of that property interest.

84.     Appellant has suffered adverse and harmful effects from the deprivation of her property interest in her employment, including, but not limited to, loss of income and lost or jeopardized present or future financial opportunities and reputational harm.  As such, she is entitled to reinstatement, an award of backpay, and any other available damages.

## SIXTH AFFIRMATIVE DEFENSE / CLAIM
### Violation of the Fifth Amendment (Liberty Interest)
### (Against All Agency-Appellees)

85.     Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

86.     The Fifth Amendment's protection against deprivation of liberty without due process of law protects against reputational harm caused by government actors when that harm is accompanied by other harm.  Here, the Government's actions harmed Appellant's reputational interests by terminating her without cause, based solely on the President's alleged Article II authority and the laws of the United States and implicitly ratifying stigmatizing allegations.  In addition, the Government's actions have caused the loss of Appellant's present government employment and have harmed her future employment prospects.

87.     As a DOJ employee within the federal civil service, Appellant was entitled by statutes, regulations, and the Fifth Amendment to protections against deprivation of her liberty interest without the process required by law.  The lack of any due process accorded to Appellant

deprived her of the ability to challenge the accuracy of any evidence that allegedly serves as the

basis for her removal, if any even exists, as well as to protect her reputation.

88.     The Government's action has prevented Appellant from participating in her chosen

profession or line of work.  Should Appellant apply to work for a federal agency or a private

civilian employer for a position that requires even the most rudimentary background investigation,

the Government may disseminate information that includes inaccurate and false information that

will adversely impact her reputation and chances for additional employment opportunities.  As a

result, the Government has effectively stigmatized Appellant's reputation and imparted a "status

change" upon her that has implicated her liberty interests.

89.     Appellant has suffered adverse harmful effects, including, but not limited to, lost or

jeopardized present or future financial opportunities and reputational harm.  As such, she is

entitled to reinstatement, an award of backpay, and any other available damages.

### SEVENTH AFFIRMATIVE DEFENSE / CLAIM
**Violation of the Fifth Amendment (Reputational Harm)**
**(Against All Agency-Appellees)**

90.     Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth

herein.

91.     The Government's actions violate Appellant's substantive Due Process rights,

which arises from her protected interest in her stellar reputation following a distinguished

yearslong career at the SDNY.

92.     The Fifth Amendment protects "reputation plus" harm caused by government

actors.  Here, the Government's actions harm Appellant's interest beyond her reputation, with the

loss of her present government employment.

93.     As set forth above, Appellant was unlawfully terminated because of her association with James Comey and in retaliation for his protected speech, or because of her perceived political affiliation and beliefs, or both.

94.     Appellant has suffered adverse harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities and reputational harm.  As such, she is entitled to reinstatement, an award of backpay, and any other available damages.

### EIGHTH CLAIM
### Declaratory Judgment – 28 U.S.C. §§ 2201 and 2202
### (Against All Agency-Appellees)

95.     Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

96.     Appellant is entitled to declaratory relief on the basis of all claims identified.  There is a substantial and ongoing controversy between Appellant and the Government, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that the Government does not have authority to remove Appellant without affording her all rights and protections set forth by applicable statutes and regulations.

97.     Appellant has suffered adverse harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities and reputational harm.  As such, she is entitled to reinstatement, an award of backpay, and any other available damages.

### NINTH CLAIM
### Relief in the Nature of Mandamus
### (Against All Agency-Appellees)

98.     Appellant repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

99.     In the alternative, Appellant is entitled to relief in the nature of mandamus commanding the Government to return her to her office and not remove her from federal service without following lawful procedures.  The Government has a legal duty not to terminate Appellant without affording her the protections prescribed by law.

100.    The provisions of 28 U.S.C. § 1361 provide for an independent cause of action in cases seeking relief in the nature of mandamus against federal officers, employees, and agencies in the absence of any other available remedies.  To the extent relief is unavailable under either the CSRA, APA, common law equity, or any other law to enjoin unlawful government action, mandamus lies here.

## PRAYER FOR RELIEF

WHEREFORE, Appellant Maurene Comey respectfully requests the following relief:

a.  A declaration that the Government violated the Civil Service Reform Act;

b.  A declaration that the Government violated the Administrative Procedure Act;

c.  A declaration that the Government violated Appellant's Fifth Amendment due process and statutory rights and order for appropriate relief;

d.  A declaration that the Government violated Appellant's First Amendment free speech and free association rights and order for appropriate relief;

e.  An order requiring the Government to immediately reinstate Appellant and enjoin the Government from taking any further adverse personnel action against Appellant without providing appropriate procedural and substantive due process as required by law including the CSRA and the Fifth Amendment;

f.  An award of backpay and other monetary and administrative relief as appropriate;

g.  An award of the costs of this action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and

    h.  A grant of any other further relief as the Tribunal may deem just and proper.

Dated: August 14, 2025                   CLARICK GUERON REISBAUM LLP
      New York, New York

                                    By: _____
                                    Nicole Gueron
                                    Ellen Blain
                                    Deepa Vanamali
                                    41 Madison Avenue, 23rd Floor
                                    New York, NY  10010
                                    Phone: (212) 633-4310

                                    *Attorneys for Appellant Maurene Comey*

# EXHIBIT A



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

| Office of the Director | Room 2261, RFK Main Justice Building | (202) 252-1000 |
| | 950 Pennsylvania Avenue, NW | |
| | Washington, DC 20530 | |

MEMORANDUM FOR MAURENE R. COMEY

FROM:       FRANCEY HAKES, DIRECTOR FOR EXECUTIVE OFFICE FOR UNITED
            STATES ATTORNEYS

Subject:      Notice of Removal from Federal Service

This memorandum provides official notice that you are removed from your position of Assistant
United States Attorney, AD-0905-29, Criminal Division, Southern District of New York, Offices
of the United States Attorneys, and from the federal service, effective immediately.

Pursuant to Article II of the United States Constitution and the laws of the United States, your
employment with the Department of Justice is hereby terminated, and you are removed from
federal service effective immediately.

If applicable, you may have a right to file an appeal of this removal with the U.S. Merit Systems
Protection Board (MSPB) within 30 days of the effective date of the removal action. For more
information on how to file an appeal with the MSPB, please visit www.mspb.gov.


_____                    _7/16/2025_____
Francey Hakes, EOUSA Director              Date




I acknowledge receipt of this notice of removal.  I understand that my acknowledgment of
receipt does not constitute agreement with the action, and I understand that my refusal to
acknowledge receipt does not void or otherwise prevent the removal action.



_____
Maurene R. Comey

# EXHIBIT B

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296–33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

REDACTED

| 1. Name (Last, First, Middle) | | | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|---|
| COMEY, MAURENE R | | | | | 07/16/2025 |

## FIRST ACTION

## SECOND ACTION

| 5–A. Code | 5–B. Nature of Action | 6–A. Code | 6–B. Nature of Action |
|---|---|---|---|
| 330 | REMOVAL | | |
| 5–C. Code | 5–D. Legal Authority | 6–C. Code | 6–D. Legal Authority |
| ZLM | ART II CONSTITUTION | | |
| 5–E. Code | 5–F. Legal Authority | 6–E. Code | 6–F. Legal Authority |
| | | | |

| 7. FROM: Position Title and Number | | | | | 15. TO: Position Title and Number |
|---|---|---|---|---|---|
| ASST US ATTY | | | | | |
| 90156947 P0CRM8 | | | | | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19.Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AD | 0905 | 29 | 00 | | PA | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | | | .00 | | .00 | | .00 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| NEW YORK, SOUTHERN | |
| CRIMINAL DIVISION | |
| | JL |
| | DJ JA5420233000000000  PP 14 2025 |

## EMPLOYEE DATA

| 23. Veterans Preference | | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|
| 1 | 1 – None  3 – 10–Point/Disability  5 – 10–Point/Other  2 – 5–Point  4 – 10–Point/Compensable  6 – 10–Point/Compensable/30% | | 1  0 – None  2 – Conditional  1 – Permanent  3 – Indefinite | | YES  X  NO |
| 27. FEGLI | | | 28. Annuitant Indicator | | 29. Pay Rate Determinant |
| B0  WAIVED | | | 9  NOT APPLICABLE | | 0  NOT APPLICABLE |
| 30. Retirement Plan | | 31. Service Comp. Date (Leave) | 32. Work Schedule | | 33. Part–Time Hours Per |
| KF  FERS (FRAE) | | 11/12/2014 | F  FULL TIME | | Biweekly Pay Period |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2  1 – Competitive Service  3 – SES General  2 – Excepted Service  4 – SES Career Reserved | E  E – Exempt  N – Nonexempt | | 8888 |
| 38. Duty Station Code | 39. Duty Station (City – County – State or Overseas Location) | | |
| 36-4170-061 | NEW YORK  NEW YORK  NY | | |

| 40. Agency Data | 41. SEX: F | 42. CITZ: 1 | 43. VET STAT: X | 44. ED LV:15 YR:13 INST PRG:220101 |
|---|---|---|---|---|

| 45. Remarks |
|---|
| YOU MAY HAVE A RIGHT TO FILE AN APPEAL OF THIS REMOVAL WITH THE U.S. MERIT SYSTEMS PROTECTION BOARD (MSPB) WITHIN 30 DAYS OF THE EFFECTIVE DATE OF THE REMOVAL ACTION. FOR MORE INFORMATION ON HOW TO FILE AN APPEAL WITH THE MSPB, PLEASE VISIT WWW.MSPB.GOV. HEALTH BENEFITS COVERAGE IS EXTENDED FOR 31 DAYS DURING WHICH YOU ARE ELIGIBLE TO CONVERT TO INDIVIDUAL POLICY (NONGROUP CONTRACT). YOU ARE ALSO ELIGIBLE FOR TEMP CONTINUATION OF YOUR FEHB COVERAGE FOR UP TO 18 MTHS FORWARDING ADDRESS

LUMP-SUM PAYMENT TO BE MADE FOR ANY UNUSED ANNUAL LEAVE. REASON(S) FOR REMOVAL: ARTICLE II OF THE CONSTITUTION. |

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| U.S. DEPARTMENT OF JUSTICE/USA | ELECTRONICALLY SIGNED BY: |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | MAYRA J. CAMPOS |
| DJ09 | 4427 | 07/16/2025 | HUMAN RESOURCE OFFICER |

5–Part 50–316

**2 - OPF Copy - Long-Term Record - DO NOT DESTROY**

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540–01–333–6238