Exhibit 6

Maurene R Comey v. Department of Justice

Docket # PH-0752-25-1814-I-1

Response to 12 01 2025 Response to 11 26 2025 Order to Show Cause

Summary Page

Case Title :    Maurene R Comey v. Department of Justice

Docket Number :    PH-0752-25-1814-I-1

Pleading Title :    Response to 12 01 2025 Response to 11 26 2025 Order to Show Cause

Filer's Name :    Ellen Blain

Filer's Pleading Role :    Appellant

## Details about the supporting documentation

| # | Title / Description | Mode of Delivery |
|---|---|---|

Maurene R Comey v. Department of Justice

Docket # PH-0752-25-1814-I-1

Response to 12 01 2025 Response to 11 26 2025 Order to Show Cause

Table of Contents

Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Interview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Body . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Maurene R Comey v. Department of Justice

Docket # PH-0752-25-1814-I-1

Response to 12 01 2025 Response to 11 26 2025 Order to Show Cause

Online Interview

1. What is the title of the MSPB notice or order to which you are responding?

Response to 11 26 2025 Order to Show Cause

_____

2. What is the date of that notice or order?

11/26/2025

_____

3. Does your pleading assert facts that you know from your personal knowledge?

Yes

_____

4. Do you declare, under penalty of perjury, that the facts stated in this pleading are true and correct?

Yes

_____

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NEW YORK FIELD OFFICE**

_____

MAURENE COMEY,

                   Appellant,

      v.

DEPARTMENT OF JUSTICE, et al.,

             Agencies.

_____

DOCKET NUMBER:

PH-0752-25-1814-I-1

### APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE
### AND OPPOSITION TO DISMISSAL WITHOUT PREJUDICE

On November 26, 2025, the Chief Administrative Judge issued an Order to Show Cause

why this appeal should not be dismissed without prejudice pending the resolution of Petitions for

Review before the Board in *Megan Jackler v. Department of Justice,* MSPB Docket No. DA-

0752-25-0330-I-1, and *Brandon Jaroch v. Department of Justice*, MSPB Docket No. DA-0752-

25-0328-I-1, because they involve "potentially dispositive issue[s]." (Order to Show Cause

("OTSC"), Ex. 1). The Chief Administrative Judge suggests that good cause exists to dismiss

this appeal without prejudice in the interests of administrative efficiency. The Agency-Appellees

(hereafter "Agency") filed their response to the OTSC on December 1, 2025, stating that they

agree that dismissal of this appeal without prejudice is appropriate. (Agency Response to OTC,

Ex. 2). Unlike the Agency, Appellant is not a party to the *Jackler* or *Jaroch* proceedings and so

cannot access those dockets; therefore Appellant is constrained in her ability to show cause as to

why dismissal without prejudice is not appropriate.  Nonetheless, Appellant sets forth her opposition here to the best of her knowledge.

Appellant has appealed her termination in this action and also has filed suit in the U.S. District Court for the Southern District of New York.  *Maurene Comey v. United States Department of Justice, et al.,* 25-cv-7625 (JMF).  Appellant's termination should be adjudicated by the U.S. District Court for numerous reasons, including because this dispute raises novel issues of constitutional law collateral to, and outside the expertise of, the MSPB.

In a pre-motion letter filed today, December 1, 2025, in the United States District Court for the Southern District of New York, the government stated it intends to move to dismiss the federal court action for lack of subject matter jurisdiction, in favor of this MSPB proceeding. The government simultaneously filed its response in this MSPB proceeding today, arguing for dismissal of Appellant's appeal.  The government therefore aims to leave Ms. Comey with no forum to adjudicate her unlawful termination, depriving her yet again of due process.

Without prejudice to her arguments that this dispute belongs in federal court, Ms. Comey opposes dismissal without prejudice of her MSPB appeal.  Dismissal would not result in efficiency because the pending petitions—which presumably involve issues specific to Immigration Judges terminated by the Attorney General—are not dispositive of this appeal, which involves a line-level Assistant United States Attorney terminated through a black-box process by an unknown decision maker.

Appellant was a career civil servant, terminated without notice or cause in violation of her rights under the CSRA (and her rights under the Constitution).  Forcing Appellant to wait for at least six months just to restart the appeal process would be antithetical to the mission of the MSPB to "[p]rotect the Merit System Principles and promote an effective Federal workforce free

of Prohibited Personnel Practices." The Merit System Principles, October 2020, available at

https://www.mspb.gov/studies/studies/The_Merit_System_Principles_Keys_to_Managing_the_F
ederal_Workforce_1371890.pdf. Further, it would be contrary to Congressional intent and the

policies of the Board, and therefore impermissible. Although "dismissal of a case without

prejudice to refiling is a procedural option that is left to the sound discretion of the administrative

judge, . . . this discretion must be exercised in a manner consistent with the policies set forth by

the Board." *Selig v. Dep't of Army*, 102 M.S.P.R. 189, 192 (M.S.P.B. 2006). Here, dismissal

would be inconsistent with the Board's Practices and Procedures, 5 C.F.R. § 1201 *et seq*.,

because it would not be efficient and because the prejudice that would result to Appellant—

including by adding further delay to remedying her personal and professional harms—outweighs

any potential efficiency. Accordingly, this appeal should not be dismissed.

## I.    STANDARD FOR DISMISSAL WITHOUT PREJUDICE

A dismissal without prejudice is a procedural option that is left to the discretion of the

administrative judge; however, this discretion must be exercised in a manner consistent with the

policies set forth by the Board. *Selig*, 102 MSPB at 192. An administrative judge on his own

motion may dismiss an appeal without prejudice "when the interests of fairness, due process, and

administrative efficiency outweigh any prejudice to either party." 5 C.F.R. § 1201.29(b).

## II.    DISMISSAL WITHOUT PREJUDICE SHOULD NOT BE GRANTED BECAUSE *JACKLER* AND *JAROCH* PRESUMABLY ARE NOT DISPOSITIVE OF MS. COMEY'S APPEAL

This appeal involves a clear violation of law by the Agency-Appellees and/or the

President of the United States. On July 15, 2025, Francey Hakes, Director, Executive Office for

United States Attorneys ("EOUSA"), sent Ms. Comey a memorandum terminating her

employment. Notice of Appeal ¶ 42 & Ex. A. Ms. Hakes signed Appellant's termination letter;

3

the Attorney General did not.  *See id.*  At the time of her removal, Appellant had been a permanent federal employee for nearly ten years and was clearly an "employee" as defined by 5 U.S.C. § 7511(a)(1)(C).  Ms. Comey was a career public servant and received none of the required pre-termination due process or opportunity to respond.  The termination notice does not allege that Appellant engaged in any misconduct or that her performance was unacceptable.  *See id.*  It states merely that she was terminated pursuant to "Art II Constitution."  In terminating her, one or all of the Agency-Appellees violated the U.S. Constitution and federal law; and if her termination was directed by the President, as Appellant alleges, he, too, violated the U.S. Constitution and federal law.  *See id.*

The Chief Administrative Judge suggests that this appeal be dismissed without prejudice to allow the Board time to decide the pending petitions for review that DOJ filed on September 26, 2025, in *Jackler v. Department of Justice*, DA-0752-25-0330-I-1, and *Jaroch v. Department of Justice*, DA-0752-25-0328-I-1, because they present "potentially dispositive issue[s]."  OTSC at 2.  However, the issues in *Jackler* and *Jaroch* are presumably not dispositive of this appeal.

Given the publicly known facts of those proceedings, the DOJ likely relies on two arguments as to why Jackler and Jaroch's grounds for appeal would fail, neither of which apply to this case.  First, DOJ likely argues that in terminating Jackler and Jaroch from their positions as Assistant Chief Immigration Judges, the Attorney General fairly exercised the President's executive power.  Regardless of whether that argument is correct, this appeal presents a separate issue because there is no evidence that the Attorney General terminated Ms. Comey; rather, the limited paper trail reflects that the EOUSA Director terminated Appellant.  Even if the Board were to find in *Jackler* and *Jaroch* that the Attorney General can exercise the President's Article II power and terminate immigration judges without notice and basis, that would not resolve

whether the director of EOUSA, who does not enjoy department-head status, could terminate Ms. Comey.

Second, DOJ likely argues that Immigration Judges do not have statutory protection from removal at-will by the President or the Attorney General, including because they are inferior officers that exercise policymaking discretion over immigration matters.  Ms. Comey is not an immigration judge or immigration policymaker, nor is she an inferior officer, so a decision on that issue would not apply here.

It is also possible that Jackler's and Jaroch's former status as Immigration Judges may affect the outcome of their appeals in other ways, whereas Appellant, as a line-level Assistant United States Attorney, is differently situated, such that those decisions will not be dispositive of her appeal.

In sum, Appellant does not have the requisite access to documents in the *Jackler* and *Jaroch* cases to respond in full to the OTSC, but as far as she is aware, she is not similarly situated to Jackler and Jaroch in critical ways.  Therefore, those appeals will not dispose of the issues presented in this appeal, so it would not be fair or efficient to dismiss this appeal without prejudice while they are resolved.

## CONCLUSION

For the reasons explained above—and without prejudice to or waiver of Appellant's subject matter jurisdiction or other arguments in federal district court—dismissing this appeal and subjecting Appellant to delay of a minimum of six months will not result in any efficiency and would be contrary to Congressional intent and the Board's policies, which permit an administrative judge to dismiss an appeal on his own motion without prejudice only when the

interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party.

Date: December 1, 2025

Respectfully submitted,

CLARICK GUERON REISBAUM LLP

By:   */s/ Ellen Blain*
       Nicole Gueron
       Ellen Blain
       Deepa Vanamali
       41 Madison Avenue, 23rd Floor
       New York, NY  10010
       Phone: (212) 633-4310

       *Attorneys for Appellant Maurene Comey*

6

# EXHIBIT 1

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| MAURENE R COMEY,<br>            Appellant, | DOCKET NUMBER<br>PH-0752-25-1814-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>            Agency. | DATE: November 26, 2025 |

## ORDER TO SHOW CAUSE

This appeal involves a challenge to the agency's action removing the appellant from Federal service.  The appellant contends that, as an "employee" as defined by chapter 75 of Title 5 with a right to appeal a removal to the Board, the agency was required to provide the appellant with notice and an opportunity to respond before effecting the action but did not do so.  Thus, the appellant argues that the removal action must be reversed.  The agency contends the appellant was not entitled to notice or an opportunity to respond with regard to the removal, because the agency head is authorized by Article II of the Constitution to appoint and remove such individuals without restriction.

On August 22, 2025, the Board's Washington Regional Office issued initial decisions in two separate appeals, *Megan Jackler v. Department of Justice*, MSPB Docket No. DA-0752-25-0330-I-1, and *Brandon Jaroch v. Department of Justice*, MSPB Docket No. DA-0752-25-0328-I-1.  Those decisions concluded that the Board had jurisdiction over the appeals, the appellants were entitled to (and did not receive) due process, and the Board lacks authority to decide the agency's challenge to the constitutionality of the removal protections afforded by chapter 75 of Title 5.  On September 26, 2025, the agency filed petitions for review of those

initial decisions. Thus, the dispositive issues in this appeal are pending before the Board in *Jackler* and *Jaroch*.

The Board's regulations provide that a dismissal without prejudice is a procedural option that allows for the dismissal and subsequent refiling of an appeal. 5 C.F.R. § 1201.29. The decision to grant a dismissal without prejudice is "committed to the sound discretion of the judge" and "may be granted on the judge's own motion or upon request by either party" based on a finding that any prejudice is outweighed by the interests of fairness, due process, and administrative efficiency. *Id.*

Here, it appears that good cause exists to dismiss this appeal without prejudice to refiling in the interests of administrative efficiency. 5 C.F.R. § 1201.29. As noted above, the record demonstrates that a potentially dispositive issue in this appeal is pending before the Board in those petitions for review, and the Board's decisions in the petitions may control the outcome of this appeal.

I **ORDER** the parties to show cause why this appeal should not be dismissed without prejudice pending the resolution of those petitions, subject to automatic refiling by the Board 6 months from date this appeal is dismissed. Any response from the parties must be **received** no later than **5 calendar days** from the date of this Order. Absent any response, I will dismiss this appeal without prejudice thereafter.

FOR THE BOARD:        *Jeremiah Cassidy*
                      _____
                      Jeremiah Cassidy
                      Chief Administrative Judge

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

U.S. Mail
Maurene Comey
C/O Clarick Gueron Reisbaum LLp
41 Madison Avenue, Floor 23
New York, New York 10010

<u>Appellant Representative</u>

Electronic Service
Ellen Blain
Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service
Neil White
Served on email address registered with MSPB

| 11/26/2025 | *Jeremy Meyers* |
|---|---|
| (Date) | Jeremy Meyers |
| | Supervisory Paralegal Specialist |

# EXHIBIT 2

Maurene R Comey v. Department of Justice

Docket # PH-0752-25-1814-I-1

Response to 12 01 2025 Response to 11 26 2025 Order to Show Cause

Summary Page

Case Title :    Maurene R Comey v. Department of Justice

Docket Number :    PH-0752-25-1814-I-1

Pleading Title :    Response to 12 01 2025 Response to 11 26 2025 Order to Show Cause

Filer's Name :    James Bush

Filer's Pleading Role :    Agency

Details about the supporting documentation

| # | Title / Description | Mode of Delivery |
|---|---|---|

Maurene R Comey v. Department of Justice

Docket # PH-0752-25-1814-I-1

Response to 12 01 2025 Response to 11 26 2025 Order to Show Cause

Table of Contents

Summary .......................................... 1
Table of Contents .......................................... 2
Interview .......................................... 3
Body .......................................... 4
Certificate of Service .......................................... 5

Maurene R Comey v. Department of Justice

Docket # PH-0752-25-1814-I-1

Response to 12 01 2025 Response to 11 26 2025 Order to Show Cause

Online Interview

1. What is the title of the MSPB notice or order to which you are responding?

Response to 11 26 2025 Order to Show Cause

_____

2. What is the date of that notice or order?

11/26/2025

_____

3. Does your pleading assert facts that you know from your personal knowledge?

Yes

_____

4. Do you declare, under penalty of perjury, that the facts stated in this pleading are true and correct?

Yes

_____

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**WASHINGTON REGIONAL OFFICE**

| | | |
|---|---|---|
| MAUREN COMEY, | ) | DOCKET NUMBER: |
| Appellant, | ) | PH-0752-25-1814-I-1 |
| | ) | |
| v. | ) | Chief Administrative Judge Cassidy |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| Agency. | ) | Date:  December 1, 2025 |

## AGENCY'S RESPONSE TO ORDER TO SHOW CAUSE

The Agency respectfully submits the following response to the Chief Administrative Judge's (CAJ) Order to Show Cause, dated November 26, 2025:

The Agency agrees with the CAJ that dismissal of the instant appeal without prejudice to refiling will save judicial and party resources and increase the efficient resolution of the matter. Given that the dispositive issues in the *Jackler* and *Jaroch* appeals will likely have some bearing on the CAJ's adjudication of the instant matter, the Agency believes that dismissal without prejudice is an appropriate procedural step.  *See, e.g., Milner v. Dep't of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001) (noting dismissal without prejudice is appropriate "in order to avoid a lengthy or indefinite continuance"); *Gidwani v. Dep't of Veterans Affairs*, 74 M.S.P.R. 509, 511 (1997) ("It is well settled that dismissal of an appeal without prejudice is a procedural option that is committed to the sound discretion of the administrative judge.") (citations omitted).

Respectfully submitted,


/s/ _____
Jay Macklin
General Counsel
Executive Office for U.S. Attorneys
U.S. Department of Justice

1

# Certificate of Service

e-Appeal has handled service of the assembled pleading to MSPB and the following Parties.

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: Washington Regional Office | Response to 11 26 2025 Order to Show Cause | e-Appeal |
| Amandolare, Sahar | Response to 11 26 2025 Order to Show Cause | e-Appeal |
| Blain, Ellen | Response to 11 26 2025 Order to Show Cause | e-Appeal |
| White, Neil | Response to 11 26 2025 Order to Show Cause | e-Appeal |

I agree to send a printed copy of the electronic pleading with attachments to all parties by the end of next business day, as follows:

| Name & Address | Documents | Method of Service |
|---|---|---|
| Comey, Maurene<br><br>C/O Clarick Gueron Reisbaum LLp New York, New York 10010 United States of America | Response to 11 26 2025 Order to Show Cause | US Mail |

# Certificate of Service

e-Appeal has handled service of the assembled pleading to MSPB and the following Parties.

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: Washington Regional Office | Response to 11 26 2025 Order to Show Cause | e-Appeal |
| Amandolare, Sahar | Response to 11 26 2025 Order to Show Cause | e-Appeal |
| Bush, James | Response to 11 26 2025 Order to Show Cause | e-Appeal |
| White, Neil | Response to 11 26 2025 Order to Show Cause | e-Appeal |

I agree to send a printed copy of the electronic pleading with attachments to all parties by the end of next business day, as follows:

| Name & Address | Documents | Method of Service |
|---|---|---|
| Comey, Maurene<br><br>C/O Clarick Gueron Reisbaum LLp New York, New York 10010 United States of America | Response to 11 26 2025 Order to Show Cause | US Mail |