**CLARICK GUERON REISBAUM**

**Ellen Blain**
eblain@cgr-law.com
Direct: 212.633.4310

**VIA ECF**  January 8, 2026

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Maurene Comey v. United States Department of Justice, et al., 25-cv-7625 (JMF)*

Dear Judge Furman:

We write on behalf of Plaintiff Maurene Comey to respectfully request permission to file a memorandum of law of up to 15,000 words in opposition to Defendants' motion to dismiss. Per Your Honor's Individual Rule 4.C and Local Civil Rule 7.1, memoranda of law in opposition to motions are normally limited to 8,750 words. For the reasons discussed below and previewed for Your Honor at the initial conference on December 4, 2025, we request this enlargement because this case presents novel circumstances and legal issues of first impression. In response to Plaintiff's outreach, Defendants' counsel stated that the government does not consent to Plaintiff's request but that Plaintiff "may represent to the court that the government takes no position on [the] request."

As the Court is aware, Ms. Comey served for almost a decade as an Assistant United States Attorney in this District. Despite her years of unwavering and excellent service, she was terminated without cause via memorandum from a Department of Justice official, stating that she was fired "pursuant to Article II of the United States Constitution." This unprecedented assertion of Executive authority, in direct contravention of the Civil Service Reform Act ("CSRA"), violated the Separation of Powers, the Administrative Procedure Act, and the First and Fifth Amendments to the United States Constitution. This case presents fundamental separation of powers and constitutional questions—can the Executive branch use Article II to override Article I in this manner? Can the President delegate his Article II powers to lower-level officials?

This Court has original jurisdiction under 28 U.S.C. § 1331 to address these novel and important constitutional questions. Defendants' motion to dismiss for lack of subject matter jurisdiction does not grapple with the extraordinary nature of Ms. Comey's termination pursuant to the Executive Branch's alleged Article II authority. First, the government ignores the precedent-setting gravity of this case. Although the Supreme Court and other federal courts are currently considering the government's novel Article II removal theory as it applies to principal or inferior officers (*see, e.g., Donald J. Trump, et. al. v. Rebecca Slaughter, et. al.*, No. 25-332 (U.S); *Harris v. Bessent, et. al.*, and *Wilcox v. Donald J. Trump, et. al.*, No. 25-5037, 25-5055 & 25-5057 (D. C. Cir.); *Comans v. Executive Office of the President, et. al.*, No. 1:25-cv-01237,

Honorable Jesse M. Furman
January 8, 2026
Page 2 of 2

(E.D.V.A.); *Driscoll v. Kashyap P. Patel, et. al.*, No. 1:25-cv-03109 (D.D.C.)), this case appears to be the first time any court will address the application of the Government's Article II theory to rank-and-file civil service employees, the vast majority of the federal workforce (a similar case is currently being briefed in the District Court for the District of Columbia, *see Gordon v. Executive Office of the President, et. al.,* No. 1:25-cv-02409).

     Nevertheless, Defendants' motion to dismiss asks the Court to treat this dispute as a routine appeal from a civil service termination that gets channeled to the MSPB, saying almost nothing about the novelty of their Article II removal theory, the relevant sections of the CSRA, or the Supreme Court cases that support this Court's retention of original jurisdiction. *See, e.g.,* Dkt. 32 (Defendants' brief in support of their motion) at 3 (arguing incorrectly that Ms. Comey challenges a "covered employment action"); *see also id.* at 3-4, 10-13, 15-18 (discussing *Elgin v. Department of Treasury*, 567 U.S. 1 (2012) but not *Axon Enterprise Inc. v. Federal Trade Commission*, 598 U.S. 175 (2023) *or Free Enterprise Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010) (rejecting channeling in the context of extraordinary constitutional questions)).

     To explain why this Court retains Section 1331 jurisdiction, Ms. Comey must first detail facts that are critical to the Court's analysis but entirely missing from Defendants' brief. These include: (1) the text, structure, and legislative history of the CSRA; (2) the circumstances of Ms. Comey's Article II removal; (3) recent events that demonstrate Defendants' step-by-step evisceration of the independence of the Merit Systems Protection Board ("MSPB"); and (4) the government's 180-degree reversal (in September 2025) of its long-standing position that the MSPB cannot review constitutional arguments like those presented here.

     Ms. Comey must then present legal issues of first impression, including but not limited to: (1) why, for multiple reasons, the CSRA's implicit channeling path does not apply to this Article II removal; and (2) why, under the Supreme Court's two-step *Thunder Basin* analysis, Congress did not implicitly divest this Court of jurisdiction to hear Ms. Comey's case in the context of the Executive Branch's Article II theory and the constitutional separation of powers question that it presents.

     Plaintiff endeavors to be as concise as possible, but to ensure that Ms. Comey has sufficient space to accurately and fully address these constitutional and statutory issues—of vital importance to the majority of the federal workforce—we respectfully request leave to file an enlarged brief. As we communicated to the government's counsel, Plaintiff is willing to consent to a corresponding extension of the word count for the government's reply brief. We thank the Court for its attention to this matter.

                                            Respectfully submitted,

                                            */s/ Ellen Blain*_____
                                            Nicole Gueron
                                            Ellen Blain
                                            Margaret Donovan
                                            Deepa Vanamali