

January 16, 2026

**VIA ECF**

Hon. Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Comey v. Department of Justice*, 25-cv-07625 (JMF)

Dear Judge Furman:

  Justice Connection and Michael Feinberg respectfully seek leave to file an *amici curiae* brief in support of Plaintiff's opposition to the Government Defendants' motion to dismiss for lack of subject matter jurisdiction. A copy of the proposed *amici* brief is attached as Exhibit A to this letter. Plaintiff consents to the filing of this brief and the Government Defendants do not oppose this motion but reserve the right to request an opportunity to respond. A proposed order accompanies this letter-motion as Exhibit B.

## LEGAL STANDARD

  "There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (citation and quotations omitted). It is well-established that a district court retains "broad discretion in deciding whether to accept an *amicus* brief." *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997).

  An *amicus* brief will "normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of New York. Inc. v. Port Auth. of New York & New Jersey*, No. 11-cv-6746, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011); *see also* Order, *United States v. Wells Fargo Bank, N.A.*, No. 1:12-cv-07527 (S.D.N.Y. Nov. 13, 2013) (Furman, J.), ECF No. 62 (stating the "usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties").

## INTERESTS OF *AMICI CURIAE*

  Justice Connection provides direct support to the Department of Justice's apolitical career workforce. As a network of DOJ alumni, the organization connects current and recent employees with pro bono legal representation, mental health counseling, whistleblower assistance, and media support. It also advocates for the integrity of DOJ's mission-critical work and speaks out in defense of the rule of law.

Letter-Motion to Hon. Jesse M. Furman
*Comey v. Department of Justice*, Case No. 25-cv-07625 (JMF)
January 16, 2025
Page 2

Michael Feinberg is a former Assistant Special Agent in Charge with the Federal Bureau of Investigation (FBI). In June 2025, Mr. Feinberg was informed he would not receive a promotion, and likely be demoted from his position at the Bureau because he maintained a private friendship with a supposed "enemy" of political leadership at the Bureau. This friendship did not affect Mr. Feinberg's work nor violate any Bureau rules or regulations. Nevertheless, Mr. Feinberg was put in a position where his best option was to resign rather than to indulge the unjustified, blatantly partisan retaliation campaign against him. Since leaving the FBI, Mr. Feinberg has been a public voice advocating for the faithful, ethical, and nonpartisan enforcement of federal law.

*Amici* seek leave to file this brief because it is concerned with the Administration's efforts to shunt Plaintiff's First Amendment and Separation of Powers claims to an administrative body, the Merit Systems Protection Board (MSPB), that no longer maintains the independence necessary to assure impartial adjudication of these types of claims. Doing so would not only undercut Plaintiff Comey's First Amendment rights, but chill other civil servants in their willingness to engage in protected expression. In its proposed brief opposing Defendant's motion to dismiss (ECF No. 31), *amici* intend to explain why channeling Plaintiff's claims would be noxious to Congress's design and do irreparable harm to Comey, other civil servants, and their loved ones. In particular, the brief explores other legal contexts where extraordinary factual circumstances warrant federal courts asserting jurisdiction to prevent irreparable harm to non-parties.

In seeking leave to file, *amici* hope to this case in a broader factual context of political retribution across the entire federal bureaucracy. Given the potential impact of this Court's ruling on other civil servants' willingness to engage in protected political speech, the Court will benefit from *amici*'s perspective as former civil servants who have experienced such retaliation or helped others navigate such unlawful action.

### REQUEST FOR RELIEF

By this motion, proposed *amici curiae* Justice Connection requests leave to file the attached brief (Exhibit A). A proposed order granting leave to file is also attached (Exhibit B).

Respectfully submitted,
/s/ Alice Huling
Alice Huling (N.Y. Bar No. 5144704)
Brendan Nigro
Dana Paikowsky
Danielle Lang

Letter-Motion to Hon. Jesse M. Furman
*Comey v. Department of Justice,* Case No. 25-cv-07625 (JMF)
January 16, 2025
Page 3

Robert Brent Ferguson
Renata O'Donnell
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
ahuling@campaignlegalcenter.org

*Counsel for Proposed Amici Curiae*