**BANTLE & LEVY LLP**

ATTORNEYS AT LAW

99 PARK AVENUE, SUITE 1510

NEW YORK, NEW YORK 10016

ROBERT L. LEVY  
LEE F. BANTLE  
SHERIE N. BUELL  
DAVID KRAUSS

TEL 212.228.9666  
FAX 212.228.7654

January 22, 2026

<u>VIA ECF</u>

Hon. Jesse M. Furman  
United States District Court for the Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY 10007

    Re: *Comey v. Department of Justice*, 25-cv-07625 (JMF)

Dear Judge Furman:

    This firm represents Lawyers Defending American Democracy ("LDAD"), which respectfully seeks leave to file an *amicus curiae* brief in support of Plaintiff's opposition to the Government Defendants' motion to dismiss for lack of subject matter jurisdiction. A copy of the proposed *amicus* brief is attached hereto as Exhibit A. Plaintiff consents to the filing of this proposed *amicus* brief. The Government Defendants do not oppose this motion but reserve the right to request an opportunity to respond.

**INTERESTS OF PROPOSED *AMICUS CURIAE***

    Lawyers Defending American Democracy (LDAD) is a non-profit, non-partisan organization devoted to encouraging the legal profession to enforce and uphold principles of American democracy and law, consistent with our obligations as lawyers; demanding accountability from lawyers and public officials; and identifying attacks on legal norms and prescribing redress for them.

    LDAD's mission is to defend the underlying constitutional values and norms of political behavior on which our democracy depends, including the rule of law, institutional checks and balances, separation of powers, press freedom, and the integrity of our system of justice. LDAD's Board of Directors includes, among others, a retired state supreme court justice, a former state attorney general, retired partners and managing partners of major law firms, past presidents of two state bar associations, business entrepreneurs, and legal academics.

BANTLE & LEVY LLP

    LDAD files this *amicus* brief in support of plaintiff because it regards this case as raising fundamental issues regarding the separation of powers between Congress and the executive branch. It calls into question the ability of Congress to establish a nonpartisan and apolitical system of employment for most members of the federal departments and agencies that it creates. The case also raises the issue of whether the executive branch can challenge the constitutionality of that system while simultaneously insisting that plaintiff must first seek relief from a tribunal created by that system.

    LDAD has conferred on this brief with Professor Nick Bednar of the University of Minnesota Law School, a widely-recognized expert on the federal civil service system and the MSPB. His most recent law review article examines how the president's removal power prevents adjudicatory agencies, like the MSPB, from providing adequate due process. *See* Nicholas R. Bednar & Todd Phillips, *Commission Quorums*, STAN. L. REV. (forthcoming 2026), https://perma.cc/D6BP-PT2W. His research has appeared in Stanford Law Review, American Political Science Review, and other top journals. He regularly publishes analysis on civil service law in Lawfare, including on the MSPB's ongoing structural and adjudicatory challenges. *See, e.g.*, Nick Bednar, Trump's Dismantling of the Government Hurts Due Process, LAWFARE (Mar. 4, 2025), https://perma.cc/43WN-KSN7. He holds a Ph.D. in Political Science from Vanderbilt University and a J.D. from the University of Minnesota Law School.

    LDAD's brief supplements plaintiff's brief in particular by providing a more detailed discussion of the legislative history of the CSRA that sheds light on the issues that Congress intended to be subject to MSPB adjudication.

## LEGAL STANDARD

    "There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (citation and quotations omitted). Rather, it is well-established that a district court retains "broad discretion in deciding whether to accept an amicus brief." *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997).

    An *amicus* brief will "normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of New York. Inc. v. Port Auth. of New York & New Jersey*, No. 11-cv-6746, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011); *see also* Order, *United States v. Wells Fargo Bank, N.A.*, No. 1:12-cv-07527 (S.D.N.Y. Nov. 13, 2013) (Furman, J.), ECF No. 62 (stating the "usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties"). "The court is most likely to grant leave to appear as an *amicus curiae* in cases involving matters of the public interest," such as the instant matter. *Andersen v. Leavitt*, 2007 WL 2343672, at *7 (E.D.N.Y. Aug. 13, 2007) (citations omitted).

**BANTLE & LEVY LLP**

## REQUEST FOR RELIEF

By this motion, proposed *amicus curiae* LDAD requests leave to file the brief attached hereto as Exhibit A. A proposed order granting LDAD's leave to file the *amicus* brief is attached hereto as Exhibit B.

Respectfully Submitted,

By: *H. David Krauss*
H. David Krauss
BANTLE & LEVY LLP
99 Park Avenue, Suite 1510
New York, New York 10016
(212) 228-9666
krauss@civilrightsfirm.com

*Attorneys for Proposed Amicus Curiae Lawyers Defending American Democracy*