**CLARICK GUERON REISBAUM**

**Ellen Blain**
eblain@cgr-law.com
Direct: 212.633.4310

**VIA ECF**                                                                 February 25, 2026

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Maurene Comey v. United States Department of Justice, et al.*, 25-cv-7625 (JMF)

Dear Judge Furman:

      We write respectfully on behalf of Plaintiff Maurene Comey to update the Court regarding two matters relevant to Ms. Comey's lawsuit.

      *First*, on February 13, 2026, Judge Nachmanoff in the United States District Court, Eastern District of Virginia, held oral argument in *Comans v. Executive Office of the President et al.*, 25-cv-01237 (E.D.Va.), a case the parties here cite extensively in the pending motion to dismiss. During that argument, the government made several statements directly relevant to the issues currently before this Court, as discussed below.[1] *Second*, starting today, Ms. Comey is joining the partnership of Patterson Belknapp Webb & Tyler LLP. Accordingly, as further detailed below, while Ms. Comey continues to seek all forms of relief identified in her complaint, she seeks reinstatement and back pay only through December 20, 2025.

      While the government in this case has obscured its positions on the merits – *i.e.*, that the executive's Article II power can override a law passed by Congress under Article I (ECF No. 32 at 16-17 (asserting that it is merely Plaintiff's "expectation that the government may argue that [CSRA] statutory protections are unconstitutional to the extent that they infringe on the Executive's powers under Article II")), and that the MSPB must follow the law as interpreted by the President and the Attorney General (ECF. No. 48 at 12 (asserting that the "erosion of the MSBP's independence" is "alleged")), the government confirmed its positions on these points during oral argument in *Comans*. Specifically:

---

[1] The oral argument transcript has not yet been posted to the docket in the Eastern District of Virginia, to allow the parties time to review the transcript and identify "personal identifiers" for redaction, if any, pursuant to EDVA Electronic Case Filing Policies and Procedures Manual, 11/01/2010. While it is the undersigned's view that there are no "personal identifiers" in the transcript or in the quotes cited *infra*, out of an abundance of caution, we are not attaching the transcript until it is available to the public on the E.D.Va. docket. We will provide the transcript *in camera* if the Court so directs.

Honorable Jesse M. Furman
February 25, 2026
Page 2 of 3

- the government noted that it is a "correct" statement of the government's position that plaintiff Comans "was not terminated under the CSRA, that she was terminated pursuant to a constitutional power that the president has under Article II, but that she now must invoke the CSRA in order to demonstrate that the president does not have that power" (Tr. 12:7-12);

- in response to questioning as to whether the president "has Article II power to remove an MSPB member or an AJ," the government responded, "the president does maintain that authority, and that is our position" (Tr. 6:22-7:4);

- in response to questioning about whether Executive Order 14215 requires that executive branch employees, including MSPB and AJs, "must take on the legal position of the attorney general" as to whether "Article II trumps the CSRA and justifies . . . removal," the government responded repeatedly "the government's position is that members of the executive branch are bound by the executive's interpretations of law" (Tr. 16:4-17:14).

Separately, while awaiting relief from this lawsuit, Ms. Comey has secured other employment and is appropriately mitigating her damages. In her complaint, she seeks the following relief: a declaration that Defendants' actions were unlawful, an order requiring Defendants "to immediately reinstate Plaintiff and enjoin Defendants from taking any further adverse personnel action against [her]," an "award of backpay and other monetary and administrative relief as appropriate," and an award of costs and reasonable attorney's fees. (ECF 1, Prayer for Relief.)

While Ms. Comey continues to seek all of these forms of relief, because of her new employment, she seeks reinstatement and back pay effective only through December 20, 2025. Specifically, Ms. Comey requests that the Court order that she be reinstated from the date of her termination, July 16, 2025, through December 20, 2025, which would provide, *inter alia*, the following relief: (a) restoration and supplementation of Ms. Comey's pension rights,[2] credits, and benefits, including by requiring the government to make its required employer contributions into her pension plan, the Thrift Savings Plan, through December 20, 2025, along with interest and earnings to make her whole for the loss of investment during that four-month period; (b) restoration of employee contributions into the Thrift Savings Plan from awarded backpay through December 20, 2025, along with interest and earnings to make her whole for the loss of investment during that four-month period; (c) amendment of her service tenure to reflect more than ten years of service (from November 15, 2015, through December 20, 2025, rather than through only July 16, 2025); (d) a revision of her personnel files, including her SF-50, to reflect that she resigned as of December 20, 2025, rather than was terminated on July 16, 2025; and (e) back pay through December 20, 2025.

---

[2] Ms. Comey's "Departing Benefit Statement" states that she earned "9 years, 8 months, 1 day[] of creditable federal service." The Departing Benefit Statement also states, "Employees with at least 10 years of coverage but less than 30 are eligible for a pension at their minimum retirement age." Because Defendants terminated Ms. Comey just four months shy of her reaching ten years of federal service, she is not "eligible for a pension at [her] minimum retirement age."

We thank the Court for its attention to this matter.

                                                      Respectfully submitted,

*/s/ Ellen Blain*
Nicole Gueron
Ellen Blain
Deepa Vanamali
CLARICK GUERON REISBAUM

Margaret Donovan
KOSKOFF, KOSKOFF & BIEDER PC

cc:    All counsel via ECF

Plaintiff is directed to file a copy of the transcript of the oral argument in *Comans v. Executive Office of the President et al.*, 25-cv-01237 (E.D.Va.) under seal.  When the transcript becomes publicly available on the E.D.Va. docket, Plaintiff shall also file the transcript publicly on this docket.

SO ORDERED.

February 25, 2026