# Chapter 31: Separations by Other than Retirement
# (Natures of Action 312, 317, 330, 350, 351, 352, 353, 355, 356, 357, 385, and 390)

## Contents

1.   Coverage ........................................................................................ 2

2.   Definitions ...................................................................................... 2

3.   Selection of Legal Authority ........................................................... 4

4.   Documenting Reason(s) for Separations ......................................... 5

5.   Effective Dates ............................................................................... 7

6.   Instructions .................................................................................... 8

**Job Aid** ................................................................................................. **10**

Actions When an Employee Separates ................................................. 10

**Tables** .................................................................................................. **11**

Table 31-A. Documenting Resignations ............................................... 11

Table 31-B. Documenting Separations other than Resignations and Retirements Summary ......................................................................... 16

Table 31-C. Codes for Required Remarks (Important: More than One Rule May Apply) ......................................................................................... 27

Table 31-D. Codes and Corresponding Remarks ................................. 33

New text changes and/or additions are distinguished in >dark red font surrounded by angled brackets<. Deletion/removal of text is distinguished with *** in green font.

Cited in Comey v United States
25cv7625 Decided 4/28/26
Archived on 4/30/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

## 1. Coverage

a. Separations are actions that end employment with an agency. This chapter covers separations by other than retirement. Actions covered include: resignations; terminations; removals; separations due to reduction in force; separations to enter the uniformed services; and deaths. It includes those involuntary separations under which the employee may be eligible for discontinued service retirement, or MRA+10 retirements when the employee chooses to postpone the MRA+10 annuity commencing date beyond 31 days after separation. (See Chapter 44 and 42, respectively, of The CSRS and FERS Handbook.)

b. This chapter does not cover: retirements (Chapter 30); movements from one part of an agency to another (Chapter 14); changes in the human resource system serving the employee (not an official personnel action); or details to a State or local government, to an institution of higher learning, to another agency, or to an international organization (Chapter 14).

## 2. Definitions

a. **Appeal Rights**— An appeal right is an opportunity provided by law, Executive Order, regulation, or agency procedures to challenge an action by presenting evidence and/or calling witnesses before an official who has the authority to modify or rescind the action. For purposes of this chapter, the right to challenge an action through procedures designed to handle Equal Opportunity Commission (EEOC), or the Office of Special Counsel (OSC) complaints is not an "appeal right".

b. **Resignation**—a separation initiated by an employee.

c. **Resignation—ILIA** (in lieu of involuntary action)—a separation initiated by the employee under circumstances that meet the definition of "involuntary separation" in Chapter 44 of The CSRS and FERS Handbook.

Cited in Comey, United States 25-CV-7625 Decided 4/28/26 Archived on 4/30/26 This document is not protected by copyright. Further reproduction is prohibited without permission

d. **Removal**—a separation from Federal service initiated by the agency, the Office of Personnel Management or the Merit Systems Protection Board under parts 359, 432, 731, or 752 of title 5, Code of Federal Regulations; section 1201 of title 5, U.S. Code; or comparable agency statutes or regulations. (Note: This Chapter covers actions that remove an employee from the agency. Most removals from the Senior Executive Service under part 359 result in conversion to an appointment outside the Senior Executive Service. These conversions are covered in Chapters 9-11.)

e. **Separation-Appt In (name of entity)**-a separation when an employee leaves a Federal agency to accept employment with a non-Federal Government entity that takes over his or her Federal functions AND the employee will continue to receive Federal benefits.

f. **Separation-US (uniformed services)**—a separation action initiated by the agency when the employee enters on duty with the uniformed services. (Note: This action is not appropriate when an employee fails to return and did not provide written notice of intent not to return. In that case, he or she is subject to the policy and disciplinary action the agency would normally apply for a similar absence without approval.)

g. **Separation-RIF**—a separation from the agency under parts 351 or 359, title 5, Code of Federal Regulations, or as a consequence of reduction in force.

h. **Termination-Appt In (agency)—**a separation action initiated by either the employee or the agency when the employee (or a group of employees) moves from one agency to another agency.

i. **Termination during Prob/Trial Period**—an agency-initiated separation of an employee who is serving an initial appointment probation or a trial period required by civil service or agency regulations.

j. **Termination-Exp of Appt**—a separation action initiated by the agency to end employment on the not-to-exceed date of a temporary appointment.

Cited in: Casey v United States 25CV7625 Decided on 4/28/26 Docketed 4/30/26 This document is copyrighted by the United States. Further reproduction is prohibited without permission. Reproduction is protected by copyright.

k. **Termination-Sponsor Relocating—**an action to document the separation of a Department of Defense employee who submits a resignation to accompany a military or civilian sponsor to a new duty station.

## 3. Selection of Legal Authority

a. **Meaning of "equivalent to CS Regs."** For some actions covered by this Chapter, the legal authority will depend on whether the action is being taken under civil service laws and regulations, under agency procedures that are equivalent to those required under civil service laws and regulations, or under other procedures. To select the legal authority, you must know what procedures were used. If you are not sure, ask the person who approved the action. *You cannot select the correct authority without knowing the procedures used to effect the action.*

b. **Agency-Unique Authorities.** If the action is being taken under an authority that is unique to your department or agency, cite that authority instead of the authority and code shown in this Chapter. The Office of Personnel Management must have issued an authority code before an agency-unique authority can be used instead of the authorities shown in this Chapter.

c. **Actions for Which the Agency Must Select the Authority.** For some actions you will be given a legal authority code and told to cite the appropriate authority.

 i. If a specific law, Executive Order, regulation, or agency directive was the basis for the action, cite it in the legal authority block on the SF-52/50, *along with the legal authority code shown in the table.*

 ii. When the employee is serving on a temporary appointment and no other law, Executive Order, regulation, or agency directive applies to the action, cite the appointment authority in the legal authority block on the SF-52/50, *along with the legal authority code shown in the table.*

 iii. For situations not described in paragraphs (1) and (2), cite "5 U.S.C. 302" in the legal authority block on the Standard

Cited in Conroy v. United States, 2 C.V. 7625, Decided 4/08/26. Archived on 4/10/2. The document is protected by copyright. Further reproduction is prohibited without permission.

Form 52/50, along with the legal authority code shown in the table. 5 U.S.C. 302 is the general authority for an agency head to delegate authority to take actions necessary to carry out personnel actions. Cite it **only** in those rare instances when no other authority is appropriate for the action.

4. **Documenting Reason(s) for Separations**

   a. **Need for Remarks.** Most of the actions in this Chapter require remarks that document the reasons for the action. These remarks are used to determine future employment eligibility and eligibility for various benefits, including unemployment compensation. When a former employee applies for unemployment compensation, the State employment security agency will use the nature of action and the remarks to adjudicate the claim. Inadequate or incomplete information about the separation may result in delays or errors in processing such claims.

   b. **Employee's Reason for Resignation.**

      i.  Each person who resigns should be asked to do so in writing. Part E of the SF-52 is one option for submitting a written resignation. When the employee resigns orally, try to obtain written confirmation. If this is not possible, ask the person who received the oral resignation to document it in a memorandum for the record.

      ii. In the remarks section of the SF-50, quote in full the employee's reason for resigning. If the employee's reason is so lengthy that it will not fit in the space available, summarize it. The entire reason will remain a matter of record because the resignation is a long-term Official Personnel Folder document.

   c. **Agency Comments Regarding Employee's Reason for Resignation—Agency Finding.**

      i.  **Employees without appeal rights.** When the employee is serving an initial appointment probation or a trial period required by civil service or agency regulations, or when

employee is serving under an appointment that does not afford appeal rights, NO agency comments or findings regarding the employee's resignation may be placed on the SF-52, SF-50, in the employee's Official Personnel Folder, or in the Employee Performance Folder.

ii.   **Employees with appeal rights**. Agency findings should be documented on the resignation SF-50 only when the employee has appeal rights and has been notified in writing of an agency action BEFORE the resignation was submitted. Agency findings should be documented if the employee was notified of:

1.   a proposed or pending disciplinary or adverse action;

2.   a proposed or pending position change due to failure to complete a supervisory/managerial probationary period successfully;

3.   action to withhold a within-grade increase; or

4.   proposed removal from the Senior Executive Service.

*Unless the employee was notified in writing BEFORE submitting the resignation*, do NOT record any adverse agency findings on the SF-52, SF-50, in the Official Personnel Folder or the Employee Performance Folder.

d.   **Agency-Initiated Separations**

i.   Employees without appeal rights. When an employee who is serving on an appointment that *does not* afford appeal rights is separated for conduct and/or performance reasons, NO agency reasons for or comments regarding the action may be placed on the SF-52, the SF-50, in the Official Personnel Folder or Employee Performance Folder.

ii.   Employees with appeal rights. When an employee serving on an appointment that does afford appeal rights is separated by the agency, the agency must summarize the reason(s) for the action in the SF-50 remarks. The reason(s) must be consistent with any written reason(s)

previously given the employee as the basis for his or her separation.

e. **Unemployment Compensation Claims.** An agency may have factual information that would impact on a former employee's unemployment compensation claim but is not documented on the separation SF-50. In these cases, the agency may retain that information in a "subject file" that is separate and apart from the employee's personal records or any other records that are filed by and retrieved by employee name or employee identifier (such as an employee number, a payroll number, or Social Security Number). These files are retained for two years from the effective date of the separation.

## 5. Effective Dates

All separations are effective at the end of the day (midnight) unless an earlier time is indicated on the SF-50.

a. **Termination-Appointment In.** When the separation is to move to other Federal employment without a break in service, the effective date should be the day immediately preceding the day the employee entered on duty in the new employing agency. Do not process the Termination-Appt In (agency) action before receipt of evidence that the employee actually has been appointed in the other agency. Accept as evidence of the appointment only:

   i. A copy of the SF-50 or list form of notice by which the other agency appointed the person; or

   ii. a copy of the other agency's appointment SF-52 showing the appointment date and the appointing official's signature.

b. **Termination during probationary period.** The initial appointment probationary period ends at the end of the employee's tour of duty on the last workday of the probationary period. If management decides to terminate the employee during the probationary period, the SF-50 must be effective on a day prior to the last day of the probationary period, or at a

Cited in Coakley v. United States 25-cv-07625 Docketed 4/28/21 Archived on 4/30/26 This document is protected by copyright. Further reproduction is prohibited without permission.

specific time of day before the end of the employee's workday on the last day of the probationary period.

c. **Other separations.** Resignations are effective on the date specified by the employee. Other separations are effective on the date set by the agency. When advance notice periods are required by law or regulation (for example, under adverse action procedures), the separation may not be effective prior to the last day of any notice period.

d. **Two actions proposed for the same date.** When two actions, such as a termination during probationary period and a resignation, are proposed for the same date but one specifies an earlier time, process the one with the earlier time. When two actions are proposed for the same date and time, process the one that was submitted *first.*

**Example 1:** On July 12th, a supervisor submits a request to terminate a probationary employee, effective July 16th. On July 13th, the employee submits a resignation to be effective "at the end of the workday on July 16th." The agency's action would be effective at midnight since an earlier time was not specified. Because the actions would be effective at different times, and because the resignation would be effective first, the agency processes the resignation instead of the termination.

**Example 2:** On April 10th, the agency notifies the employee of its decision to remove him effective May 10th. On April 12th, the employee submits a resignation which is also effective on May 10th. Because neither request specifies an earlier time, each would be effective at midnight on May 10th. Since the removal was submitted first, the agency processes the removal instead of the resignation.

## 6. Instructions

a. Follow instructions in Chapter 4 to complete the SF-52 and SF-50.

b. Select the nature of action and legal authority from the appropriate table:

      i.  Use [Table 31-A](#) for resignations; and

     ii.  Use [Table 31-B](#) for separations other than resignations.

c.  Use [Table 31-C](#) to select codes for remarks required for the action. Use [Table 31-D](#) to translate remarks codes into the remarks.

d.  Also enter any additional remarks codes/remarks that are required by your agency's instructions or that are necessary to explain the action.

e.  An employee may receive a within-grade increase (WGI) while in nonpay status when the WGI becomes due during the period of nonpay time that is creditable for that step. If the WGI was not processed before the separation, show the step and salary to which employee was entitled in blocks 19 and 20 of the separation [SF-50](#). Use remark P16 to explain that the employee met requirements for the WGI.

f.  Follow your agency's instructions to process the action and distribute the [SF-50](#).

g.  Check [The Guide to Personnel Recordkeeping](#) to decide what documents submitted or created in connection with the action should be filed in the employee's Official Personnel Folder. Follow your agency's instructions to dispose of those not filed in the Folder.

h.  Follow instructions in [The Guide to Personnel Recordkeeping](#) to transfer the Official Personnel Folder. After you dispatch it, if you find any long-term (right/permanent side) records that belong to the Folder, send them immediately to the address to which the Folder was sent. Be sure employee's full name, social security number, and date of birth are on *each form or document*.

# Job Aid

## Actions When an Employee Separates

**Instructions:** This list is intended as a reminder of actions that may be required when an employee separates. Follow your agency procedures to be sure that all required actions are taken.

| *If the Employee* | *Then* |
|---|---|
| Separates for a reason other than death | On or before the separation date, give the employee a completed Standard Form 8 showing the full address of the payroll office maintaining the records. |
| Is enrolled in a health benefits plan | Follow instructions in the Federal Employees' Health Benefits Handbook for Personnel and Payroll Offices. |
| Has Federal Employees' Group Life Insurance (FEGLI) coverage | Follow instructions in The Federal Employees' Group Life Insurance Program - A Handbook for Employees, Annuitants, Compensationers and Employing Offices. |
| Is covered by the Civil Service Retirement System or the Federal Employees' Retirement System | Follow instructions in The CSRS and FERS Handbook for Personnel and Payroll Offices. |
| Was receiving or was entitled to receive severance pay based on a previous separation | Send a copy of the separation SF-50 to the agency responsible for the severance pay fund so they will know to begin or resume any required payments. |
| May be entitled to severance pay based on this separation | Follow agency procedures. (Refer to title 5, Code of Federal Regulations, part 550.) |
| May be eligible for consideration under the agency's reemployment priority list, agency career transition assistance plan, or the interagency career transition assistance plan | Follow agency procedures. (Refer to title 5, Code of Federal Regulations, part 330.) |
| Was earning leave | Follow agency procedures for processing lump sum payments and preparing the Standard Form 1150, Record of Leave Data. |

Greg v. Comey v United States 25-cv-7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction prohibited without permission.

# Tables

## Table 31-A. Documenting Resignations

| Rule | If Resignation is | And | Then NOAC is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 1 | While employee is serving an initial appointment probation, or a trial period required by civil service or agency regulations (See note 7) | | 317 | Resignation | RUM | Reg. 715.202 Other | 1. When employee is leaving your agency to accept employment without a break in service in another agency, follow the instructions in Table 31-B to process the action as a 352/Termination-Appt In (agency). When the employee is moving to another appointment in your agency without a break in service, process the action as a conversion to the new appointment, not a resignation. 2. See Regulation 752.401(c) for a list of the employees who are covered by Part 752 of the civil service regulations and, therefore, have appeal rights. If the employee is serving on an appointment that is not listed in Regulation 752.401(c), such as on an Appt NTE in the competitive service, then the employee has no appeal rights. 3. The suffix "CAA" stands for "in lieu of action proposed under Civil Service adverse action procedures;" the suffix "EAA" stands for "in lieu of action proposed under agency procedures that are equivalent to the Civil Service adverse action procedures;" and the suffix "OAA" stands for "in lieu of action proposed under other adverse action procedures. 7. Use Secondary LAC2 RZM when actions are processed in support of Deferred Resignation effective 1/28/2025. >Use Secondary LAC2 ADR when processing actions for agency specific deferred resignation programs.< | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 2 | While employee is serving under an appointment that does not afford an appeal right (See note 2 and 7) | | | | | | | |
| 3 | While employee is serving a probationary period in the Senior Executive Service (See note 7) | | | | | | | |
| 4 | After receiving notice of proposed or pending adverse action based in whole or in part on employee's misconduct or delinquency | Action is proposed under 5 U.S.C., chapter 75 | | | RQM | Reg. 715.202 CAA (See Note 3) | | |
| 5 | | Action is proposed under agency procedures equivalent to 5 U.S.C., chapter 75 | | | RRM | Reg. 715.202 EAA (See Note 3) | | |
| 6 | | Action is proposed under other procedures not described in Rules 1-5 | | | RSM | Reg. 715.202 OAA (See Note 3) | | |

Cited in Comey v United States 25CV7625 Decided 4/28/26

Archived on 4/30/26

This document is protected by copyright. Further reproduction is prohibited without permission.

*Table 31-A.  Documenting Resignations, Continued*

*12*

| Rule | If Resignation is | And | Then NOAC is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|------|-------------------|-----|--------------|--------|--------------|--------------|-------|---------|
| 7 | After receiving notice of proposed or pending position change as result of failure to satisfactorily complete supervisory (or managerial) probationary period | | 317 | Resignation | R6M | Reg. 715.202 Prob | 1. When employee is leaving your agency to accept employment without a break in service in another agency, follow the instructions in Table 31-B to process the action as a 352/Termination-Appt In (agency). When the employee is moving to another appointment in your agency without a break in service, process the action as a conversion to the new appointment, not a resignation. | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 8 | After receiving notice of proposed removal or placement out of the Senior Executive Service for unacceptable work performance during probation | | 312 | Resignation-ILIA | R6M | Reg. 715.202 Prob | | |
| 9 | Reserved | | | | Reserved | | | |
| 10 | After receiving notice of proposed placement out of the Senior Executive Service for less than successful performance following completion of Senior Executive Service probation | | | | R7M | Reg. 715.202 Perf | | |
| 11 | After employee receives written notice of proposed or pending position change, demotion, or termination for unacceptable or unsatisfactory work performance not covered under Rules 1-10 | Action is proposed under 5 CFR part 432 | | | R7M | Reg. 715.202 Perf | | |

Cited in Comey v. United States
25CV7625 Decided 4/28/26
Archived on 4/30/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-A.  Documenting Resignations, Continued*

*13*

| Rule | If Resignation is | And | Then NOAC is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 12 | After employee receives written notice of proposed or pending position change, demotion, or termination for unacceptable or unsatisfactory work performance not covered under Rules 1-10 | Action is proposed under agency procedures equivalent to those under 5 CFR part 432 | 312 | Resignation-ILIA | R8M | Reg. 715.202 Eq Perf | 1. When employee is leaving your agency to accept employment without a break in service in another agency, follow the instructions in Table 31-B to process the action as a 352/Termination-Appt In (agency). When the employee is moving to another appointment in your agency without a break in service, process the action as a conversion to the new appointment, not a resignation. | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 13 | | Action is proposed under procedures not described in Rules 11-12 | | | RUM | Reg. 715.202 Other | | |
| 14 | After employee receives written notice that position will be contracted out under Office of Management and Budget Circular A-76 | | | | RTR | Reg. 715.202 (A-76) | | |
| 15 | In lieu of proposed or pending reduction in force action or after written notification that position is being abolished | When Rule 14 does not apply | | | RTM | Reg. 715.202 RIF | | |

Cited in Comey v. United States 25CV7625 Decided 4/28/26

Archived on 4/30/26

This document is protected by copyright. Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-A.  Documenting Resignations, Continued*

*14*

| Rule | If Resignation is | And | Then NOAC is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 16 | After receiving notice of a new assignment as part of an established rotation policy within the agency or that was directed by the agency (See note 4) | Assignment is out of commuting area and was not provided for at time of appointment | 312 | Resignation-ILIA | RXM | Reg. 715.202 Relo | 1. When employee is leaving your agency to accept employment without a break in service in another agency, follow the instructions in Table 31-B to process the action as a 352/Termination-Appt In (agency). When the employee is moving to another appointment in your agency without a break in service, process the action as a conversion to the new appointment, not a resignation. 3. The suffix "CAA" stands for "in lieu of action proposed under Civil Service adverse action procedures;" the suffix "EAA" stands for "in lieu of action proposed under agency procedures that are equivalent to the Civil Service adverse action procedures;" and the suffix "OAA" stands for "in lieu of action proposed under other adverse action procedures." 4. If an employee declines a reassignment and the agency issues a notice of proposed separation that is then followed by the employee's resignation, use Rules 20-22. 5. Use this rule only when the employee has been notified in writing of the proposed action. | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 17 | After receiving written notice of a new assignment as a result of his or her job being contracted out under Office of Management & Budget Circular A-76 | | | | RPR | Reg. 715.202 (A-76 Assignment) | | |
| 18 | After receiving notice of a new assignment as a result of his or her job function being moved outside of employee's commuting areas (See note 4) | New assignment is *not* the result of contracting out under Office of Management and Budget Circular A-76 | | | RWM | Reg. 715.202 Reas | | |
| 19 | In lieu of an involuntary action described in Chapter 44 of The CSRS & FERS Handbook, and not covered in Rules 1-18 | Employee has received written notice of the proposed action | | | RPM | Reg. 715.202 | | |
| 20 | In lieu of proposed or pending adverse action that is NOT based on employee's misconduct or delinquency and is not covered by Rules 1-19 (See note 5) | Action is proposed under 5 U.S.C., chapter 75 | | | RQM | Reg. 715.202 CAA (See note 3) | | |
| 21 | | Action is proposed under agency procedures equivalent to those under 5 U.S.C., chapter 75 | | | RRM | Reg. 715.202 EAA (See note 3) | | |

Cited in Comey v United States 25CV7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction is prohibited without permission.

*Table 31-A.  Documenting Resignations, Continued*

| Rule | If Resignation is | And | Then NOAC is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 22 | In lieu of proposed or pending adverse action that is NOT based on employee's misconduct or delinquency and is not covered by Rules 1-19 (See note 5) | Action is proposed under other procedures not described in Rules 1-21 | 312 | Resignation-ILIA | RSM | Reg. 715.202 OAA (See note 3) | 1. When employee is leaving your agency to accept employment without a break in service in another agency, follow the instructions in Table 31-B to process the action as a 352/Termination-Appt In (agency). When the employee is moving to another appointment in your agency without a break in service, process the action as a conversion to the new appointment, not a resignation.<br>3. The suffix "CAA" stands for "in lieu of action proposed under Civil Service adverse action procedures;" the suffix "EAA" stands for "in lieu of action proposed under agency procedures that are equivalent to the Civil Service adverse action procedures;" and the suffix "OAA" stands for "in lieu of action proposed under other adverse action procedures."<br>5. Use this rule only when the employee has been notified in writing of the proposed action.<br>6. If a Department of Defense employee is resigning to accompany a sponsor overseas, use Table 31-B.<br>7. Use Secondary LAC2 RZM when actions are processed in support of Deferred Resignation effective 1/28/2025. >Use Secondary LAC2 ADR when processing actions for agency specific deferred resignation programs.< | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 23 | Under conditions not covered in Rules 1-22 (See note 6 and 7) | | 317 | Resignation | RPM | Reg. 715.202 | | |

Cited in Comey v United States 25CV7625 Decided 4/28/26

Archived on 4/30/26

This document is protected by copyright. Further reproduction is prohibited without permission.

**Table 31-B. Documenting Separations other than Resignations and Retirements Summary**

| If Action is based on | Go to Rules |
|---|---|
| Abandonment of position | 61 |
| Appointment in another agency | 2-12 |
| Conduct | 35-40 |
| Conduct and Performance | 41-46 |
| Contracting out of Employee's Position | 17 |
| Death | 1 |
| Death in the Line of Duty | 64 |
| Directed Reassignment, failure to accept | 21-23 |
| Expiration of Appointment | 14 |
| Failure to qualify for conversion | 57-60 |
| Function or activity moves, employee declines to accompany | 24-26 |
| Lack of work/funds when employee is on a temporary appointment | 18-19 |
| Merit Systems Protection Board instruction | 53 |
| National security, directed by head of agency | 56 |
| Office of Personnel Management instruction | 54-55 |
| Performance | 27-34 |
| Pre-appointment conditions | 47-52 |
| Reemployed annuitant, employee being a | 62 |
| Reduction in Force (RIF) | 15-16 |
| Relocation of a Department of Defense Sponsor | 20 |
| Uniformed Services, duty with | 13 |
| Circumstances not listed above | 63-66 |

Cited in Comey v United States
25-cv-7625 Decided 4/28/26
Archived on 4/30/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*
17

## Table 31-B. Documenting Separations Other than Resignations and Retirements, Continued

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 1 | Because of death of employee (See note 5) | | 350 | Death | | (No entry required) | 1. Although an employee may submit a resignation in such cases, resignation is not required. Do not document the action as a resignation. When employee is moving to the other agency because of a reduction-in-force separation, document the action as a 356/Separation-RIF following the instructions in Rules 16 and 17.<br>2. When employee is on grade retention, compare the grade being retained with the grade of the position to which he or she is moving to determine if the move is to a position at a higher or lower grade.<br>5. Unless the cause of death occurred while in the line of duty, use rule 1 to document the death of an employee. Death in the line of duty results when the deceased employee was a victim of a criminal act, an act of terrorism, a natural disaster, or other circumstances as determined by the President and is documented using rule 64. If at the time of processing the action a determination of death in the line of duty is pending confirmation, document the action using rule 1 and should the finding later confirm that the cause of death occurred while in the line of duty, process a 002/Correction action to reflect the guidance in rule 64. | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 2 | Because employee moves without break in service from one Senior Executive Service position to another in a different agency (See note 1) | | 352 | Termination-Appt In (Agency) | VCR | 5 U.S.C. 3395 | | |
| 3 | When a Senior Executive Service (SES) appointee who has guaranteed placement rights is being appointed to a non-SES position in another agency as a result of action initiated by the appointing officer | Action is based on unacceptable performance during the Senior Executive Service probationary period | | | VDJ | 5 U.S.C. 3594(a) | | |
| 4 | | Action is based on less than fully successful performance following the Senior Executive Service probationary period | | | VCS | 5 U.S.C. 3594(b)(1) | | |
| 5 | | Action is based on reduction in force | | | VCT | 5 U.S.C. 3594(b)(2) | | |
| 6 | | Reserved | | | Reserved | Reserved | | |
| 7 | Because employee has accepted a position in another Federal agency without a break in service under circumstances not covered in Rules 2 through 6 (See notes 1 and 2) | Separation is because function moves from one agency to another | | | PDM | Reg. 351.302 | | |

Cited in Comey v United States 25CV7625 Decided 4/28/26
Archived on 4/30/26
This document is protected by copyright. Further reproduction is prohibited without permission.

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*

18

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 8 | Because employee has accepted a position in another Federal agency without a break in service under circumstances not covered in Rules 2 through 6 (See notes 1 and 2) | Employee accepts job at a higher grade | 352 | Termination-Appt In (Agency) | DFM | Cite specific authority for action (i.e., 5 CFR part 715 Prom, or an agency specific authority) | 1. Although an employee may submit a resignation in such cases, resignation is not required. Do not document the action as a resignation. When employee is moving to the other agency because of a reduction-in-force separation, document the action as a 356/Separation-RIF following the instructions in Rules 16 and 17.<br><br>2. When employee is on grade retention, compare the grade being retained with the grade of the position to which he or she is moving to determine if the move is to a position at a higher or lower grade.<br><br>6. Use Secondary LAC2 RZM when actions are processed in support of Deferred Resignation effective 1/28/2025. >Use Secondary LAC2 ADR when processing actions for agency specific deferred resignation programs.< | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 9 | Because employee has accepted a position in another Federal agency without a break in service under circumstances not covered in Rules 2 through 8 (See notes 1 and 2) | Employee accepts a job at a lower grade job | 352 | Termination-Appt In (agency) | DKM | Cite specific authority for action (i.e., 5 CFR part 715 CLG, or an agency specific authority) | | |
| 10 | | Employee accepts a job at the same grade or in a different pay system | | | DBM | Cite specific authority for action (i.e., 5 CFR part 715, or an agency specific authority) | | |
| 11 | To transfer to an international organization | | | | PZM | Reg. 352.308 | | |
| 12 | To accept appointment with the American Institute in Taiwan | | | | ZPM | P.L. 96-8 | | |
| 13 | Because employee is entering on duty with the uniformed services (See note 6) | Employee has provided written notice of intent not to return to a position of employment with the agency or elects to be separated in lieu of Leave Without Pay | 353 | Separation-US | Q3K | 5 CFR part 353 | | |

Cited in Comey v United States 25-CV7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction is prohibited without permission.

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*

19

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 14 | Effected on the Not-to-Exceed date of a temporary appointment or when employee has worked the number of days or hours to which the appointment was limited (See Notes 6 & 7) | | 355 | Termination-Exp of Appt | | (No Entry Required) | 1. Although an employee may submit a resignation in such cases, resignation is not required. Do not document the action as a resignation. When employee is moving to the other agency because of a reduction-in-force separation, document the action as a 356/Separation-RIF following the instructions in Rules 16 and 17. | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 15 | Under reduction-in-force (RIF) procedures (See note 1) | Employee is in the Senior Executive Service | 356 | Separation-RIF | VDK | 5 U.S.C. 3595 | 6. Use Secondary LAC2 RZM when actions are processed in support of Deferred Resignation effective 1/28/2025. >Use Secondary LAC2 ADR when processing actions for agency specific deferred resignation programs.< | |
| 16 | | Employee is in the competitive service or the excepted service | | | PNM | Reg. 351.603 | | |
| 17 | Due to contracting out of functions under Office of Management and Budget Circular A-76 (See note 1) | | | | PNR | Reg. 351.603 (A-76) | 7. Use Secondary LAC2 Z3Z when actions are processed in support of Return to In Person Work effective 1/20/2025. | |
| 18 | Because of lack of work, lack of funds, or ceiling limitations when employee is on a competitive service appointment limited to one year or less | Action is not effected under reduction-in-force regulations | 357 | Termination | MUM | Reg. 316.401 | | |
| 19 | Because of lack of work, lack of funds, or ceiling limitations | When employee is on a temporary appointment that is not described in Rules 1-18 | | | UYM | (Enter authority under which employee was appointed) | | |

Cited in Comey v United States 25CV7625 Decided 4/28/26
Archived on 4/30/26
This document is protected by copyright. Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*
20

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 20 | The result of a Department of Defense (DoD) employee submitting a resignation to accompany sponsor military or civilian sponsor to a new duty station (See note 3) | Sponsor is on active duty in the military or is a Department of Defense civilian employee who (1) signed a mobility agreement which requires as a condition of employment, accepting an assignment anywhere in the world at management's request, or (2) relocates to or from an assignment at a duty station outside the continental United States. | 351 | Termination-Sponsor Relocating | RPM | Reg. 715.202 | 3.  The agency should review a copy of the orders assigning the employee's sponsor to a new duty station before using this code.<br>7.  Use Secondary LAC2 Z3Z when actions are processed in support of Return to In Person Work effective 1/20/2025. | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 21 | Because employee declined to accept a directed reassignment, outside the commuting area, which was not provided for in employee's position description or employment agreement. (See note 7) | Action is effected under 5 U.S.C., chapter 75 | 330 | Removal | V9A | 5 U.S.C. 75 Reas | | |
| 22 | | Action is effected under agency procedures, equivalent to those under 5 U.S.C., chapter 75, that afford employee appeal rights | | | V9B | 5 U.S.C. 75 Reas-Eq | | |
| 23 | | Action is effected under procedures that do not afford employee appeal rights | 357 | Termination | USM | (Enter Agency Authority) | | |

Chapter 31:  Guide to Processing Personnel Actions

Cited in Comey v. United States
25CV7625 Decided 4/28/26
Archived on 4/30/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*
21

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 24 | Because employee declined to accompany his or her function or activity when it was moved outside of the employee's commuting area | Action is effected under 5 U.S.C., chapter 75 | 330 | Removal | VJJ | 5 U.S.C. 75 Relo | | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 25 | | Action is effected under agency procedures, equivalent to those under 5 U.S.C., chapter 75, that afford employee appeal rights | | | V2J | 5 U.S.C. 75 Relo-Eq | | |
| 26 | | Action is effected under procedures that do not afford employee appeal rights | 357 | Termination | UTM | (Enter Agency Authority) | | |
| 27 | Based on unacceptable or unsatisfactory performance (when employee's conduct is not a factor) | Is effected under Part 432, Civil Service Regulations | 330 | Removal | QGM | Reg. 432.101 | | |
| 28 | Based on unacceptable or unsatisfactory performance (when employee's conduct is not a factor) | Is effected under agency procedures, equivalent to those required under part 432, Civil Service Regulations, that afford employee appeal rights | 330 | Removal | QHM | Reg. 432.101 Eq | | |
| 29 | Based on unacceptable or unsatisfactory performance or other factors unrelated to misconduct or delinquency | Action is processed under part 752D, Civil Service Regulations | 330 | Removal | VWP | 5 U.S.C. 7513 | | |
| 30 | | Action is processed under agency regulations, equivalent to those required under part 752D, Civil Service Regulations, that afford employee appeal rights | | | VWR | 5 U.S.C. 7513 Eq | | |

Cited in Comey v United States 25CV7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*
22

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 31 | Based on unacceptable or unsatisfactory performance or other factors unrelated to misconduct or delinquency | Employee is serving an initial probationary period | 385 | Termination during prob/ trial period | L2M | Reg. 315.804 | | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 32 | | Employee is serving a trial period required by civil service or agency regulation | | | L4M | Reg. 315.804 Eq | | |
| 33 | | Employee is currently serving a probationary period in the Senior Executive Service | | | V2M | 5 U.S.C. 3393 | | |
| 34 | | Employee is serving on an appointment not described in Rules 31-33 that does not afford appeal rights | 357 | Termination | ZLK | (Enter Law, Executive Order or Regulation that authorizes termination because of performance) | | |
| 35 | Based on employee's conduct or delinquency after entrance on duty (when work performance is not a factor, and the separation is not covered under Rules 27-34) | Is effected under 5 U.S.C., chapter 75 (under civil service adverse action procedures) | 330 | Removal | V6J | 5 U.S.C. 75 Postappt | | |
| 36 | | Is effected under an agency authority, following procedures that are equivalent to those required under 5 U.S.C., chapter 75, that afford employee appeal rights | | | V8J | 5 U.S.C. 75 Postappt-Eq | | |
| 37 | Based on employee's conduct or delinquency after entrance on duty (when work performance is not a factor and the separation is not covered under Rules 27-34) | Is effected during an initial appointment probation | 385 | Termination during prob/ trial period | L2M | Reg. 315.804 | | |
| 38 | | Is effected during a trial period required by civil service or agency regulations | | | L4M | Reg. 315.804 Eq | | |
| 39 | | Is effected during the probationary period of a Senior Executive Service career appointee | | | VYM | 5 U.S.C. 3393 Postappt | | |

Cited in Comey v United States 25CV7625 Decided 4/28/26

Archived on 4/30/26

This document is protected by copyright. Further reproduction is prohibited without permission.

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*

23

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 40 | Based on employee's conduct or delinquency after entrance on duty (when work performance is not a factor, and the separation is not covered under Rules 27-34) | Employee is serving on an appointment other than one described in Rules 37-39 that does not afford appeal rights | 357 | Termination | ZLJ | (Enter Law, Executive Order or Regulation that authorizes termination because of misconduct) | | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 41 | Because of employee's conduct or delinquency after entrance on duty *and* because of unacceptable performance | Is effected under 5 U.S.C., chapter 75 (under civil service adverse action procedures) | 330 | Removal | VAJ | 5 U.S.C. 75 | | |
| 42 | | Is effected under an agency authority, following procedures equivalent to those required under 5 U.S.C., chapter 75, that affords employee appeal rights | | | VHJ | 5 U.S.C. 75 Eq | | |
| 43 | | Is effected during an initial appointment probation | 385 | Termination during prob/trial period | L5M | Reg. 315.804 Mix | | |
| 44 | | Is effected during a trial period required by civil service or agency regulations | | | LXM | Reg. 315.804 Eq Mix | | |
| 45 | Because of employee's conduct or delinquency after entrance on duty and because of unacceptable performance | Is effected during the probationary period of a Senior Executive Service career appointee | 385 | Termination during prob/trial period | V2M | 5 U.S.C. 3393 | | |

Cited in Comey v United States 25-cv-7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*
24

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 46 | Because of employee's conduct or delinquency after entrance on duty and because of unacceptable performance | Employee is serving on an appointment other than one described in Rules 43-45 that does not afford appeal rights | 357 | Termination | ZLL | (Enter Law, Executive Order, or Regulation that authorizes termination because of *both* misconduct and performance) | | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 47 | Because of conditions arising in whole or in part before employee's entrance on duty, such as making false statements on application/ resume or failure to qualify in investigation | Is effected under 5 U.S.C., chapter 75 (under civil service adverse action procedures) | 330 | Removal | V5J | 5 U.S.C. 75 Preappt | | |
| 48 | | Is effected under an agency authority, following procedures equivalent to those required under 5 U.S.C., chapter 75 | | | V7J | 5 U.S.C. 75 Preappt Eq | | |
| 49 | | Is effected during an initial appointment probation | 385 | Termination during prob/trial period | L6M | Reg. 315.805 | | |
| 50 | | Is effected during a trial period required by civil service or agency regulations | | | L8M | Reg. 315.805 Eq | | |
| 51 | | Is effected during the probationary period of a Senior Executive Service career appointee | | | VUM | 5 U.S.C. 3393 Preappt | | |
| 52 | | Employee is serving on an appointment other than one described in Rules 49-51 that does not afford appeal rights | 357 | Termination | UXM | (Enter Law, Executive Order, or Regulation that authorizes the termination) | | |

Cited in Copley v. United States 25CV7625 Decided 4/28/26. Archived on 4/30/26. This document is protected by copyright. Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*
25

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|---|---|---|---|---|---|---|---|---|
| 53 | Instructed by the Merit Systems Protection Board | | 357 | Termination | VAA | 5 U.S.C. 1204 | 4. If employee is later found, in fact, to have resigned before the termination was processed, the termination can be corrected (following the procedures in Chapter 32) to show a resignation. | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 54 | Instructed by the Office of Personnel Management | Is based on suitability reasons | 330 | Removal | RYM | Reg. 731.201 | | |
| 55 | Instructed by the Office of Personnel Management | Is based on reasons other than suitability | 357 | Termination | A3M | CS Rule V | | |
| 56 | Effected by agency head in the interest of national security | | 330 | Removal | V4J and ZEM | 5 U.S.C. 7532 and E.O. 10450 | | |
| 57 | Required because employee failed, because of misconduct or delinquency, to qualify for conversion under Regulation 315.704 | Action is effected under procedures of 5 U.S.C., chapter 75 | | | LTM and VAJ | Reg. 315.704(c)-conduct and 5 U.S.C. 75 | | |
| 58 | | Action is not effected under procedures of 5 U.S.C., chapter 75 | 357 | Termination | LTM | Reg. 315.704(c)-conduct | | |
| 59 | Because employee failed to qualify for conversion under Regulation 315.704 for reasons other than conduct or delinquency, such as for failure to pass an examination | Action is effected under 5 U.S.C., chapter 75 | 330 | Removal | LUM and VAJ | Reg. 315.704(c) and 5 U.S.C. 75 | | |
| 60 | | Action is not effected under 5 U.S.C., chapter 75 | 357 | Termination | LUM | Reg. 315.704(c) | | |
| 61 | Because employee abandoned his or her position (See note 4) | Adverse action removal procedures are not followed | | | C7M | Reg. 715.202-Abandonment | | |
| 62 | Of a reemployed annuitant serving at the will of the appointing authority | The basis and procedure for the termination are not covered in Rules 14-61 | | | VCM | 5 U.S.C. 3323 | | |
| 63 | For employee to accept employment with a non-Federal Government entity that takes over his or her Federal functions | The employee will continue to receive Federal benefits | 390 | Separation-Appt In (name of entity) | ZLM | (Cite specific statute that authorizes the transfer of function) | | |

Cited in Conley v. United States 25CV7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-B.  Documenting Separations Other than Resignations and Retirements, Continued*
26

| Rule | If Separation Is | And | Then NOAC Is | NOA Is | Auth Code Is | Authority Is | Notes | Remarks |
|------|------------------|-----|--------------|--------|--------------|--------------|-------|---------|
| 64 | Because of death of employee in the line of duty (See note 5) | | 354 | Death in the Line of Duty | | | 5. Unless the cause of death occurred while in the line of duty, use rule 1 to document the death of an employee. Death in the line of duty results when the deceased employee was a victim of a criminal act, an act of terrorism, a natural disaster, or other circumstances as determined by the President and is documented using rule 64. If at the time of processing the action a determination of death in the line of duty is pending confirmation, document the action using rule 1 and should the finding later confirm that the cause of death occurred while in the line of duty, process a 002/Correction action to reflect the guidance in rule 64.<br>6. Use Secondary LAC2 RZM when actions are processed in support of Deferred Resignation effective 1/28/2025. >Use Secondary LAC2 ADR when processing actions for agency specific deferred resignation programs.<<br>7. Use Secondary LAC2 Z3Z when actions are processed in support of Return to In Person Work effective 1/20/2025. | Jump to listing of Remarks (Use as many remarks as are applicable) |
| 65 | Under circumstances not described | Employee is entitled to appeal the separation | 330 | Removal | ZLM | (Enter Law, Executive Order or Regulation that authorizes the action) | | |
| 66 | elsewhere in this table (See notes 6 and 7) | Employee is not entitled to appeal the separation | 357 | Termination | | | | |

Cited in Comey v United States 25CV7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction is prohibited without permission.

---

Chapter 31:  Guide to Processing Personnel Actions

*Chapter 31:  Separations by Other than Retirement*

**Table 31-C. Codes for Required Remarks** (Important: More than One Rule May Apply)

Return to Table 31-A, 31-B

| Rule | If | And | And | Then Required Remarks Codes Are | Notes |
|---|---|---|---|---|---|
| 1 | Nature of action code is *not* 350 or 354 | | | M67 | 1. See Table 31 D to translate codes into actual remarks. |
| 2 | Employee is resigning | Gave a reason for resignation | | R19 | |
| 3 | | Gave no reason for resigning | | S68 | |
| 4 | Employee's reason for resigning is work-connected | Employee was advised of the opportunity to file a grievance (**See notes 2 and 3**) | Employee filed a grievance | M26 | 2. When employee is serving an initial appointment probation, a trial period required by civil service or agency regulations, or on an appointment which does not afford appeal rights, NO agency findings regarding employee's resignation or agency reasons for termination may be placed on the Standard Form 50. |
| 5 | | | Employee did not file a grievance | M27 | |
| 6 | Senior Executive Service Career Appointee is resigning | Resigns after receiving notice of removal or placement out of the Senior Executive Service during probation | | M58 | |
| 7 | | Resigns after receiving notice of placement out of the Senior Executive Service for less than fully successful performance following completion of Senior Executive Service probation | | M58 and S82 | |
| 8 | | | Reserved | Reserved | |
| 9 | | | | | |
| 10 | Employee resigns after being given written notice of adverse action the Office of Personnel Management or agency *proposes* to take | Employee has been serving on an appointment which does afford appeal rights (See note 2) | The action proposed was a separation action | S31 | 3. When employee's reason for resigning is work connected, the employee may file a grievance. Check with the personnel specialist who approved the action to determine if the employee was so advised; if so, ask which of these remarks applies. |
| 11 | | | The action proposed was a demotion | S32 | |
| 12 | | | The action proposed was a suspension | S33 | |
| 13 | Employee resigns after being given written notice of adverse action the Office of Personnel Management or agency has *decided* to take | | The pending action was a separation action | S28 | |
| 14 | | | The pending action was a demotion | S29 | |
| 15 | | | The pending action was a suspension | S30 | |
| 16 | Employee resigns after receiving notice that within-grade increase will be denied but before the 888/Denial of Within-grade Inc action is effected | | | S80 | |

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-C.  Codes for Required Remarks, Continued*
28

| Rule | If | And | And | Then Required Remarks Codes Are | Notes |
|---|---|---|---|---|---|
| 17 | Employee resigns during initial appointment probation | | | S65 | 1. See Table 31 D to translate codes into actual remarks. |
| 18 | Employee resigns during trial period | | | S66 | |
| 19 | Employee is serving a probationary period for a supervisory (or managerial) position | Resigns after being notified of *proposed* position change for failure to satisfactorily complete that probationary period | | S74 | 2. When employee is serving an initial appointment probation, a trial period required by civil service or agency regulations, |
| 20 | | Resigns after being notified of *decision* on position change as a result of failure to satisfactorily complete that probationary period | | S75 | or on an appointment which does not afford appeal rights, NO agency findings |
| 21 | Employee received a reduction-in-force notice | Was offered another job | Declined the offer without giving a reason | S51, S54, and S56 | regarding employee's resignation or agency reasons for termination may be |
| 22 | | | Gave reasons for declining the offer | S51, S54, and R55 | placed on the Standard Form 50. |
| 23 | | Was not offered another job | | S51 and S58 | |
| 24 | Separation is based on employee's declination of relocation | | | R53 | 6. These instructions do not apply when action is 352/Termination Appt in (agency). |
| 25 | Separation is based on employee's declination of assignment | | | R52 | |
| 26 | Employee is terminated after receiving a written notice of adverse action *proposed* by the Office of Personnel Management or agency (See note 6) | The termination was for reasons other than the proposed adverse action (See note 2) | The action proposed was a separation | S42 | |
| 27 | | | The action proposed was a demotion | S41 | |
| 28 | | | The action proposed was a suspension | S40 | |
| 29 | Employee is terminated after receiving a written notice of *decision* on an adverse action proposed by the Office of Personnel Management or agency (See note 6) | The termination was for reasons other than the pending adverse action (See note 2) | The decision was a separation | S45 | |
| 30 | | | The decision was a demotion | S44 | |
| 31 | | | The decision was a suspension | S43 | |
| 32 | Separation is ordered by the Merit Systems Protection Board | | | S73 | |
| 33 | Separation is ordered by the Office of Personnel Management | | | S46 | |
| 34 | Separation is NOT ordered by the Office of Personnel Management or the Merit Systems Protection Board | | | S47 | |
| 35 | Nature of Action is *355/Termination—Exp of Appt* | Employee refused extension of appointment | | S57 | |
| 36 | Employee separates to accompany a U.S. Government military or civilian sponsor overseas (outside the United States) | | | S78 | |

Cited in Carney v United States 25CV7625 Decided 4/28/26. Archived on 4/30/26. This document is protected by copyright. Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-C.  Codes for Required Remarks, Continued*

29

| Rule | If | And | And | Then Required Remarks Codes Are | Notes |
|---|---|---|---|---|---|
| 37 | Employee was entitled to Sole Survivorship veterans preference | Block 23 of the SF-50 reflects "7" | | E59 | 1. See Table 31-D to translate codes into actual remarks. |
| 38 | Employee's total salary includes payment for administratively uncontrollable overtime (AUO) | | | P82 | 4. Remarks on the separation Standard Form 50 for the previous separation and on the Standard Form 50 for the current appointment should show whether or not employee was entitled to and/or received severance pay based upon a previous separation. |
| 39 | Employee's total salary includes a supervisory differential | | | P80 | |
| 40 | Nature of action code is 350 or 354 | Employee was in phased retirement status at time of death | | M19 | |
| 41 | Employee's total salary includes availability pay | | | P98 | |
| 42 | Pay in position from which employee is separating has been set at a special rate under 5 U.S.C. 5305 | | | P05 | |
| 43 | Employee was receiving (or was entitled to receive) severance pay at the time of current appointment based upon a previous separation (See note 4) | Severance pay is to be resumed by agency responsible for severance pay fund (See note 5) | | N20 | 5. See 5 CFR part 550, subpart G, to determine conditions under which employee is entitled to severance pay, severance pay will be recomputed or resumed, and conditions under which severance pay entitlement is lost. |
| 44 | | Employee lost entitlement to severance pay (See note 5) | | N23 | |
| 45 | | Severance pay is to be *recomputed* by agency responsible for severance pay fund (See note 5) | | N21 | |
| 46 | Employee is entitled to severance pay based upon the separation (See note 5) | | | N22 and N59 | |

Chapter 31:  Guide to Processing Personnel Actions

Created by an attorney in the United States
25-cv-07625 Decided 4/28/26
Archived on 4/30/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

*Table 31-C.  Codes for Required Remarks, Continued*

30

| Rule | If | And | And | Then Required Remarks Codes Are | Notes |
|------|-----|------|------|-------------------------------|-------|
| 47 | Employee's separation is involuntary | Employee is not entitled to severance pay | | N23 | 1. See Table 31-D to translate codes into actual remarks |
| 48 | Employee completed requirements for a within-grade increase *on* or *before* separation date | The within-grade increase was not effected | | P16 | 7. Follow instructions in Figure 6-4 to convert hours worked to months and days of service credit. Standard Form 50 remarks are used as the basis for future service computation date calculations. Therefore, if your agency uses additional remarks to explain the time the employee worked, those agency remarks must show the intermittent service in terms of the credit to which the employee is entitled, rather than in terms of elapsed calendar time. Example: if employee worked on ten different days for a total of 35 hours, show in your agency remarks that the 35 hours equaled 6 days of service credit. |
| 49 | Employee will receive lump sum payment for annual leave | The exact number of hours of unused annual leave is known | Retained rate will terminate during period of lump sum payment | N26 and P18 | |
| 50 | | | Retained rate will not terminate during period of lump sum payment | N26 | |
| 51 | | | Employee does not have retained rate | | |
| 52 | | The exact number of hours of unused annual leave is not yet available | Retained rate *will* terminate during period of lump sum payment | N27 and P18 | |
| 53 | | | Retained rate *will not* terminate during period of lump sum payment | N27 | |
| 54 | | | Employee does not have retained rate | | |
| 55 | Employee has been in nonpay status during current calendar year | Total nonpay status during current calendar year exceeds 6 months | | G31 | |
| 56 | Separation is from intermittent employment | Employment has been without compensation (WC) | | G29 (See note 7) | |
| 57 | | Employment has been *with* pay | | G30 (See note 7) | |
| 58 | Employee may be barred from annuity under 5 U.S.C. chapter 83, subchapter II | Employee is *eligible* to apply for an immediate annuity | | M61 | |
| 59 | | Employee is *not eligible* to apply for an immediate annuity | | M60 | |
| 60 | Separation results from work-related injury/disability (see 5 U.S.C. 8102) | Employee is eligible for continuation of pay | | N11 and N12 | |
| 61 | | | | N10 | |

Cheatin Somey v United States 25-cv-7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

*Table 31-C.  Codes for Required Remarks, Continued*
*31*

| Rule | If | And | And | Then Required Remarks Codes Are | Notes |
|---|---|---|---|---|---|
| 62 | Employee, who is separating from Federal service, has life insurance coverage | Employee has made an assignment of life insurance coverage | | B69 | 1. See Table 31-D to translate codes into actual remarks. 2. When employee is serving an initial appointment probation, a trial period required by civil service or agency regulations, or on an appointment which does not afford appeal rights, NO agency findings regarding employee's resignation or agency reasons for termination may be placed on the Standard Form 50. 8. See The Employees Health Benefits Handbook for information about determining whether an involuntary separation is due to gross misconduct. |
| 63 | | Employee has not made an assignment of life insurance coverage | | B46 | |
| 64 | | Is separating to enter on active duty with the uniformed services | | B76 | |
| 65 | Employee, who is separating from Federal service, has health benefits coverage | Separation is involuntary due to gross misconduct (See note 8) | Is not being placed on the Office of Workers' Compensation Programs rolls | B47 | |
| 66 | | Separation is not described in Rule 65 | | B53 | |
| 67 | Employee has elected to retain coverage under a retirement system for Non-appropriated Fund employees | | | B63 | |
| 68 | Employee under the Federal Employees Retirement System is separated after attaining the minimum retirement age (MRA) and completing 10 years of creditable service (see The CSRS and FERS Handbook, Chapter 42) | | | B62 | |
| 69 | Employee under the Federal Employees Retirement System is separated after completing 10 years of creditable service (see The CSRS and FERS Handbook, Chapter 42) | | | B61 | |
| 70 | Employee is transferred to an international organization | | | M62 | |
| 71 | Employee separates to go to the American Institute in Taiwan under P.L. 96-8 | | | M04 | |
| 72 | Senior Executive Service (SES) appointee who has guaranteed placement rights is being appointed to a non-SES position in another agency | The action is based on unacceptable performance during probation or less than fully successful performance following probation. | | M58 | |
| 73 | Employee abandoned his or her position | | | S20 | |
| 74 | Employee will have reemployment rights | | | M64 | |
| 75 | Employee is separating from an excepted service appointment, a Senior Executive Service appointment, or a temporary or term appointment in the competitive service | Is a nonveteran who previously held a career-conditional appointment | Current employment occurred within 3 years after separation from that career-conditional appointment | M83 | |
| 76 | Action is a 357/Termination | Reason for the action is not described in Rules 1-75 and employee was serving on an appointment that did provide appeal rights (See note 2) | | S48 | |

Cited in Comey v United States 25CV7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction is prohibited without permission.

*Table 31-C.  Codes for Required Remarks, Continued*
*32*

| Rule | If | And | And | Then Required Remarks Codes Are | Notes |
|---|---|---|---|---|---|
| 77 | Action is a 330/Removal | | | S47 | 1. See Table 31-D to translate codes into actual remarks. |
| 78 | Employee is a senior political appointee whose position is subject to the pay freeze for certain senior political officials | | | P83 | 2. When employee is serving an initial appointment probation, a trial period required by civil service or agency regulations, or on an appointment which does not afford appeal rights, NO agency findings regarding employee's resignation or agency reasons for termination may be placed on the Standard Form 50. |
| 79 | If employee separation is due to Deferred Resignation effective 01/20/2025 | | | R56 | |
| >80< | >If employee retirement is due to an agency specific deferred resignation program.< | | | >R23< | |

Cited in Comey v United States
25CV7625 Decided 4/28/26

Archived on 4/30/26

This document is protected by copyright.
Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions

## Table 31-D. Codes and Corresponding Remarks

Return to Table 31-A, 31-B, 31-C

| Remark Code | Then remark is |
|---|---|
| B46 | SF 2819 was provided. Life insurance coverage is extended for 31 days during which you are eligible to convert to an individual policy (non-group contract). |
| B47 | Health benefits coverage is extended for 31 days during which you are eligible to convert to an individual policy (non-group contract). |
| B53 | Health benefits coverage is extended for 31 days during which you are eligible to convert to an individual policy (non-group contract). You are also eligible for temporary continuation of your FEHBP coverage for up to 18 months. |
| B61 | You appear to be eligible for early deferred retirement benefits at age (enter eligibility age). If you have questions, contact your agency retirement counselor. |
| B62 | You appear to be eligible for immediate MRA + 10 retirement annuity. If you have questions, contact your agency retirement counselor. |
| B63 | Elected to retain coverage under a retirement system for NAF employees. |
| B69 | Employee has assigned ownership of the life insurance coverage. Assignment terminates 31 days after separation date unless employee is entitled to continued coverage before that date. |
| B76 | FEGLI coverage continues at no cost to you until your time in nonpay status totals 12 months. If you are in active-duty military status, you may elect to continue FEGLI coverage for an additional 12 months by paying both the employee and agency premiums (Basic coverage) and by paying the entire cost (Optional coverage). Per Section 1102 of Public Law 110-181, you must make the election before the end of your first 12 months in nonpay status. Contact your servicing Human Resources Office or see the FEGLI Handbook. |
| E59 | When "7" is reflected in block 23 above, employee is entitled to No Points/Sole Survivorship Preference. |
| G29 | Intermittent employment totaled (number) hours in work status from (date) to (date). [Note: When information on work status is not immediately available, prepare Standard Form 50 without it. Process a 002/Correction action to add the information to the Standard Form 50 later.] |
| G30 | Intermittent employment totaled (number) hours in work status from (date) to (date). [Note: When information on pay status is not immediately available, prepare Standard Form 50 without it. Process a 002/Correction action to add the information to the Standard Form 50 late.] |
| G31 | Nonpay time not previously recorded in calendar year (year) totaled (number) hours. |
| M04 | Under P.L. 96-8, is entitled to continue FEGLI and health benefits. Has reemployment rights in (agency from which separated) or successor agency upon separation from the Institute, subject to such time period and other conditions as the President may prescribe. |
| M19 | Certify full time salary for FEGLI. |
| M26 | Employee was advised of opportunity to file grievance and elected to do so. |
| M27 | Employee was advised of opportunity to file grievance and elected not to do so. |
| M58 | No SES reinstatement rights. |
| M60 | Information on possible 5 U.S.C. chapter 83, subchapter. II, case may be obtained from (enter name & address). [Note: Enter this remark on payroll copy only of Standard Form 50.] |
| M61 | Possible 5 U.S.C. chapter 83, subchapter. II, case. [Note: Enter this on payroll copy only of SF-50. |
| M62 | You have reemployment rights in (agency) under 5 U.S.C. 3582 provided separation is no later than (enter period) after the date of entry on duty in (name of international organization) and you apply to this agency within 90 days from date of your separation. |
| M64 | You have employment rights in (agency) for (how long) under (authority). |

Cited in *American Federation... v. United States...*, No. 25-7625 (2d Cir. Dec. 4/28/26) This document is protected by copyright. Further reproduction is prohibited without permission.

*Table 31-D.  Codes and Corresponding Remarks, Continued*

34

| Remark Code | Then remark is |
|---|---|
| M67 | Forwarding address: |
| M83 | The 3-year limitation eligibility for reinstatement is extended by the period you serve on excepted, SES, term, or temporary appointment. |
| N10 | To (or expected to) be paid under 5 U.S.C. chapter 81. |
| N11 | Employee is entitled to 45 calendar days of continuation of regular pay under 5 U.S.C., chapter 81, section 8118. |
| N12 | Expected to be paid under 5 U.S.C. chapter 81 following 45 calendar days COP period. |
| N20 | Severance pay to be resumed by (agency responsible for severance pay fund). |
| N21 | Severance pay to be recomputed by (agency responsible for severance pay fund). |
| N22 | Entitled to ($ ) severance pay fund to be paid at the rate of ($ ) per week over (number) of weeks beginning (date). |
| N23 | Not entitled to severance pay. |
| N26 | Lump-sum payment to cover (number) hours ending (date and hour). |
| N27 | Lump sum payment to be made for any unused annual leave. |
| N59 | OPF retained by (name & address of office). |
| P05 | Special rate under 5 U.S.C. 5305. |
| P16 | Met all requirements for WGI to (grade and step) on (date); due on (date). |
| P18 | Retained rate period expires (date). Effective (date) pay will be (amount). |
|  | Reserved |
| P80 | Salary in block 12 includes supervisory differential of $___. |
| P82 | Salary in block 12 includes AUO of $___. |
| P83 | The employee occupies a position subject to the pay freeze for certain senior political officials. Notwithstanding otherwise applicable pay statutes and regulations, pay may be set and adjusted only in accordance with applicable provisions of the pay freeze statute. |
| P98 | Salary in block 12 includes availability pay of $_____. |
| R19 | Reason for resignation: (Enter reason given by employee. When reason is too lengthy to fit into block 45 of the Standard Form 50, it should be summarized). |
| >R23< | >Agency Deferred Resignation.< |
| R52 | Reason(s) for declination of assignment: (enter reason(s)). |
| R53 | Reason(s) for declination of relocation: (enter reason(s)). |
| R55 | Refused job offer because: (reasons given by employee). |
| R56 | *** Deferred Resignation Program. |
| S20 | (State the conditions under which the employee abandoned the position.) |
| S28 | Agency Finding: Resigned after receiving written notice on (date) of decision to separate for (reasons). |
| S29 | Agency Finding: Resigned after receiving written notice on (date) of decision to demote for (reasons). |

Cited in Coney v. United States 25-cv7625 Decided 4/28/26 Archived on 4/30/26 This document is protected by copyright. Further reproduction is prohibited without permission.

*Table 31-D.  Codes and Corresponding Remarks, Continued*
35

| Remark Code | Then remark is |
|---|---|
| S30 | Agency Finding: Resigned after receiving written notice on (date) of decision to suspend for (reasons). |
| S31 | Agency Finding: Resigned after receiving written notice on (date) of proposal to separate for (reasons). |
| S32 | Agency Finding: Resigned after receiving written notice on (date) of proposal to demote for (reasons). |
| S33 | Agency Finding: Resigned after receiving written notice on (date) of proposal to suspend for (reasons). |
| S40 | Agency Finding: Terminated after receiving written notice on (date) of proposal to suspend for (reasons). |
| S41 | Agency Finding: Terminated after receiving written notice on (date) of proposal to demote for (reasons). |
| S42 | Agency Finding: Terminated after receiving written notice on (date) of proposal to separate for (reasons). |
| S43 | Agency Finding: Terminated after receiving written notice on (date) of decision to suspend for (reasons). |
| S44 | Agency Finding: Terminated after receiving written notice on (date) of decision to demote for (reasons). |
| S45 | Agency Finding: Terminated after receiving written notice on (date) of decision to separate for (reasons). |
| S46 | Separated by order of Office of Personnel Management dated (date) for violation of CS (enter proper rule or regulation). |
| S47 | Reason(s) for removal: (state reason(s)). |
| S48 | Reason(s) for termination: (state reason(s)). |
| S51 | RIF notice dated (date). |
| S54 | Offered job(s) of (position title, grade, salary, and geographical location). |
| S56 | No reason given by employee for refusing job offer. |
| S57 | Refused extension of appointment. |
| S58 | No other work available. |
| S65 | Resigned during initial appointment probationary period. |
| S66 | Resigned during trial period. |
| S68 | Employee gave no reason for resignation. |
| S73 | Separated by order of Merit Systems Protection Board dated (date) for (enter briefly, but specifically, the reasons given by MSPB). |
| S74 | Agency Finding: Resigned after receiving notice of proposed position change as a result of failure to satisfactorily complete probationary period for supervisory (or managerial) position. |
| S75 | Agency Finding: Resigned after receiving notice of decision on position change as a result of failure to satisfactorily complete probationary period for supervisory (or managerial) position. |
| S78 | Employee is accompanying a U.S. Government sponsor overseas. |
| S80 | Agency Finding: Resigned after receiving notice that within-grade increase would be denied. |
| S82 | Agency Finding: Resigned after receiving written notice on (date) of proposed placement out of the SES for (reason(s)). |
| S83 | There is no annuity reduction based on age per 5 U.S.C. 8339(h). |
| S84 | Eligible for an annuity supplement per 5 U.S.C. 8421(a)(2). |

Cited in Cheney v. United States 25Cv7625 Decided 4/28/2 — Archived on 4/30/26 — This document is protected by copyright. Further reproduction is prohibited without permission.

Chapter 31:  Guide to Processing Personnel Actions