

**Ellen Blain**

eblain@cgr-law.com

Direct: 212.633.4310

**VIA ECF**                                                                May 21, 2026

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Maurene Comey v. United States Department of Justice, et al.,* 25-cv-7625 (JMF)

Dear Judge Furman:

We write jointly and respectfully pursuant to the Court's orders directing the Parties to submit a joint letter ahead of the initial pretrial conference on May 28, 2026.  (*See* Dkts. 20, 55.)

1. **Statement Indicating Whether Parties Can Do Without a Conference**

The Parties agree that the initial pretrial conference is necessary to address disagreements with respect to the proposed case management plan and potentially the scope of Defendants' litigation hold and their instructions regarding preservation of ESI.

The Parties attach a proposed case management plan that reflects the dates and issues on which we agree. As to the dates and answers that are not set out in the plan, the summary table below lists the Parties' competing proposals side-by-side.[1]  The Parties are prepared to explain the reasons for their competing proposals at the conference:

| | **Plaintiff's Proposed Date** (these conform with the case management plan form) | **Defendants' Proposed Date** |
|---|---|---|
| Initial Disclosures | June 14, 2026 | June 29, 2026 |
| Fact Discovery Complete | September 25, 2026 | February 26, 2027 |
| Expert Discovery Complete | November 9, 2026 | April 12, 2027 |
| Estimated Length of Trial | Three Weeks | One Week |

Plaintiff's Additional Statement Regarding Litigation Hold and ESI Preservation: Counsel for Defendants informed counsel for Plaintiff, by email dated December 1, 2025, that she was "issuing litigation hold notices to all defendants that include communications on personal devices."  Counsel for Plaintiff has since asked counsel for Defendants to identify the

---

[1] Plaintiff respectfully reserves her right to seek leave to amend this schedule, and to seek leave to file a dispositive motion before discovery concludes.

**41 Madison Avenue, New York, NY 10010**    **Main: 212.633.4310**    **cgr-law.com**

Honorable Jesse M. Furman
May 21, 2026
Page 2 of 4

agencies and individuals to which she sent litigation hold notices, which individuals were specifically instructed to preserve their ESI including on personal devices, and the extent of that instruction (for example, whether it extends to voicemails, voice messages, text messages, and chats on Signal, WhatsApp, or any other messaging application). Counsel for Defendants has yet to provide an answer. Counsel for Plaintiff seeks to confirm that all individuals with relevant knowledge, and not just agency defendants, have been directed to preserve potentially relevant information; counsel for Plaintiff will continue to confer with counsel for Defendants about the scope and rationale of this request.

Defendants' Additional Statement Regarding Litigation Hold and ESI Preservation: During the Rule 26(f) conference on May 19, 2026, counsel for Plaintiff verbally requested a list of individuals to whom litigation holds were provided in this action. This information is protected by the attorney-client privilege and the attorney work product doctrine. Courts routinely find such information to be protected from disclosure in the absence of a preliminary factual showing of spoliation adequate to overcome the privilege. Counsel's request appears to be an attempt to compel Defendant to provide a list of individuals who may have been involved in or had knowledge of the decision to terminate Plaintiff before the commencement of discovery.

2. **Brief Statement of the Nature of the Action and Defenses Thereto**

Plaintiff's Statement:  Maurene Comey, who served for a decade as an exemplary Assistant United States Attorney for the Southern District of New York, was abruptly and wrongfully terminated on July 16, 2025. Defendants provided no explanation for her termination, and did not reveal who made the decision. The termination was unlawful: Ms. Comey was fired solely or substantially because her father is former FBI Director James B. Comey, or because of her perceived political affiliation and beliefs, or both. Therefore, her termination from the civil service—without cause, advance notice, or any opportunity to contest it—violated the Administrative Procedure Act, the Declaratory Judgment Act, the First and Fifth Amendments to the United States Constitution, and the Civil Service Reform Act. It also violated the Constitution's fundamental Separation of Powers and bedrock principles of our democracy and justice system.

Defendants' Statement:  The Department of Justice's termination of Plaintiff's employment was a lawful exercise of the removal power under Article II of the Constitition, which allows the President, as well as Heads of Departments and other officials employing the President's executive power, to remove without cause officials who exercise preclusive and conclusive executive power on a delegated basis. Assistant United States Attorneys exercise the President's "conclusive and preclusive" executive power when they engage in prosecutorial activities. Moreover, the Attorney General is explicity authorized by statute to remove Assistant United States Attorneys. 28 U.S.C. § 542(b).

Honorable Jesse M. Furman
May 21, 2026
Page 3 of 4

### 3. Brief Statement of Why Jurisdiction and Venue Lie in this Court

Plaintiff's Statement: The Court ruled, in an Opinion and Order dated April 28, 2026, that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b)(2) and 5 U.S.C. § 703.

Defendants' Statement:  While reserving all rights including the right to appeal, the government acknowledges that this Court concluded in its April 28, 2026 Opinion and Order that it has subject matter jurisdiction over this matter.  The government does not contest venue.

### 4. Brief Statement of any Existing Deadlines, Due Dates, and Pending Motions

Defendants' answer is due on May 26, 2026.  After filing its answer, the government intends to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  There are no other pending motions or due dates.  Should an opportunity to file a dispositive motion arise during the course of discovery, Plaintiff intends to promptly seek leave from the Court to file such a  motion.

### 5. Brief Description of Status of Discovery and Whether Necessary for Settlement

The Parties have not engaged in discovery but are prepared to proceed at this time.  The Parties do not believe that discovery would help them engage in meaningful settlement negotiations at this stage of the case.

### 6. Statement Confirming that Parties have Discussed Use of ADR Mechanisms

The Parties have discussed the use of alternative dispute resolution mechanisms and do not believe that any such mechanisms would be useful at this time.

### 7. Other Information that Would Assist the Court, Including, But Not Limited to, A Description of Any Dispositive Issue or Novel Issue Raised by the Case

Plaintiff's Position:  This case presents novel and dispositive issues.  Ms. Comey was terminated without cause, by an unnamed Executive branch decision-maker, under purported "Article II" authority.  This is an unprecedented assertion of Executive authority.  While there are cases that discuss a President's authority under Article II to remove Principal Officers and Inferior Officers, we are unaware of any decision that discusses (let alone approves of) a President's use of Article II authority to remove without cause a non-officer civil service employee such as a line-level Assistant United States Attorney, in direct violation of the CSRA and the Bill of Rights.  Relatedly, we are unaware of any case that addresses whether and to what extent the President may delegate any such purported Article II authority to his subordinates within the Executive branch.  Plaintiff's termination presents fundamental separation of powers and constitutional questions.

Honorable Jesse M. Furman
May 21, 2026
Page 4 of 4

       Defendants' Position:  The government agrees that this case presents fundamental constitutional questions regarding the breadth and scope of executive power under Article II of the Constiution.  Whether or not the Court will need to reach those issues given that 28 U.S.C. § 542(b) explicitly authorizes the Attorney General to remove Assistant United States Attorneys with no mention of a cause requirements presents another novel issue this Court will need to consider.  The government intends to fully brief these questions of law in its anticipated motion for judgment on the pleadings.

       We thank the Court for its attention to these matters.

Respectfully submitted,

*/s/  Ellen Blain*
Nicole Gueron
Ellen Blain
Deepa Vanamali
CLARICK GUERON REISBAUM LLP

Margaret Donovan
KOSKOFF, KOSKOFF & BIEDER PC

*Counsel for Plaintiff Maurene Comey*

BRETT A. SHUMATE
Assistant Attorney General

TYLER BECKER
Counsel to the Assistant Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney
Northern District of New York

By:   */s/ Karen Folster Lesperance*
Karen Folster Lesperance
Chief, Civil Division
     *Acting Under Authority Conferred by*
     *28 U.S.C. § 515*

*Counsel for Defendants*