# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURENE COMEY,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE;<br><br>EXECUTIVE OFFICE OF THE PRESIDENT;<br><br>FRANCEY HAKES, in her official capacity as the Director of the Executive Office for United States Attorneys;<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States Department of Justice;[1]<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS;<br><br>OFFICE OF PERSONNEL MANAGEMENT; and<br><br>UNITED STATES OF AMERICA,<br><br>      Defendants. | **ANSWER**<br><br>Civil Action No. 1:25-cv-07625 (JMF)<br><br>Honorable Jesse M. Furman |

Defendants respond to Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT[2]

1.  Defendants admit that Plaintiff worked as an Assistant United States Attorney for the Southern District of New York from November 2016 until July

---

[1] Todd Blanche was appointed Acting Attorney General on April 2, 2026. He is automatically substituted in place of former Attorney General Pamela Bondi pursuant to Federal Rule of Civil Procedure 25(d).

[2] The headings contained in Plaintiff's Complaint are replicated here for ease of reference. To the extent the headings could be construed to contain factual allegations requiring a response, they are denied.

16, 2025, and that during this time she prosecuted crime and corruption. The remainder of the allegations in paragraph "1" of the Complaint are statements of opinion, not fact, to which Defendants are not required to respond. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

2. Defendants admit that as an Assistant United States Attorney Plaintiff prosecuted numerous criminal cases, including homicide, racketeering and public corruption cases, and secured criminal convictions in many of these cases. Defendants further admit that the criminal cases to which Plaintiff was assigned included the prosecutions of Sean "Diddy" Combs, Robert Hadden, Jeffrey Epstein, and Ghislaine Maxwell. Defendants further admit that during her employment at the United States Attorney's Office Plaintiff was promoted and received awards. The remainder of the allegations in paragraph "2" of the Complaint are statements of opinion rather than fact and/or constitute Plaintiff's characterization of her claims, to which Defendants are not required to respond. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

3. Defendants admit that Plaintiff was removed from her position as an Assistant United States Attorney on July 16, 2025, that on this date she was sent a memo that notified her of her removal "[p]ursuant to Article II of the United States Constitution and the laws of the United States" and that her removal was effective immediately. Defendants admit that shortly before Plaintiff's termination she had

been assigned to a public corruption case, and that she received an overall rating of "Outstanding" on her 2024 Performance Appraisal, dated February 18, 2025. The remainder of the allegations in paragraph "3" of the Complaint are statements of opinion rather than fact and/or constitute Plaintiff's characterization of her claims and conclusions of law, to which Defendants are not required to respond. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

4.    Defendants deny the allegations contained in Paragraph "4" of the Complaint.

5.    Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6.    Defendants admit that James Comey served as the Director of the Federal Bureau of Investigation from September 4, 2013 until May 9, 2017, and that President Trump notified James Comey by letter dated May 9, 2017, that he was being removed as Director of the FBI at the recommendation of the Attorney General and the Deputy Attorney General of the United States. Defendants also admit that James Comey has publicly criticized President Trump, and that he has been indicted for posting a threatening message directed at President Trump on social media. Defendants admit that President Trump has publicly criticized Mr. Comey for his actions while serving as FBI Director. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "6" of the Complaint, including the footnotes thereto.

7.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "7" of the Complaint, including the footnotes thereto.

8.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "8" of the Complaint, including the footnotes thereto.

9.    Defendants deny that Plaintiff's removal from her position as an Assistant United States Attorney was unlawful.  The remaining allegations of Paragraph "9" of the Complaint state legal conclusions that do not require a response. To the extent a response is required, Defendants deny these allegations.

10.    Defendants deny that Plaintiff's removal from her position as an Assistant United States Attorney was unlawful.  The remaining allegations of Paragraph "10" of the Complaint state legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations.

## THE PARTIES

11.    Defendants admit that Plaintiff served as an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Southern District of New York ("SDNY") from November 16, 2015, until July 16, 2025, and admit upon information and belief that Plaintiff is the daughter of James B. Comey.  The remaining allegations in Paragraph "11" of the Complaint state legal conclusions that do not require a response.  To the extent a response is required, the allegations are denied.

12.     Defendants admit that the United States Department of Justice ("DOJ") is headquartered in Washington, D.C. and is an agency of the United States as defined by 5 U.S.C. § 701, and that the DOJ controls its components, including Defendant the Executive Office for United States Attorneys.  Defendants also admit that DOJ—through the Attorney General—directed that Plaintiff's removal from her position as an Assistant United States Attorney, but deny that DOJ took any unlawful or unconstitutional actions against Plaintiff. The remaining allegations in Paragraph "12" of the Complaint state legal conclusions that do not require a response.  To the extent a response is required, the allegations are denied.

13.     Defendants admit that the Executive Office of the President is headquartered in Washington, D.C., and deny that any Defendant took any unlawful or unconstitutional actions against Plaintiff. The remaining allegations in Paragraph "13" of the Complaint state legal conclusions that do not require a response.  To the extent a response is required, the allegations are denied.

14.     Defendants admit that Francey Hakes is the Director of the Executive Office for United States Attorneys.  Defendants admit that, on July 16, 2025, at the direction of the Office of the Attorney General, Director Hakes signed a document entitled "Memorandum for Maurene R. Comey," notifying Plaintiff of her removal from her position as an Assistant United States Attorney, and state that Plaintiff's removal has been ratified by Acting Attorney General Todd Blanche.  *See* Exhibit "A" attached hereto.  Defendants deny that any Defendant took any unlawful or unconstitutional actions against Plaintiff.  The remaining allegations in Paragraph

5

"14" of the Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

15. In response to Paragraph "15" of the Complaint, Defendants state that Todd Blanche was appointed Acting Attorney General on April 2, 2026, and is automatically substituted in place of former Attorney General Pamela Bondi pursuant to Federal Rule of Civil Procedure 25(d). Defendants admit that at the time of Plaintiff's removal, Pamela J. Bondi was the Attorney General, that she had been nominated by President Donald J. Trump to serve in that position, and that nomination was confirmed by the Senate. Defendants admit that then-Attorney-General Bondi authorized and directed Plaintiff's removal from her position as Assistant United States Attorney, and state that Plaintiff's removal has been ratified by Acting Attorney General Todd Blanche. *See* Exhibit "A." Defendants deny that any Defendant took any unlawful or unconstitutional actions against Plaintiff. The remaining allegations in Paragraph "15" of the Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

16. Defendants admit that the Executive Office for the United States Attorneys ("EOUSA") is headquartered in Washington, D.C., is a component of DOJ, and is an agency of the United States. Defendants admit that EOUSA, through Director Hakes, carried out Plaintiff's removal from her position as Assistant United States Attorney at the direction of the Office of the Attorney General, and state that Plaintiff's removal has been ratified by Acting Attorney General Todd Blanche. *See*

6

Exhibit "A." Defendants deny that any Defendant took any unlawful or unconstitutional actions against Plaintiff. The remaining allegations in Paragraph "16" of the Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

17. Defendants admit that the Office of Personnel Management ("OPM") is headquartered in Washington, D.C. and is an agency of the United Staes. Defendants deny that OPM authorized Plaintiff's removal from her position as Assistant United States Attorney and deny that any Defendant took any unlawful or unconstitutional actions against Plaintiff. The remaining allegations in Paragraph "17" of the Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

18. Paragraph "18" of the Complaint states legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

19. Paragraph "19" of the Complaint states legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

20. Paragraph "20" of the Complaint states legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

21. Paragraph "21" of the Complaint states legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "22" of the Complaint.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "23" of the Complaint.

24.    Defendants admit that Plaintiff began her employment as an AUSA in the SDNY in November 2025 and that she was hired by then-United-States-Attorney Preet Bharara. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "24" of the Complaint.

25.    Defendants admit that Plaintiff handled trials, secured convictions, and argued appeals while an Assistant United States Attorney, that her overall rating was "Outstanding" on her annual performance appraisals for the years 2019 – 2024, and that the quoted language in the first five bullet points in Paragraph "25" of the Complaint appears in those performance appraisals.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "25" of the Complaint.

26.    Defendants admit that Plaintiff's overall rating was "Outstanding" on her annual performance appraisals for the years 2019 – 2024, and that those performance appraisals indicate that she handled high profile cases.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "26" of the Complaint.

27. Defendants admit the allegations contained in Paragraph "27" of the Complaint.

28. Defendants admit that in her capacity as an Assistant United States Attorney, Plaintiff was on the team that investigated and prosecuted Nicholas Tartaglione, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "28" of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "29" of the Complaint.

30. Defendants admit the allegations contained in Paragraph "30" of the Complaint.

31. Defendants admit the allegations contained in Paragraph "31" of the Complaint.

32. Defendants admit that in her capacity as an Assistant United States Attorney, Plaintiff was on the team that investigated and prosecuted Jeffrey Epstein, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "32" of the Complaint.

33. Defendants admit that in her capacity as an Assistant United States Attorney, Plaintiff was on the team that investigated and prosecuted Ghislaine Maxwell, and otherwise deny knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations contained in Paragraph "33" of the Complaint.

34.    Defendants admit that in her capacity as an Assistant United States Attorney, Plaintiff was on the team that investigated and prosecuted Ghislaine Maxwell, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "34" of the Complaint

35.    Defendants admit that in her capacity as an Assistant United States Attorney, Plaintiff was on the team that prosecuted Dr. Robbert Hadden, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "35" of the Complaint.

36.    Defendants admit that in her capacity as an Assistant United States Attorney, Plaintiff prosecuted many cases that included murder, racketeering conspiracy, narcotics offenses, and white collar crimes, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "36" of the Complaint.

37.    Defendants admit that effective February 28, 2021, Plaintiff was approved for a promotion from Assistant United States Attorney to Supervisory Assistant United States Attorney, that the promotion was for a period not to exceed February 27, 2025, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "37" of the Complaint.

38.    Defendants admit that in 2023 the team that investigated and prosecuted Ghislaine Maxwell was awarded EOUSA's Director's Award for Superior Performance by a Litigative Team, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "38" of the Complaint.

39.    Defendants admit that Plaintiff successfully prosecuted and supervised numerous cases as an Assistant United States Attorney and that her overall rating was "Outstanding" on her annual performance appraisals for the years 2019 – 2024, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "39" of the Complaint.

40.    Defendants admit that in her capacity as an Assistant United States Attorney, Plaintiff was on the team that prosecuted Robert Menendez, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "40" of the Complaint.

41.    Defendants admit that Plaintiff was on the team that prosecuted current and former employees of the New York City Housing Authority, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "41" of the Complaint.

42.    Defendants admit that effective August 11, 2024, Plaintiff's position reverted from "Supervisory Assistant United States Attorney" to "Assistant United States Attorney." Defendants otherwise deny knowledge or information sufficient to

11

form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "42" of the Complaint.

43. Defendants admit that Plaintiff was on the team that prosecuted Sean "Diddy" Combs, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "43" of the Complaint.

44. Plaintiffs admit that as an Assistant United States Attorney and a Supervisory Assistant United States Attorney, Plaintiff was subject to approval requirements as set forth in the Justice Manual, relevant delegations of authority, and office policies for the SDNY United States Attorney's Office, but note that as an Assistant United States Attorney Plaintiff exercised the President's conclusive and preclusive executive power when she engaged in prosecutorial activities. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "44" of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "45" of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "46" of the Complaint.

47. Defendants admit that on July 16, 2025, Plaintiff was sent, via email, a memorandum signed by EOUSA Director Francey Hakes notifying Plaintiff of her removal from her position as an Assistant United States Attorney for the Southern District of New York pursuant to Article II of the United States Constitution, and

that the substance of that memo is accurately quoted in Paragraph "47" of the Complaint. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "47" of the Complaint.

48.    Defendants admit the allegations in Paragraph "48" of the Complaint.

49.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "49" of the Complaint.

50.    Defendants admit that shortly after Plaintiff was notified of her removal from her position as Assistant United States Attorney, then-interim United States Attorney Jay Clayton and Deputy United States Attorney Sean Buckley spoke with Plaintiff in a supervisor's office, during which United States Attorney Clayton told Plaintiff that the removal "came from Washington." Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "50" of the Complaint.

51.    Defendants admit that on or about July 17, 2025, when asked about Plaintiff's removal, the White House Press Secretary stated the decision was "made by the Department of Justice," and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 of the Complaint.

52.    Defendants admit the allegations of Paragraph "52" of the Complaint.

53.    Defendants admit the allegations of Paragraph "53" of the Complaint.

54.     Defendants admit that the July 16 memorandum does not contain a legal definition for the term "remov[al] from federal service," and otherwise state that the remaining allegations of Paragraph "54" of the Complaint contain legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations.

55.     Defendants admit neither the July 16 memorandum nor Plaintiff's SF-50 Notification of Personnel Action asserted that Plaintiff's removal was "for cause." Defendants admit that Plaintiff received an overall "Outstanding" rating on her annual performance appraisal for 2024, but deny that this appraisal was signed by United States Attorney Jay Clayton and deny that Plaintiff received it on April 25, 2025.  Plaintiff acknowledged receipt of her 2024 appraisal on February 19, 2025, and it was signed by her rating and reviewing officials, neither of whom were United States Attorney Clayton.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "55" of the Complaint.

56.     Defendants deny the allegations of Paragraph "56" of the Complaint.

57.     Defendants admit that President Trump has publicly criticized certain actions James B. Comey took as the Director of the FBI, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "57" of the Complaint, including the footnote thereto.

14

58.     Paragraph "58" of the Complaint contains Plaintiff's characterization of public events, to which a response is not required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "58" of the Complaint, including the footnotes thereto.

59.     Defendants admit that President Trump notified James Comey by letter dated May 9, 2017, that he was being removed as Director of the FBI at the recommendation of the Attorney General and the Deputy Attorney General of the United States and that in the years since, Mr. Comey and President Trump have each made public comments critical of one another.  Paragraph "59" of the Complaint otherwise contains Plaintiff's characterization of public events, to which a response is not required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "59" of the Complaint, including the footnotes thereto.

60.     Paragraph "60" of the Complaint contains Plaintiff's characterization of public events, to which a response is not required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "60" of the Complaint, including the footnotes thereto.

61.     Defendants admit that in May 2025, Mr. Comey posted an image on social media that depicted seashells arranged to read "8647," and state that in

connection with that social media post a grand jury has since indicted Mr. Comey for making a threat of violence against the President. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "61" of the Complaint, including the footnotes thereto.

62. Paragraph "62" of the Complaint otherwise contains Plaintiff's characterization of public events, to which a response is not required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "62" of the Complaint, including the footnotes thereto.

63. Paragraph "63" of the Complaint otherwise contains Plaintiff's characterization of public events, to which a response is not required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "63" of the Complaint, including the footnotes thereto.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "64" of the Complaint, including the footnote thereto.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "65" of the Complaint, including the footnote thereto.

66.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "66" of the Complaint, including the footnote thereto.

67.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "67" of the Complaint, including the footnote thereto.

68.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "68" of the Complaint, including the footnote thereto.

69.    Defendants admit that Plaintiff's removal as an Assistant United States Attorney was not "for cause" and was not based on her performance, and otherwise deny the allegations of Paragraph "69" of the Complaint.

70.    Paragraph "70" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations.

71.    Paragraph "71" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations to the extent they fail to recognize the Attorney General's ability to remove people in Plaintiff's position pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b), and the fact that such removals constitute removals for "efficiency of the service" under 5 U.S.C. § 7513(a).

72.    Paragraph "72" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations to the extent they fail to recognize the Attorney General's ability to remove people in Plaintiff's position pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b), and the fact that such removals constitute removals for "efficiency of the service" under 5 U.S.C. § 7513(a).

73.    Paragraph "73" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations to the extent they fail to recognize the Attorney General's ability to remove people in Plaintiff's position pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b), and the fact that such removals constitute removals for "efficiency of the service" under 5 U.S.C. § 7513(a).

74.    Paragraph "74" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations to the extent they fail to recognize the Attorney General's ability to remove people in Plaintiff's position pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b), and the fact that such removals constitute removals for "efficiency of the service" under 5 U.S.C. § 7513(a).

75.    Paragraph "75" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations.

76.     Paragraph "76" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations.

77.     Paragraph "77" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations to the extent they fail to recognize the Attorney General's ability to remove people in Plaintiff's position pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b), and the fact that such removals constitute removals for "efficiency of the service" under 5 U.S.C. § 7513(a).

78.     Paragraph "78" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations to the extent they fail to recognize the Attorney General's ability to remove people in Plaintiff's position pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b), and the fact that such removals constitute removals for "efficiency of the service" under 5 U.S.C. § 7513(a).

79.     Paragraph "79" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations to the extent they fail to recognize the Attorney General's ability to remove people in Plaintiff's position pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b), and the fact that such removals constitute removals for "efficiency of the service" under 5 U.S.C. § 7513(a).

80.    Paragraph "80" of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, Defendants deny these allegations to the extent they fail to recognize the Attorney General's ability to remove people in Plaintiff's position pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b), and the fact that such removals constitute removals for "efficiency of the service" under 5 U.S.C. § 7513(a).

81.    Defendants deny the allegations in Paragraph "81" of the Complaint.

82.    Defendants admit the allegations in Paragraph "82" of the Complaint.

83.    Paragraph "83" of the Complaint contains Plaintiff's characterization of public events, to which a response is not required.  To the extent a response is required, Defendants admit that Cathy Harris was removed from her position on the Merit Systems Protection Board (MSPB) on February 10, 2025 and state that the D.C. Circuit Court of Appeals rejected Harris' challenge to the lawfulness of that termination.  Defendants admit that Harris is not currently serving as an MSPB member.

84.    Paragraph "84" of the Complaint otherwise contains Plaintiff's characterization of public events, to which a response is not required.  To the extent a response is required, Defendants deny these allegations.

85.    Paragraph "85" of the Complaint otherwise contains legal conclusions and Plaintiff's characterization of her claims in this action, to which a response is not required.  To the extent a response is required, Defendants deny these allegations.

86.     Paragraph "86" of the Complaint otherwise contains legal conclusions and Plaintiff's characterization of her claims in this action, to which a response is not required.  To the extent a response is required, Defendants deny these allegations.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

87.     Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

88.     Defendants deny the allegations in Paragraph "88" of the Complaint.

89.     Paragraph "89" of the Complaint contains legal argument, to which no response is required.  To the extent a response is required, Defendants deny these allegations.

90.     Paragraph "90" of the Complaint contains legal argument, to which no response is required.  To the extent a response is required, Defendants deny these allegations.

## SECOND CAUSE OF ACTION

91.     Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

92.     Defendants deny the allegations in Paragraph "92" of the Complaint.

93.     Defendants deny the allegations in Paragraph "93" of the Complaint.

## THIRD CAUSE OF ACTION

94.     Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

95.     Defendants deny the allegations in Paragraph "95" of the Complaint.

96. Defendants deny the allegations in Paragraph "96" of the Complaint.

## FOURTH CAUSE OF ACTION

97. Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

98. Paragraph "98" of the Complaint contains legal argument, to which no response is required. To the extent a response is required, Defendants deny that any Defendant violated Plaintiff's constitutional rights.

99. Defendants deny the allegations in Paragraph "99" of the Complaint.

100. Defendants deny the allegations in Paragraph "100" of the Complaint.

## FIFTH CAUSE OF ACTION

101. Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

102. Paragraph "102" of the Complaint contains legal argument, to which no response is required. To the extent a response is required, Defendants deny these allegations.

103. Defendants deny the allegations in Paragraph "103" of the Complaint.

104. Defendants deny the allegations in Paragraph "104" of the Complaint.

## SIXTH CAUSE OF ACTION

105. Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

106. Defendants deny the allegations in Paragraph "106" of the Complaint.

107.   Defendants deny the allegations in Paragraph "107" of the Complaint.

108.   Defendants deny the allegations in Paragraph "108" of the Complaint.

## SEVENTH CAUSE OF ACTION

109.   Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

110.   Defendants deny the allegations in Paragraph "110" of the Complaint.

111.   Defendants deny the allegations in Paragraph "111" of the Complaint.

112.   Defendants deny the allegations in Paragraph "112" of the Complaint.

113.   Defendants deny the allegations in Paragraph "113" of the Complaint.

## EIGHTH CAUSE OF ACTION

114.   Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

115.   Defendants deny the allegations in Paragraph "115" of the Complaint.

116.   Defendants deny the allegations in Paragraph "116" of the Complaint.

117.   Defendants deny the allegations in Paragraph "117" of the Complaint.

118.   Defendants deny the allegations in Paragraph "118" of the Complaint.

## NINTH CAUSE OF ACTION

119.   Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

120.   Defendants deny the allegations in Paragraph "120" of the Complaint.

121.   Defendants deny the allegations in Paragraph "121" of the Complaint.

23

## TENTH CAUSE OF ACTION

122.    Defendants repeat and reallege each of its foregoing responses as if fully set forth herein.

123.    Defendants deny the allegations in Paragraph "123" of the Complaint.

124.    Defendants deny the allegations in Paragraph "124" of the Complaint.

## JURY DEMAND

125.    Paragraph "125" of the Complaint contains Plaintiff's demand for a jury trial and requires no response.  Defendants note that Plaintiff consented to a non-jury trial in the Joint Case Management Plan filed May 21, 2026.

## PRAYER FOR RELIEF

The unnumbered WHEREFORE Paragraph constitutes a prayer for relief to which no response is required.  To the extent that a response is required, Defendants deny liability to Plaintiff.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint not expressly admitted.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was removed from her position as Assistant United States Attorney at the direction of then-Attorney-General Pamela J. Bondi and her removal was

24

subsequently ratified by Acting Attorney General Todd Blanche.  *See* Ex. A.  The Attorney General is expressly authorized to remove an Assistant United States Attorney by 28 U.S.C. § 542(b) without cause.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's removal from her position as Assistant United States Attorney was a valid exercise of executive power pursuant to Article II of the Constitution, which allows the President, as well as Heads of Departments and other officials employing the President's executive power, to remove without cause officials who exercise preclusive and conclusive executive power on a delegated basis.  Assistant United States Attorneys, including Plaintiff, exercise the President's "conclusive and preclusive" executive power when they engage in prosecutorial activities.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's removal pursuant to Article II of the United States Constitution and 28 U.S.C. § 542(b) was a removal taken to "promote the efficiency of the service" as contemplated by 5 U.S.C. § 7513(a).

## FIFTH AFFIRMATIVE DEFENSE

Sovereign immunity bars Plaintiff's claim for back pay or other monetary relief.

## SIXTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims under the Administrative Procedure Act (APA).

## SEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's mandamus claim.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

**WHEREFORE** Defendants respectfully request an Order and Judgment of this Court dismissing Plaintiff's Complaint, along with such further relief as this Court deems fair, just, and equitable.

Dated: May 26, 2026

BRETT A. SHUMATE
Assistant Attorney General

TYLER BECKER
Counsel to the Assistant Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney
Northern District of New York

By:    */s/Karen Folster Lesperance*
Karen Folster Lesperance
Assistant United States Attorney
        *Acting Under Authority*
        *Conferred by 28 U.S.C. § 515*

*Counsel for Defendants*

26