

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*445 Broadway, Room 218*                     *Tel.: (518) 431-0247*
*James T. Foley U.S. Courthouse*             *Fax: (518) 431-0386*
*Albany, New York 12207-2924*

June 12, 2026

The Honorable Jesse M. Furman
United States District Court Judge
Daniel Patrick Moynihan United
    States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Comey v. United States Department of Justice*, No. 25-cv-7625 (JMF)

Dear Judge Furman:

Defendants respectfully move pursuant to Federal Rule of Civil Procedure 26(c) for a stay of discovery pending resolution of their motion for judgment on the pleadings.[1]  *See* Dkt. #67.

Good cause exists for a stay for three reasons.

First, discovery would immediately implicate executive-privilege issues that the pending motion may render unnecessary.  Indeed, this Court has already recognized that discovery would likely give rise to "thorny disputes (over matters such as executive privilege)."  *Comey v. United States Dep't of Just.*, No. 25-CV-7625 (JMF), 2025 WL 3496323, at *1 (S.D.N.Y. Dec. 5, 2025).  Judicial economy counsels in favor of resolving the threshold legal questions before requiring the parties and the Court to address those disputes.

Second, Plaintiff will not be prejudiced by a brief stay of discovery while the Court decides the pending motion.  She has alleged no ongoing harm that cannot be compensated by money damages. Courts routinely find no undue prejudice in such cases.

Third, the motion may dispose of all or substantially all of Plaintiff's claims. The pending motion presents purely legal questions concerning the President's removal authority under Article II and the Attorney General's authority under 28 U.S.C. § 542 to remove an Assistant United States Attorney without cause.  Those questions are presented on the pleadings and do not depend on factual development through discovery.  Plaintiff has reserved the right to file a cross-motion for

---

[1] The Court's May 28, 2026 Order authorized Defendants to file a letter motion seeking a stay of discovery by June 12, 2026.  *See* Dkt. #64 at 7.

Letter to Hon. Jesse M. Furman
*Comey v. United States Department of Justice*
No. 25-cv-7625 (JMF)
June 12, 2026
Page 2

judgment on the pleadings, and the Court's briefing schedule contemplates that possibility. The dispositive issues in this case are therefore likely to be resolved through motions directed to the pleadings rather than through factual discovery.

Under Rule 26(c), courts have considerable discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c)(1); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); *Thomas Windows, Inc. v. S. & J. Sheet Metal Supply, Inc.*, No. 25 CIV. 2532 (PAE), 2026 WL 962465, at *2 (S.D.N.Y. Apr. 9, 2026). In deciding whether to stay discovery pending resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008). Courts generally consider the breadth and burden of discovery, prejudice to the opposing party, and the strength of the pending dispositive motion. *See Best Partners Mortg. Coop., Inc. v. Plaza Home Mortg., Inc.*, No. 24-CV-5184 (LTS) (JW), 2025 WL 419293, at *1 (S.D.N.Y. Jan. 24, 2025); *O'Keefe v. City of New York*, No. 25 CIV. 10532 (JPC), 2026 WL 989258, at *1 (S.D.N.Y. Apr. 13, 2026). Each consideration favors a stay here.

    **I.**       **Discovery Would Impose Significant Burdens and Trigger Executive-Privilege Disputes That May Prove Unnecessary.**

The burden of discovery strongly favors a stay. "Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it." *Spencer Trask*, 206 F.R.D. at 368 (citing *Anti-Monopoly, Inc.*, 1996 WL 101277, at *3).

Plaintiff characterizes the discovery she intends to seek as narrow. Yet she seeks discovery from eight senior Executive Branch officials, and their administrators and assistants, concerning communications and decision-making at the highest levels of the Department of Justice. These individuals include the Acting Attorney General, the former Attorney General, the Director of the Executive Office for United States Attorneys, and the United States Attorney for the Southern District of New York. As this Court previously recognized, discovery in this case would likely give rise to "thorny disputes (over matters such as executive privilege)." *Comey*, 2025 WL 3496323, at *1.

Courts in this District frequently stay discovery where it promises to be burdensome or contentious and where a pending dispositive motion may eliminate the need for it altogether. *See Blecher v. Goldberg*, 2026 WL 776584, at *3 (S.D.N.Y. Mar. 19, 2026); *Goldstein v. City Univ. of New York*, 2025 WL 3471131, at *2 (S.D.N.Y. Dec. 3, 2025); *Raanan v. Binance Holdings Ltd.*, No. 24-CV-697 (JGK) (BCM), 2026 WL 1480388, at *1 (S.D.N.Y. May 26, 2026).

The burden is particularly significant because discovery will inevitably implicate executive privilege. The Supreme Court has emphasized that "[s]pecial considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the

Letter to Hon. Jesse M. Furman
*Comey v. United States Department of Justice*
No. 25-cv-7625 (JMF)
June 12, 2026
Page 3

confidentiality of its communications are implicated." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385 (2004) (citing *Clinton v. Jones*, 520 U.S. 681, 707 (1997)). The Court has likewise recognized that matters of executive privilege "should inform the conduct of the entire proceeding, including the timing and scope of discovery," *id.* (quoting *Clinton,* 520 U.S. at 707) and that the Executive's constitutional responsibilities and status are factors counseling judicial restraint in the conduct of litigation against it. *Id.* (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 753 (1982)).

The Supreme Court has further cautioned against unnecessarily forcing assertion of executive privilege. As the Court explained, "[o]nce executive privilege is asserted, coequal branches of the Government are set on a collision course. The Judiciary is forced into the difficult task of balancing the need for information in a judicial proceeding and the Executive's Article II prerogatives. This inquiry places courts in the awkward position of evaluating the Executive's claims of confidentiality and autonomy, and pushes to the fore difficult questions of separation of powers and checks and balances." *Cheney*, 542 U.S. at 389-90. Such occasions for constitutional confrontation "should be avoided whenever possible." *Id.* at 390 (quoting *United States v. Nixon*, 418 U.S. 683, 692 (1974)). *See also Karnoski v. Trump*, 926 F.3d 1180, 1204 (9th Cir. 2019) (vacating district court's discovery order in light of executive privileges issues that would be implicated if the parties proceeded to discovery).

Here, those disputes may never arise if Defendants' motion is granted, and may be substantially narrowed if it succeeds in part. Discovery should therefore be stayed while those threshold legal questions are resolved.

## II.    Plaintiff Will Not Be Prejudiced by a Brief Stay.

Plaintiff will not suffer meaningful prejudice from a temporary stay. Plaintiff is now otherwise employed and no longer seeks prospective reinstatement to her former position as an Assistant United States Attorney. Dkt. #49 at 2. Instead, she seeks back pay, limited retrospective reinstatement relief, and attorneys' fees. *Id*.

Any brief delay while the Court considers the pending motions will not affect Plaintiff's ability to obtain those remedies should she ultimately prevail. Courts in this District routinely find that a stay does not cause undue prejudice where monetary relief can adequately compensate the alleged harm. *See Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236 (AJN), 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016); *Goldstein*, 2025 WL 3471131, at *2; *Syensqo Specialty Polymers USA, LLC v. Arkema, Inc.*, No. 26-CV-00079 (VSB) (VF), 2026 WL 1175033, at *1 (S.D.N.Y. Apr. 30, 2026).

Nor is there reason to expect significant delay. The action remains in its early stages, and the motion for judgment on the pleadings is already before the Court. *See Syensqo*, 2026 WL 1175033, at *1; *Haggai v. Kiswani*, No. 25-CV-2400 (JAV), 2026 WL 1283362, at *2 (S.D.N.Y. May 11, 2026).

Letter to Hon. Jesse M. Furman
*Comey v. United States Department of Justice*
No. 25-cv-7625 (JMF)
June 12, 2026
Page 4

The countervailing harm in allowing discovery to proceed while Court considers the motion, however, is the potentially avoidable "collision course" of "coequal branches of the Government" discussed above. *Cheney*, 542 U.S. at 389-90. Thus, this factor also weighs in favor of a stay.

### III.    The Pending Rule 12(c) Motion May Dispose of All or Substantially All of This Action

Courts in this District regularly stay discovery pending resolution of a motion to dismiss where the motion "is potentially dispositive, and appears to be not unfounded in the law." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citing *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994)). *See also In re Currency Conversion Fee Antitrust Litigation*, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *Glob. Weather Prods., LLC v. McLaughlin Media Mgmt. LLC*, No. 25-CV-6981 (PAE) (KHP), 2026 WL 1418279, at *1 (S.D.N.Y. May 20, 2026).

Defendants' motion no doubt raises novel legal theories. But they cannot be said to be "without foundation in law."  And there is little question that the issues that will be dispositive of this litigation—i.e., whether the Attorney General was authorized by Article II of the Constitution and 28 U.S.C. § 542 to remove Plaintiff from her position as an Assistant United States Attorney without cause—are purely questions of law.  Indeed, Plaintiff has reserved the right to cross-move for judgment on the pleadings and the Court's briefing schedule contemplates such a cross-motion. Defendants' motion likewise presents substantial arguments challenging the plausibility of Plaintiff's claims under the First and Fifth Amendments.

The pending motion and any cross-motion are therefore potentially dispositive of all or substantially all of the claims in this action.  At a minimum, they will significantly narrow the issues requiring discovery.  That is sufficient to justify a stay. *See Spencer Trask*, 206 F.R.D. at 368; *Glob. Weather Prods.*, 2026 WL 1418279, at *1; *Del Mar TIC I, LLC v. Bancorp Bank*, No. 1:23-CV-08999 (JLR), 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024); *O'Keefe*, 2026 WL 989258, at *1.

* * *

For these reasons, good cause exists to stay discovery pending resolution of Defendants' motion for judgment on the pleadings and any cross-motion filed by Plaintiff.  The issues presented are legal, the pending motions may substantially narrow or eliminate the need for discovery, and proceeding now would risk unnecessary disputes concerning executive privilege and separation-of-powers principles.  A temporary stay therefore serves judicial economy and the interests of the parties.

Letter to Hon. Jesse M. Furman
*Comey v. United States Department of Justice*
No. 25-cv-7625 (JMF)
June 12, 2026
Page 5


Thank you for your consideration of this matter.

                                         Respectfully Submitted,

                                         TODD BLANCHE
                                         Acting Attorney General

                                         BRETT A. SHUMATE
                                         Assistant Attorney General

                                         TYLER BECKER
                                         Counsel to the Assistant Attorney General

                                         JOHN A. SARCONE III
                                         First Assistant United States Attorney
                                         Northern District of New York

                  By:     */s/ Karen Folster Lesperance*
                                         Karen Folster Lesperance
                                         Assistant United States Attorney
                                            *Acting Under Authority Conferred*
                                            *by 28 U.S.C. § 515*

                                         *Attorneys for the United States*