**CLARICK**
**GUERON**
**REISBAUM**

**Ellen Blain**

eblain@cgr-law.com
Direct: 212.633.4310

**VIA ECF**                                                            June 19, 2026

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

             Re: *Maurene Comey v. United States Department of Justice, et al.,* 25-cv-7625 (JMF)

Dear Judge Furman:

        We write respectfully in opposition to Defendants' motion to stay discovery (ECF No. 69, "Letter") pending a decision on their Rule 12(c) motion (ECF No 68 "Motion").

        We also write to inform the Court that Defendants have refused to identify any witness or provide any meaningful initial disclosures under Fed. R. Civ. P. 26(a)(1)(A) (*see* Defendants' Initial Disclosures, attached as Exhibit 1).  Defendants have effectively granted themselves a unilateral discovery stay, frustrating Ms. Comey's right to learn who decided to terminate her and why.  Plaintiff reserves the right to seek appropriate relief if discovery is not stayed.[1]

## I.        Defendants' Stay Request Should Be Denied

        As this Court noted at the conference on May 28, *see* Exhibit 2 ("Transcript") at 19:24-25, a discovery stay is not warranted by the mere pendency of a dispositive motion.  *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); *Hong Leon Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.").  Rather, the moving party must show "good cause."  Fed. R. Civ. P. 26(c).  To evaluate whether good cause exits, courts "consider multiple factors, including the breadth of discovery sought [and] the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for [a] stay." *Republic of Turkey*, 316 F. Supp. 3d at 677 (quotations and citations omitted); *see also Hong Leong,* 297 F.R.D. at 72 (quotations and citations omitted).  All three factors weigh in favor of proceeding with discovery.

        *1. Discovery is narrow, and potential privilege issues do not warrant a stay.*

        Discovery will be narrow and non-burdensome—determining who fired Ms. Comey and why—and anticipated issues of privilege are not a basis to halt discovery at the threshold.

_____

[1] Counsel for Plaintiff reached out to counsel for Defendants to meet and confer on this topic, per the Court's Individual Rules.  Counsel for Plaintiff did not receive a response.

Honorable Jesse M. Furman
June 19, 2026
Page 2 of 6

*First*, with respect to *why* she was terminated, Defendants have admitted that Ms. Comey was an "outstanding" employee and not fired for "cause." *See, e.g.*, ECF No. 63 at ¶¶ 25, 55, 69. Therefore, discovery on that point is cabined, since neither side needs to extensively explore Ms. Comey's professional performance.

*Second*, with respect to *who* fired her, there were likely only a handful of people involved, and a likewise small number of documents. Defendants cannot deflect simply because high-ranking officials were concededly involved. Indeed, this Court's recognition that "thorny disputes," like executive privilege, might arise in discovery is no reason to stall discovery altogether now that the Court has concluded that it has jurisdiction to hear this case. ECF No. 30. Unsurprisingly, they do not cite any case where potential executive privilege issues justified a blanket stay. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681 (1997) (no blanket stay before requests were even served); *Karnowski v. Trump*, 926 F.3d 1180 (9th Cir. 2019) (same). The cases instead suggest discovery should be appropriately managed to carefully resolve privilege issues as they arise—through privilege logs, in-camera reviews, protective orders, or other normal discovery tools. *See, e.g.*, *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 389-90 (2004) (counseling management and narrowing of discovery, not a blanket stay).

Defendants' contention that executive privilege will implicate *all* discovery is premature and unfounded. Letter at 2. Notably, the cases Defendants cite involve documents and communications that personally involve the President or Vice President. Here, to date, no such requests have been promulgated. And if there were any such requests, "not even executive privilege is absolute," and "interests must be weighed in deciding whether information subject to the privilege should be disclosed." *S.E.C. v. Rajaratnam*, 622 F.3d 159, 184 (2d Cir. 2010); *see United States v. Nixon*, 418 U.S. 683, 706-707 (1974) (executive privilege qualified and must be specifically invoked); *Skibo v. City of New York*, 109 F.R.D. 58, 63 (E.D.N.Y. 1985) ("executive privilege is qualified, not absolute").

Similarly, even if deliberative process privilege questions may arise, that privilege is also "qualified" and cannot warrant a wholesale stay. *Burbar v. Incorporated Village of Garden City*, 303 F.R.D. 9, 13 (E.D.N.Y. 2014) (movant must first establish privilege exists after which court engages in balancing test). The Court cannot engage in the necessary "balancing test," *id*. at 14, at this early stage, before specific document or information requests are at issue.

Indeed, where, as here, "the decision-making" is a central "issue in th[e] action"—*why* was Ms. Comey fired—"the [deliberative process] privilege may be inapplicable altogether." *Dorce v. City of New York*, 2023 WL 7545345, at *4-5 (S.D.N.Y. Nov. 14, 2023) (holding "agency deliberations are central to the case and the privilege is [thus] inapplicable to [documents] which speak to that key question"); *see Montrevil v. Decker*, 2021 WL 11690690, at *5 (E.D.N.Y. Jul. 19, 2021) (respondents must "produce documents that shed light on the ultimate reason why petitioner was removed" from U.S. where petitioner claimed retaliation based on his First Amendment activity); *Azon v. LIRR*, 2001 WL 1658219, at *3 (S.D.N.Y. Dec. 26, 2001) ("When the subject of the litigation . . . is the very nature of the decision-making process, the [deliberative process] privilege should not foreclose the production of critical information.") (citations omitted). Ms. Comey alleges that Defendants violated her statutory and

Honorable Jesse M. Furman
June 19, 2026
Page 3 of 6

constitutional rights because they fired her for her perceived or actual familial and political affiliation. Defendants cannot hide the central fact in this weighty case behind a cloak of privilege. The government is not immunized from judicial scrutiny of allegedly unconstitutional actions. *See Burbar*, 303 F.R.D. at 14 ("[W]hen the public's interest in effective government would be furthered by disclosure," such as "when the information sought may shed light on alleged government malfeasance, the privilege is denied.").

Defendants' attempt to leverage constitutional avoidance of "difficult questions of separation of powers and checks and balances" is ironic at the very least. Letter at 3. Defendants' actions and legal arguments have already "push[ed] to the fore" those questions. *Cheney*, 542 U.S. at 389. For instance, can the President or the Attorney General override Congressional civil service protections? Can they override the Bill of Rights? Defendants ask the Court to answer those "difficult questions" on the merits; there is no reason that the Court cannot similarly address them in the context of discovery disputes. In sum, Defendants cannot use executive privilege as a sword, rather than a shield, to forestall or foreclose discovery.

### 2. Delay will prejudice Ms. Comey.

Delay prejudices Ms. Comey because it further defers remedying the constitutional violations she has endured, and the non-monetary harm she has suffered, including damage to her professional reputation. Ms. Comey seeks equitable relief in the form of backpay, declaratory relief, and fees. Moreover, there is significant public interest in the timely resolution of a constitutional challenge to the removal of a career federal prosecutor.

Also, a fact-specific case like this will turn on what Executive branch decision-makers were thinking, saying, and doing on or about July 16, 2025. Each additional month of delay can harm Ms. Comey's ability to pursue her claims: memories fade, relevant individuals in the government can depart, and records can get lost. Conversely, proceeding with discovery does not prejudice Defendants whatsoever, including because Defendants can—and surely will— contest discovery requests that are overbroad or subject to claims of privilege.

### 3. Defendants' Motion is not strong enough to warrant a stay.

Defendants' Motion is not strong enough to justify a stay. It both suffers a threshold defect and "no doubt" raises novel questions that have never been adjudicated before, let alone decided in Defendants' favor. Letter at 4; *see Morgan Art Foundation Ltd. v. McKenzie,* 2020 WL 6135113, at *3 (S.D.N.Y. Oct. 18, 2020) (denying stay where novel issues were raised and motion was not yet fully briefed); *Republic of Turkey*, 316 F. Supp. 3d at 678 (denying stay where, among other things, court was "unable to fully assess the strength of the pending motion, since it only recently was filed, and opposition papers [were] not yet due"); *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (denying stay because discovery was narrow and there were "strong arguments on both sides" of motion and thus defendant's arguments did "not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious").

Honorable Jesse M. Furman
June 19, 2026
Page 4 of 6

Defendants' Motion fails out of the gate because it improperly requires this Court to accept as true Defendants' allegation that former Attorney General Pamela Bondi terminated Ms. Comey—a material disputed fact. *See, e.g., JPMorgan Chase Bank, N.A. v. Tesla, Inc.*, 2024 WL 4167340, at *6 (S.D.N.Y. Sep. 12, 2024) ("If . . . there are material questions of fact presented by the pleadings, the motion for judgment on the pleadings must be denied.") (citation omitted); *Allstate Ins. Co. v. Vitality Physicians Grp. Practice P.C.*, 537 F. Supp. 3d 533, 545 (S.D.N.Y. 2021) (Rule 12(c) motion "only has utility when all material allegations of fact are admitted or not controverted in the pleadings").

Defendants' arguments hinge on their assertion that Attorney General Bondi was authorized to terminate Ms. Comey—either under Article II's supposedly delegable power or under 28 U.S.C. § 542. *See* Letter at 4; Motion at 14. But on a 12(c) motion, the Court must accept all facts alleged in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Ms. Comey alleges that Francey Hakes issued the termination memo and fired Ms. Comey, *see* Compl ¶ 47, but that other executive branch decision maker(s) decided or instructed her removal, including perhaps the President himself, who was motivated to fire her because of his contentious personal history with her father and a social media influencer's urging. *See, e.g.,* Compl. ¶¶ 5-9, 69. Defendants' bare assertion that Ms. Bondi fired Ms. Comey attempts to resolve the very material fact of *who* fired her, which the Court should not accept. *See Lively v. WAFRA Investment Advisory Grp., Inc.*, 6 F.4th 293, 304 (2d Cir. 2021) (district court should not have "consider[ed] the factual allegations in the answer and weigh[ed] their relative plausibility against the allegations in the complaint"); *Transamerica Financial Life Ins. Co. v. Session*, 2010 WL 4273294, at *2 (S.D.N.Y. Oct. 28, 2010) ("[A] motion pursuant to Rule 12(c)…will be granted only where, on the facts admitted by the *non-moving* party, the moving party is clearly entitled to judgment") (emphasis added); *Shah v. N.Y. State Dept. of Civil Serv.*, 1996 WL 694340, at *2 (S.D.N.Y. Dec. 4, 1996) ("The conflict between the defendants' denial of the allegations and the plaintiff's assertions in itself creates issues of fact which may not be resolved on a motion for judgment on the pleadings.").

Indeed, Defendants are going to great lengths to prevent Ms. Comey from discovering who fired her, which begs the question as to why. They baldly assert in their initial disclosures that their "defenses [ ] present only questions of law" and "[t]here are therefore *no individuals* likely to have discoverable information that Defendants may use to support i[their] defenses." Exhibit 1 (emphasis added). Defendants' disclosures do not list even Ms. Bondi or Ms. Hakes—despite their claim that Ms. Bondi terminated Ms. Comey and Ms. Hakes sent the termination memorandum—and their Motion asks the Court to construe additional disputed or unknown facts in their favor, including that the President delegated (at some unknown point and in some unknown fashion) his Article II authority to Ms. Bondi, and that Ms. Bondi (at some unknown point and in some unknown fashion) delegated that authority to Ms. Hakes. The existence of Deputy Attorney General Blanche's late-breaking ratification memo, ECF No. 63-1, combined with Ms. Comey's termination documents and Defendants' Initial Disclosures, imply that there is no government record of Ms. Bondi ever directing Ms. Comey's firing, raising serious disputes of fact. Defendants' claim that Ms. Bondi fired Ms. Comey in fact smacks of post-hoc

Honorable Jesse M. Furman
June 19, 2026
Page 5 of 6

rationalization, since only the AG can wield Defendants' newly asserted Section 542 removal authority.  The Court should allow discovery to proceed, to reveal the truth.

Defendants' Motion also fails on the merits (as Ms. Comey will elucidate in detail in her forthcoming opposition to the Motion):

*First*, Article II does not authorize the President or the Attorney General (if Article II power is even delegable) to fire AUSAs without cause in contravention of the CSRA.  No court has identified such authority, because none exists.  Defendants' claims ignore the Constitution, Congress, and over one hundred years of Supreme Court precedent that together establish that AUSAs are "employees" or "inferior officers," that Congress may place restrictions on the removal of same, and that Congress did so in the CSRA.

*Second*, Defendants' new argument that Ms. Comey was fired under Section 542 or "for such cause as will promote the efficiency of the service" under the CSRA should be disregarded or given little weight.  Motion at 14-21.  Her SF-50 and Defendants' motion to dismiss and in-court statements demonstrate that she was fired pursuant to "Article II" and only Article II.  The Answer also repeatedly avers that she was *not* fired for cause.  *See, e.g.*, ECF 63 at ¶¶ 55, 69.  Defendants have waived these new statutory arguments, or at the very least have lodged contradictory allegations that foreclose their Motion.  In any event, Section 542 does not authorize the Attorney General to violate the CSRA any more than Article II authorizes the President to do so.  Nor does "for such cause as will promote the efficiency of the service" authorize the removal of Ms. Comey where she was concededly "outstanding" and deprived of the CSRA's due process requirements.  The clause is not a loophole authorizing the President or Attorney General *carte blanche* to terminate civil servants for political or other unconstitutional reasons, as Defendants suggest.  *See* Transcript at 5:3-7 ("[E]ven if there were political motivations associated with the termination…if there was a determination made that it [ ] affected the efficiency of the service, then it was a valid termination.").

*Third*, and relatedly, even if the President or someone who reports to the President can override the CSRA's protections afforded to AUSAs, they do not have the authority to violate a an AUSA's constitutional rights under the First and Fifth Amendments.  No court has ever even suggested as much.  Moreover, Ms. Comey has sufficiently pleaded her constitutional claims— plausibly alleging that she was unlawfully fired in retaliation for her perceived political viewpoint and her status as James Comey's daughter.  Defendants will not win their Motion with respect to Ms. Comey's constitutional claims, and for this reason alone, discovery should proceed.  *See, e.g., Cooper v. Office of Comm'r of Baseball*, 2025 WL 419335, at *2 (S.D.N.Y. Jan. 9, 2025) (denying stay where motion would not dispose of entire action).

We thank the Court for its attention to these matters.

Honorable Jesse M. Furman
June 19, 2026
Page 6 of 6

Respectfully submitted,

*/s/Ellen Blain*
Nicole Gueron
Ellen Blain
Deepa Vanamali
CLARICK GUERON REISBAUM LLP

Margaret Donovan
KOSKOFF, KOSKOFF & BIEDER PC

*Counsel for Plaintiff Maurene Comey*