**CLARICK
GUERON
REISBAUM**

**Ellen Blain**

eblain@cgr-law.com
Direct: 212.633.4310

**VIA ECF**                                                         July 14, 2026

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Maurene Comey v. United States Department of Justice, et al.*, 25-cv-7625 (JMF)

Dear Judge Furman:

      We write on behalf of Plaintiff Maurene Comey to respectfully request an enlargement of the word limit, from 12,000 to 18,000 words, for Plaintiff's memorandum of law in response to Defendants' motion to dismiss, due July 17, 2026.  On June 3, 2026, the Court granted Defendants' request to file a memorandum of law "not to exceed 12,000 words," and correspondingly provided Plaintiff with the same enlargement.  ECF No. 66.  For the reasons discussed below, Ms. Comey respectfully requests an additional 6,000 words for her memorandum of law; counsel for Defendants has no objection to this request.

      Plaintiff requests an increased word count in order to adequately address multiple novel legal issues—many of which, to the best of Plaintiff's knowledge, have not yet been briefed or adjudicated.  Specifically, Ms. Comey must address: the scope of Article II appointment and removal authority for AUSAs; whether and when Congress can restrict that authority; the distinction between levels of federal officials and employees; whether the President's purported Article II authority can be (silently) delegated; and whether AUSAs exercise core executive power.  Ms. Comey must also address Defendants' novel argument that 28 U.S.C. § 542 permits the Attorney General to override the CSRA and its amendments and fire an AUSA without cause; this requires discussion of Section 542 and the CSRA, statutory text, legislative history, and administrative and court decisions.  Further, Ms. Comey must address yet another novel argument: that the CSRA itself has a loophole permitting the Attorney General to fire an AUSA without cause, for purported "efficiency of service."  Finally, Ms. Comey must respond to Defendants' arguments that she has failed to plausibly state First or Fifth Amendment claims.

      Separately, in light of Defendants' Answer and arguments in support of their Rule 12(c) motion, Ms. Comey intends to move for partial judgment on the pleadings, which requires additional space.  Plaintiff believes several key legal questions can be disposed of through Rule 12 cross-motion practice based on the issues and affirmative defenses raised by Defendants' filings; as a result, we make this request an effort to streamline this matter and conserve judicial and party resources.

**41 Madison Avenue, New York, NY 10010    Main: 212.633.4310    cgr-law.com**

Honorable Jesse M. Furman
July 14, 2026
Page 2 of 2

     Accordingly, in order to allow Plaintiff sufficient space to accurately and fully address these vital statutory and constitutional issues, we respectfully request leave to file an enlarged brief of no more than 18,000 words.  Plaintiff will endeavor to be as concise as possible, and Plaintiff is willing to consent to an extension of the word count for the government's reply brief (and for that same word count to apply to Ms. Comey's subsequent reply brief).

     We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Ellen Blain*
Nicole Gueron
Ellen Blain
Deepa Vanamali
CLARICK GUERON REISBAUM


Margaret Donovan
KOSKOFF, KOSKOFF & BIEDER PC

cc:    All counsel via ECF