**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAURENE COMEY,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE OF THE PRESIDENT; FRANCEY HAKES in her official capacity as the Director of the Executive Office for the United States Attorneys; PAMELA J. BONDI in her official capacity as Attorney General of the United States Department of Justice; EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS; OFFICE OF PERSONNEL MANAGEMENT; and THE UNITED STATES OF AMERICA,

Defendants.

Case No: 25-cv-07625 (JMF)

**~~[PROPOSED]~~ STIPULATION AND PROTECTIVE AND PRIVACY ACT ORDER**

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective and Privacy Act Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) shall use such Discovery Material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Discovery Material in connection with any other lawsuit

or for any personal, business, commercial, competitive, or other purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any Party or person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any Party or person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

2. Any Party or person subject to this Protective Order who receives from any other Party or person subject to this Protective Order and Discovery Material that is designated as "Attorneys' Eyes Only" ("AEO") or "Confidential" pursuant to the terms of this Protective Order (hereinafter "AEO Discovery Material" or "Confidential Discovery Material") shall not disclose such AEO Discovery Material or Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. The Party or third party producing any given Discovery Material or that Party's or third party's counsel may designate such material as "Confidential," in whole or in part, if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the producing Party and/or third party in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is non-public and of a personal or intimate nature regarding any individual; that is prohibited from disclosure by a federal statute, including, but not limited to, the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"); or that is subject to a contractual or other duty of confidentiality owed by the producing Party or third party to another party. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the Government to provide for inspection by Plaintiff and/or produce to Plaintiff, information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure; provided that the recipient is a Confidential Qualified Individual (as defined below), this Order constitutes such a court order and authorizes the disclosure of that information.

4. The Party or third party producing any given Discovery Material or that Party's or third party's counsel may designate such material as "AEO," in whole or in part, if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the producing Party or third party in non-public information that is highly sensitive trade secret or other proprietary business information, the disclosure of which is highly likely to cause immediate and significant harm to the business or competitive position of the producing Party or third party or to another party, or necessary to protect an individual's, including Plaintiff's, personal information, the disclosure of which is highly likely to cause immediate and significant harm (including but not limited to harm to that individual's reputation). Plaintiff alleges in this action that she has suffered reputational harm as a result of her termination and Defendants' unlawful actions; accordingly, Discovery Material she may produce concerning that reputational harm will be designated "AEO" in order to avoid any disclosure that could further the

reputational harm she has suffered. Relatedly, and for the avoidance of doubt, to the extent Defendants or third parties produce Discovery Material concerning Plaintiff's reputation or other sensitive personal information, Defendants and third parties agree to designate such material as AEO, and any dispute between or among the Parties and third parties regarding the AEO designation of those materials will be handled in accordance with Section 10 of this Protective Order.

5. With respect to the AEO or Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing Party or third party or that Party's or third party's counsel may designate such portion as "AEO" or "Confidential" by stamping or otherwise clearly marking as "AEO" or "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

6. With respect to deposition transcripts and exhibits, a producing Party or third party or that party's counsel may designate such portion as AEO or Confidential either by (a) indicating on the record during the deposition that a question calls for AEO or Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "AEO Information Governed by Protective Order" or "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated AEO or Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing Party or third party or that party's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated AEO.

7. If at any time prior to the trial of this action, a producing Party or third party realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as AEO or Confidential, such producing Party or third party may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as AEO or Confidential under the terms of this Protective Order.

8. No person subject to this Protective Order other than the producing Party or producing third party shall disclose any of the Discovery Material designated by the producing person as AEO to any other person whomever, except to the following "AEO Qualified Individuals":

a) the following counsel for the Parties: Ellen Blain, Nicole Gueron, Margaret Donovan, Deepa Vanamali, Tyler Becker, and Karen Lesperance; any career (non-

politically-appointed) attorneys employed at the Federal Programs Branch of the Department of Justice, Civil Division if necessary for purposes of providing litigation assistance or advice to counsel of record for the government; and any paralegal, clerical and other assistant employed by them and assigned to this matter;

b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that the counsel noted immediately above hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such outside vendors and service providers have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

c) as to any AEO document, its author, its addressee and any other person indicated on the face of the AEO document as having received a copy;

d) as to any witness who counsel for a Party calls to testify at trial or deposition, counsel shall meet and confer to determine whether disclosure of any AEO materials to that witness is appropriate, based on whether any such materials will be shown to that witness during trial or deposition; if the witness will be shown any such material, the witness must first execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e) any independent, non-politically appointed person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f) stenographers engaged to transcribe depositions conducted in this action; and

g) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. No person subject to this Protective Order other than the producing Party or third party shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomever, except to the following "Confidential Qualified Individuals":

a) the Parties to this action;

b) counsel for the Parties, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such outside vendors and service providers have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

e) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g) stenographers engaged to transcribe depositions conducted in this action; and

h) this Court, including any appellate court, and the court reporters and support personnel for the same

10. Any Party who objects to any other Party or third party's designation of "Confidential" or "AEO," or objects to any other Party or third party's failure to designate Discovery Material as "Confidential" or "AEO," may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Sections 3.D or 7 of Judge Furman's Individual Rules and Practices in Civil Cases.

11. Nothing in this Protective Order will prevent any person subject to it from producing any AEO or Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing

Party or third party to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party or third party deems it appropriate to do so.

12. All persons seeking to file Confidential Discovery Material with the Court, including in connection with raising disputes contesting the designation of such material, shall redact or seek leave to file such documents under seal in accordance with Section 7 of Judge Furman's Individual Rules and Practices in Civil Cases, as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York.

13. All persons seeking to file AEO Discovery Material with the Court, including in connection with raising disputes contesting the designation of such material, shall seek leave to file such documents under seal in accordance with Section 7 of Judge Furman's Individual Rules and Practices in Civil Cases, as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York.

14. All counsel, as well as each person who is subject to this Protective Order and has access to Discovery Material that has been designated as AEO or Confidential, shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Party or third party who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the Party or third party receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing Party or third party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving Party's or third party's failure to appropriately protect PII from unauthorized disclosure.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "AEO" or "Confidential," and all copies thereof, shall be promptly returned to the producing Party or third party, or, upon permission of the producing Party or third party, destroyed, except that counsel identified in Section 8(a) of this Protective Order may retain a copy of Discovery Material in compliance with their own professional obligations.

17. All Parties or third parties subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all Parties or third parties subject to this

Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

TODD BLANCHE
Attorney General
BRETT A. SHUMATE
Assistant Attorney General
TYLER J. BECKER
Counsel to the Assistant Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney
Northern District of New York

By: */s/ Karen Lesperance*
Karen Folster Lesperance
Assistant United States Attorney
*Acting Under Authority Conferred*
*by 28 U.S.C. § 515*

*Attorneys for the United States*

CLARICK GUERON REISBAUM LLP

By: */s/ Ellen Blain*
Nicole Gueron
Ellen Blain
Deepa Vanamali
41 Madison Avenue
New York, NY 10010
Tel: (212) 633-4310
Fax: (646) 478-9484
ngueron@cgr-law.com
eblain@cgr-law.com
dvanamali@cgr-law.com

KOSKOFF KOSKOFF & BIEDER, PC
Margaret M. Donovan
350 Fairfield Ave.
Bridgeport, CT 06604
Tel: (203) 336-4421

Fax: (203) 368-3244
mdonovan@koskoff.com

*Attorneys for Plaintiff Maurene Comey*

SO ORDERED:

JESSE M. FURMAN
United States District Judge

Dated: October 14, 2026

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAURENE COMEY,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE OF THE PRESIDENT; FRANCEY HAKES in her official capacity as the Director of the Executive Office for the United States Attorneys; PAMELA J. BONDI in her official capacity as Attorney General of the United States Department of Justice; EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS; OFFICE OF PERSONNEL MANAGEMENT; and THE UNITED STATES OF AMERICA,

Defendants.

Case No: 25-cv-07625 (JMF)

**NON-DISCLOSURE AGREEMENT**

I, ________________________, acknowledge that I have read and understand the Stipulation and Privacy Act and Protective Order (the "Protective Order") in this action governing the non disclosure of those portions of Discovery Material that have been designated as Attorneys' Eyes Only ("AEO") or Confidential. I agree that I will not disclose such AEO or Confidential Discovery Material to any other person; that I will not use such AEO or Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _________________ ________________________________