**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAURENE COMEY,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE OF THE PRESIDENT; FRANCEY HAKES in her official capacity as the Director of the Executive Office for United States Attorneys; TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice; EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS; OFFICE OF PERSONNEL MANAGEMENT; and THE UNITED STATES OF AMERICA,

Defendants.

Civil Action No: 25-cv-07625

Hon. Jesse M. Furman

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AS TO WHY COUNT FOUR SHOULD NOT BE DISMISSED**

CLARICK GUERON REISBAUM LLP
Nicole Gueron
Ellen Blain
Deepa Vanamali
41 Madison Avenue
New York, NY 10010
Tel.: (212) 633-4310
ngueron@cgr-law.com
eblain@cgr-law.com
dvanamali@cgr-law.com

KOSKOFF KOSKOFF & BIEDER, PC
Margaret M. Donovan
350 Fairfield Ave.
Bridgeport, CT 06604
Tel: (203) 336-4421
mdonovan@koskoff.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................ 1
ARGUMENT ........................................................................................ 3
I. The Court Should Enter Partial Judgment on Counts 1-3 and 5-10 Under Rule 54(b) and Stay Count 4 ........................................................................................ 3
A. Applicable Standards ........................................................................................ 3
B. Partial Final Judgment Should Be Entered Under Rule 54(b) ................................ 4
1. Partial Judgment Meets the Finality Requirement of 28 U.S.C. § 1291 ..... 4
2. Entering Partial Judgment Meets the Requirements of Rule 54(b) ............ 8
II. Dismissal With Prejudice Is Inappropriate ........................................................ 10
III. Request for Final Judgment on Counts 1-3 and 5-10 ........................................ 11
CONCLUSION ........................................................................................ 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*,
769 F.3d 135 (2d Cir. 2014)....8, 9

*Banks v. Travelers Cos.*,
180 F.3d 358 (2d Cir. 1999)....11

*Chamber of Com. of U.S. v. Lierman*,
90 F.4th 679 (4th Cir. 2024)....3

*Comey v. United States Dep't of Just.*,
No. 25-CV-7625 (JMF), 2026 WL 3203254 (S.D.N.Y. Oct. 26, 2026)....1, 2

*In re Coudert Bros. LLP*,
574 F. App'x 15 (2d Cir. 2014)....3

*Expressions Hair Design v. Schneiderman*,
No. 13-CV-3775 (JSR), 2013 WL 7203883 (S.D.N.Y. Nov. 4, 2013),
*vacated on other grounds*, 803 F.3d 94 (2d Cir. 2015)
*vacated on other grounds*, 808 F.3d 118 (2d Cir. 2015)....7, 10

*Green v. Dep't of Educ. of City of New York*,
16 F.4th 1070 (2d Cir. 2021)....10

*Hogan v. Consol Rail Corp.*,
961 F.2d 1021 (2d Cir. 1992)....8

*Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*,
891 F.2d 414 (2d Cir. 1989)....7

*Jenkins v. Miller*,
No. 12-CV-184, 2025 WL 2254194 (D. Vt. Aug. 7, 2025)....9

*In re Kwok*,
172 F.4th 145 (2d Cir. 2026)....7

*Linde v. Arab Bank, PLC*,
882 F.3d 314 (2d Cir. 2018)....4, 8

*Scottsdale Ins. Co. v. McGrath*,
88 F.4th 369 (2d Cir. 2023)....9

*Soule v. Conn. Ass'n of Schs., Inc.*,
90 F.4th 34 (2d Cir. 2023)....11

*Srour v. New York City*,
117 F.4th 72 (2d Cir. 2024) ....................................................................................10

*Zivkovic v. Laura Christy LLC*,
137 F.4th 73 (2d Cir. 2025) ............................................................................... *passim*

**Other Authorities**

10 Fed. Prac. & Proc. Civ. § 2657 (4th ed.)..........................................................................8

28 U.S.C. § 542 Article II ......................................................................................................6

28 U.S.C. § 1291 ...............................................................................................................3, 4

Federal Labor Standards Act ..............................................................................................5, 7

Fed. R. Civ. P. Rule 33 .........................................................................................................10

Fed. R. Civ. P. Rule 36 .........................................................................................................10

Fed. R. Civ. P. Rule 54(b)............................................................................................ *passim*

Local Civil Rule 33.3 ...........................................................................................................10

New York Labor Law .......................................................................................................5, 7

U.S. Const. amend. I ..................................................................................................... *passim*

U.S. Const. Art. III. sec. 3, cl. 2 .......................................................................................1, 10

Plaintiff Maurene Comey respectfully submits this memorandum of law in response to the Court's Order to Show Cause as to why Court Four should not be dismissed.

## PRELIMINARY STATEMENT

Ms. Comey more than adequately pled that Defendants violated her First Amendment rights: she was fired because her father is James Comey. Defendants thus violated the Framers' prohibition against punishing Americans for perceived political affiliation[1] or for "Corruption of Blood," U.S. Const. Art. III. sec. 3, cl. 2, and, as this Court found, Defendants also violated the bedrock principle of separation of powers, the Fifth Amendment, and the Civil Service Reform Act.

On October 26, 2026 (ECF No. 96), the Court granted judgment on the pleadings as to nine of Plaintiff's ten claims and directed Plaintiff to show cause why her First Amendment Claim (Count 4) should not be dismissed since she has "likely" now received all of the relief she would be entitled to if she prevailed on that count. *See Comey v. United States Dep't of Just.*, No. 25-CV-7625 (JMF), 2026 WL 3203254, at *24 (S.D.N.Y. Oct. 26, 2026) ("Decision") (granting Plaintiff's motion for partial judgment on the pleadings as to Counts 1, 2, 5, and 6; denying Plaintiff's motion as to Count 3; granting Defendants' motion for judgment on the pleadings as to Count 3; dismissing Counts 7, 8, 9, and 10). Of note, the Court dismissed Claims 7 and 8 (liberty-based due process claims) as "moot" because the Court granted judgment to Ms. Comey on her other, property-based due process claims (Claims 5 and 6), and she "identifies no

[1] Defendants continue to paint Ms. Comey as a political enemy. Just yesterday, DOJ's "Rapid Response" X account posted, in response to a letter from Congressional Democrats seeking information about Jeffrey Epstein: "lest we forget, it was only under President Trump that Jeffrey Epstein and Ghislaine Maxwell were prosecuted. Democrats didn't care about Epstein for years, including the time that they oversaw these investigations, under the leadership of Maureen [sic] Comey and Merrick Garland." (*Available at*: https://x.com/DOJRR47/status/2123467620636598671?s=20.)

additional relief that could be given[.]" *Id.* at *22. The Court granted Ms. Comey retroactive reinstatement, back pay, several forms of equitable relief, and declaratory judgment.

In light of the Court's statement that "declaratory relief is intended to operate prospectively," Plaintiff agrees that the First Amendment claim, like the dismissed due process claims, cannot *now* provide additional relief beyond the relief the Court has already ordered. However, Ms. Comey's request for relief under the First Amendment would not be moot if the Decision were reversed on appeal. Nevertheless, in the interest of judicial efficiency and given the significant public interest in this matter – including the benefit it would provide to all Assistant United States Attorneys if the Decision were affirmed on appeal – Ms. Comey will not pursue her First Amendment claim if (a) Defendants do not seek an appeal or (b) the Decision is affirmed on appeal.

Accordingly, Ms. Comey respectfully requests that the Court find that there is no just reason to delay entering judgment on Counts 1-3 and 5-10 pursuant to Federal Rule of Civil Procedure 54(b), and stay Count 4 pending appeal, if any. *See id.* at *52 (citing *Metro. Transp. Auth. v. Duffy*, No. 25-CV-1413 (LJL), 2026 WL 588117, at *63 (S.D.N.Y. Mar. 3, 2026) (dismissing remaining claims as moot); *Expressions Hair Design v. Schneiderman*, No. 13-CV-3775 (JSR), 2013 WL 7203883, at *1 (S.D.N.Y. Nov. 4, 2013) (entering Rule 54(b) judgment where plaintiffs agreed to not pursue antitrust claims if they prevailed on appeal on constitutional claims), *vacated on other grounds*, 803 F.3d 94 (2d Cir. 2015), and *vacated on other grounds*, 808 F.3d 118 (2d Cir. 2015)). Alternatively, the Court should dismiss Count 4 as moot or proceed to discovery, but in no event dismiss with prejudice.

# ARGUMENT

While Ms. Comey's remedies for prevailing on her First Amendment claim may now be moot given the judgment in her favor on Counts 1, 2, 5, and 6, her remedies under the First Amendment would be live and necessary if the Decision is reversed on appeal. *See Chamber of Com. of U.S. v. Lierman*, 90 F.4th 679, 688 (4th Cir. 2024) (cause of action previously deemed moot is "unquestionably live" where the prior judgment had been vacated); *In re Coudert Bros. LLP*, 574 F. App'x 15, 17 (2d Cir. 2014) (remanding to the district court to consider whether claims previously dismissed as "duplicative and unnecessary . . . should be revived" in light of new case law). Count 4 should therefore be stayed pending appeal, and dismissed as moot only if this Court's ruling is affirmed.

## I. The Court Should Enter Partial Judgment on Counts 1-3 and 5-10 Under Rule 54(b) and Stay Count 4

### A. Applicable Standards

28 U.S.C. § 1291 provides that courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

Federal Rule of Civil Procedure 54(b) permits a district court to enter final judgment as to a subset of a party's claims:

> When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims[.]

Fed. R. Civ. P. 54(b). Three requirements must be satisfied: "(1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for

delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (cleaned up).

"It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal[.]" *Zivkovic v. Laura Christy LLC*, 137 F.4th 73, 81 (2d Cir. 2025) (cleaned up). A district court must consider "judicial administrative interests as well as the equities involved," and "preserv[e] the historic federal policy against piecemeal appeals." *Id.* Thus, the district court may "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

### B. Partial Final Judgment Should Be Entered Under Rule 54(b)

Plaintiff respectfully requests that the Court enter partial judgment under Rule 54(b), finding that there is no just reason to delay entry of judgment on Counts 1-3 and 5-10, and stay Count 4. If the Court's Decision is affirmed on appeal (or not appealed), she will then forego her First Amendment claim.

#### 1. Partial Judgment Meets the Finality Requirement of 28 U.S.C. § 1291

Ms. Comey recognizes that there is "a general policy against piecemeal appeals," and that the Second Circuit has "generally found § 1291 unsatisfied" where a "plaintiff receiving a decision that dismissed some but not all of his claims has sought immediate appellate review by voluntarily dismissing the other claims without prejudice." *Zivkovic*, 137 F.4th at 80, 82 (dismissing defendants' appeal for lack of finality where parties sought to preserve in district court claim that was identical to claim being appealed).

However, in this case, preserving the First Amendment claim if the Court's Decision is reversed on appeal does not risk piecemeal appeals, because it does not present the possibility of subsequent appeals of the same "case or controversy" – the heart of the Second Circuit's concern in *Zivkovic*. 137 F.4th at 81. In *Zivkovic*, plaintiffs brought wage-related claims against defendant restaurants under two substantially identical statutes, the New York Labor Law ("NYLL") and the Federal Labor Standards Act ("FLSA"); the lead plaintiff also brought an individual discrimination claim. The district court charged the jury on the NYLL claims but not the FLSA claims because "liability with respect to [the NYLL claims] would establish liability under the FLSA and there can be no double recovery." 137 F.4th at 78. After the jury found for plaintiffs on the NYLL claim, the district court entered judgment pursuant to Rule 54(b): conditionally dismissing the "FLSA claims as moot in light of the judgment in [plaintiffs'] favor on the NYLL claims without prejudice to reinstatement" if the judgment on the NYLL claims were reversed on appeal. *Id.* at 79. The circuit found that the judgment lacked the finality necessary for appeal because "it is undisputed that the NYLL and FLSA claims form part of the same case or controversy" – such that if plaintiffs were to lose the NYLL claims on appeal, they could nevertheless resurrect an "overlapping" claim under the guise of a different statute. *Id.* at 81-84. This "conditional dismissal placed plaintiffs in a win-win situation, allowing them to appeal the NYLL aspect of the case without a final resolution of their overlapping FLSA claims, and allowing them to pursue their overlapping FLSA and NYLL claims even if they lose on appeal." *Id.* at 84.

Here, by contrast, entering judgment on Counts 1-3 and 5-10 and staying Count 4 does not result in a "win-win" for Ms. Comey. That is because, unlike in *Zivkovic*, the claims are not "overlapping." Counts 1-3 and 5-10 "turn largely on a pure question of law" (Decision at *14)

based on Defendants' admissions: whether Article II, 28 U.S.C. § 542, or the CSRA permit Defendants to fire Ms. Comey without cause or process in violation of the CSRA. The First Amendment claim "raise[s] separate issues" (*id.*): whether Defendants' actual reasons for firing Ms. Comey, to be ascertained through discovery or party admissions, violate the First Amendment. The first question examines procedure and requires legal analysis only; the second question examines motive and requires fact discovery. Unlike in *Zivkovic*, where the parties presented their full merits cases to a jury and the defendants risked a bait-and-switch appellate outcome, a stay here prevents unnecessary litigation of constitutional issues while also preserving Ms. Comey's ability to pursue a properly pled cause of action should the currently "duplicative" relief be reversed on appeal.

In other words, if this Court's decision were *reversed* on appeal and the parties litigated the First Amendment claim, the Court (and any appellate court) would evaluate entirely different factual and legal questions: whether Ms. Comey was fired for perceived political beliefs or familial association in violation of the First Amendment, and whether any provision in the Constitution or federal law permitted Defendants to do so. Conversely, if this Court's decision were *affirmed* on appeal, Ms. Comey would forgo her First Amendment claim and the case would be closed. Thus, under either outcome – unlike the plaintiffs in *Zivkovic* – Ms. Comey would not get two tries at litigating the same issue.

Accordingly, Counts 1-3 and 5-10 are "separable from the [one count] remaining to be adjudicated," and "the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Zivkovic*, 137 F.4th at 78; *see also id.* at 84 (noting that, "not surprisingly, the [district] court found no significant overlap and no commonality of the issues that would arise in successive

appeals of" plaintiff's national origin discrimination claims versus the NYLL claims)[2]; *see also Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989) ("When the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court[,] the certified claims may be considered separate claims under Rule 54(b)."); *Expressions Hair Design*, 2013 WL 7203883, at *1 (whether statute violated plaintiff's constitutional rights presents "legal issues that are independent of" whether statute was preempted by the Sherman Antitrust Act, requiring a distinct "fact[ual] analysis"); *cf. In re Kwok*, 172 F.4th 145 (2d Cir. 2026) (finality satisfied where Trustee agreed to dismiss remaining claim with prejudice as all claims concerned the same fully-adjudicated facts – whether yacht was part of debtor's estate – but posed different legal theories). Ms. Comey's agreement to stay and forgo her First Amendment claim if she prevails on appeal "may avert further litigation on [the First Amendment] claim, thereby avoiding the high costs of fact . . . discovery, motion practice, and potentially a trial," such that entry of a final judgment on all other claims "will be efficient and fair for the court and the parties." *Expressions Hair Design*, 2013 WL 7203883, at *1.

[2] *Zivkovic* is also distinguishable because it turns in part on a question of subject matter jurisdiction not present here: namely, the district court had supplemental jurisdiction over the NYLL claims only because plaintiffs asserted FLSA claims, which the parties then agreed not to try.

### 2. Entering Partial Judgment Meets the Requirements of Rule 54(b)

Entering judgment on Counts 1-3 and 5-10, and staying Count 4, meets all three Rule 54(b) factors: (1) this matter involves multiple claims; (2) at least one claim has been finally determined (all claims but Count 4); and (3) there is no just reason to delay entering judgment on the resolved claims. *See Linde*, 882 F.3d at 322-23.

A court may grant Rule 54(b) certification and "enter final judgment dismissing a given claim [where] that claim is separable from the claims that survive." *Hogan v. Consol Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992). The Second Circuit "has articulated several standards to aid in determining whether claims are separate for Rule 54(b) purposes." *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 141 (2d Cir. 2014). For example, "[w]hen the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court," the claims can "be considered separate claims under Rule 54(b)." *Id.* A court may "examine the relationships among a plaintiff's theories of recovery to determine whether they 'lend themselves to review as single units, or whether they are so interrelated and dependent upon each other as to be one indivisible whole.'" *Id.* (citation omitted). A court may also examine whether the different claims provide duplicative relief. *See id.* ("when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, there exists only a single claim for relief") (cleaned up); *see also* 10 Fed. Prac. & Proc. Civ. § 2657 (4th ed.).

Here, Ms. Comey asserts different claims based on different conduct. The Court granted her separation of powers, Fifth Amendment, and CSRA claims based on Defendants' failure to follow the CSRA's requirements when firing her; she brings a First Amendment claim based on Defendants' unlawful motivation in firing her, regardless of the process they used when doing so. Those two sets of claims are based on different facts (one is purely legal and one is factual),

they present different legal theories (as outlined above), and they offer distinct forms of relief (because the First Amendment claim does not provide for money damages). Claims 1-3 and 5-10 are thus "based upon factual and legal questions that are distinct" from the factual and legal questions presented by the First Amendment claim, and they can "be considered separate claims under Rule 54(b)." *Acumen*, 769 F.3d at 141 (finding no appellate jurisdiction where all claims concerned whether defendant's "calculations [under the contract] were correct," and where plaintiff "presented its five theories as a single count (for breach of contract) and offered one measure of damages (contingent commissions due under the Agreements)").

Therefore, "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Zivkovic*, 137 F.4th 81; *see also Jenkins v. Miller*, 2025 WL 2254194, at *2 (D. Vt. Aug. 7, 2025) (granting Rule 54(b) partial judgment on: (1) ruling plaintiff's claims untimely against certain defendants because "any subsequent appeal by a different party would not require the Second Circuit to address that same question 'more than once,'" and (2) summary judgment ruling as to certain defendants, because even though "the record reflected certain core facts common to all Defendants," the "legal and factual analyses were distinct"); *cf. Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 377-79 (2d Cir. 2023) (finality lacking where, among other things, party "*might*" not pursue remaining claims; while Rule 54(b) judgment "purports to hold Scottsdale liable for breaching its duty to defend McGrath, Scottsdale *could continue to dispute its liability on remand even if it loses its appeal*") (first emphasis in original).

*Second*, staying the First Amendment claim potentially avoids constitutional and procedural disputes regarding executive privilege and depositions of current and former high-

level government officials. *See Expressions Hair Design*, 2013 WL 7203883, at *2 (agreement to not pursue claim if prevail on appeal "may avert further" costly and burdensome litigation").

*Third*, there is no just reason for delay. The Court has found that Ms. Comey's firing was unlawful. Entering partial judgment on Claims 1, 2, 5, and 6 would grant Plaintiff the relief to which she is entitled promptly rather than potentially years from now after conducting discovery, likely additional motion practice, and a trial on her First Amendment claim.

## II. Dismissal With Prejudice Is Inappropriate

Should the Court disagree with the analysis above, it should proceed to discovery or – at most – dismiss Claim 4 as moot (as it did with Counts 7 and 8), and in any event, not dismiss Count 4 with prejudice.[3] Under Article III, "when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Srour v. New York City*, 117 F.4th 72, 81 (2d Cir. 2024) (cleaned up). There is no basis to dismiss Count 4 with prejudice without first knowing whether subject matter jurisdiction will be forever lacking, much less before addressing the claim on the merits. *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is lacking, 'the district court lacks the power to adjudicate the merits of the case,' and accordingly 'Article III deprives federal courts of the power to dismiss [the] case with prejudice.'") (citation omitted). As outlined above, should a higher court vacate

[3] Ms. Comey acknowledges that Claim 4 could raise "thorny constitutional issues . . . such as executive privilege." Decision at *23. Should discovery ultimately proceed on the First Amendment claim, Ms. Comey would attempt to allay those concerns as much as possible by first interposing Rule 36 requests for admission and, if necessary, contention interrogatories under Rule 33 and SDNY Local Civil Rule 33.3, on the limited questions of fact relevant to her First Amendment claim. Defendants' responses might thus avert difficult discovery issues and allow the parties to proceed more swiftly to summary judgment or trial.

this Court's judgment, no "duplicative" relief will remain, and Ms. Comey should then be permitted to pursue her First Amendment claim.

### III. Request for Final Judgment on Counts 1-3 and 5-10

Plaintiff respectfully requests that the Court enter final judgment in Ms. Comey's favor on Counts 1-3 and 5-10 and grant the relief outlined in the Decision, which includes back pay, declaratory judgment, and injunctive and equitable relief in the form of restoration of pension benefits, restoration of employee contributions to the pension plan, amendment to her service tenure, and correction and revision of her personnel files. *See* Decision at *48; *Soule v. Conn. Ass'n of Schs., Inc.*, 90 F.4th 34, 47-51 (2d Cir. 2023) (granting injunctive relief to alter student athletic records where plaintiffs were denied equal opportunity to compete); *Banks v. Travelers Cos.*, 180 F.3d 358, 365 (2d Cir. 1999) ("we have squarely held that 'lost pension rights . . . fall within the category of equitable relief'") (citing *Geller v. Markham*, 635 F.2d 1027, 1036 (2d Cir. 1980)). Ms. Comey is not seeking costs or attorney's fees, and she will submit a Proposed Order via ECF.

## CONCLUSION

For the above-stated reasons, Plaintiff respectfully requests that the Court find that there is no just reason to delay entering judgment on all Counts except Count Four pursuant to Rule 54(b), and stay Count 4, or alternatively, proceed to discovery or dismiss it as moot.

Dated: November 20, 2026
New York, New York

CLARICK GUERON REISBAUM LLP

By: */s/Ellen Blain*_____________
Nicole Gueron
Ellen Blain
Deepa Vanamali
41 Madison Avenue
New York, NY 10010
Tel: (212) 633-4310

Fax: (646) 478-9484
nguеron@cgr-law.com
eblain@cgr-law.com
dvanamali@cgr-law.com

KOSKOFF KOSKOFF & BIEDER, PC
Margaret M. Donovan
350 Fairfield Ave.
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com

*Attorneys for Plaintiff Maurene Comey*

**CERTIFICATE OF COMPLIANCE**

Ellen Blain, pursuant to this Court's Decision (ECF No. 96), undersigned counsel for Plaintiff Maurene Comey hereby certifies that the number of words within the attached memorandum of law, excluding the caption, table of contents, table of authorities, and signature block, is 3,445 according to the word-processing system used to prepare the aforesaid document.

Dated: November 20, 2026
New York, New York

*/s/Ellen Blain*
Ellen Blain